**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| APPLIANCE COMPUTING III, INC. d/b/a SURFIELD,<br><br>    Plaintiff,<br><br>v.<br><br>REDFIN CORPORATION,<br><br>    Defendant. | §§§§§§§§§§§<br><br>Case No. 6:20-cv-00376-ADA |

# **DEFENDANT REDFIN CORPORATION'S AMENDED ANSWER TO COMPLAINT**

## I.  NATURE OF THE ACTION

1.  Redfin admits that the complaint concerns allegations of infringement of United States Patent Nos. 9,836,885; 10,102,673; 10,510,111; and 10,592,973. Redfin denies all other allegations of Paragraph 1.

## II.  PARTIES

2.  Redfin is without sufficient information to admit or deny the allegations of Paragraph 2, and on that basis, Redfin denies all allegations of Paragraph 2.

3.  Redfin admits that it is a corporation organized and existing under the laws of the State of Delaware. Redfin admits that it maintains a place of business at 4030 West Braker Lane, Building 5, Suite 510, Austin, Texas 78759. Redfin admits that National Registered Agents, Inc., 1990 Bryan Street, Suite 900, Dallas, Texas 75201-3136 is its registered agent for service of process in the State of Texas. Redfin denies all other allegations of Paragraph 3.

## III.  JURISDICTION AND VENUE

4.  Redfin admits the factual allegations of Paragraph 4.

5.     Redfin denies that it resides in the Western District of Texas. Redfin denies that it has "committed acts of infringement in this judicial district." Redfin admits that it maintains regular places of business in the Western District of Texas. Redfin denies all other allegations of Paragraph 5 that it has not specifically admitted.

6.     Redfin admits that it has places of business in Austin, Texas; San Antonio, Texas; Frisco, Texas; and Houston, Texas. Redfin denies all other allegations of Paragraph 6.

## IV.   FACTS

### A.   Redfin's Founding

7.     Redfin is without sufficient information to admit or deny any allegation of Paragraph 7, and on that basis, Redfin denies all allegations of Paragraph 7.

8.     Redfin is without sufficient information to admit or deny any allegation of Paragraph 8, and on that basis, Redfin denies all allegations of Paragraph 8.

9.     Redfin is without sufficient information to admit or deny any allegation of Paragraph 9, and on that basis, Redfin denies all allegations of Paragraph 9.

10.    Redfin admits that in July 2006 Redfin received the Innovator of the Year award from Inman News. Redfin is without sufficient information to admit or deny any other allegation of Paragraph 10, and on that basis, Redfin denies all allegations of Paragraph 10 that it has not specifically admitted.

### B.   David Eraker's Intellectual Property Contributions To Redfin

11.    Redfin admits the allegations of Paragraph 11.

12.    Redfin is without sufficient information to admit or deny any allegation of Paragraph 12, and on that basis, Redfin denies all allegations of Paragraph 12.

13.    Redfin admits the allegations of Paragraph 13.

14. Redfin is without sufficient information to admit or deny any allegation of Paragraph 14, and on that basis, Redfin denies all allegations of Paragraph 14.

15. Redfin is without sufficient information to admit or deny any allegation of Paragraph 15, and on that basis, Redfin denies all allegations of Paragraph 15.

16. Redfin is without sufficient information to admit or deny any allegation of Paragraph 16, and on that basis, Redfin denies all allegations of Paragraph 16.

17. Redfin denies all allegations of Paragraph 17.

18. Redfin admits the allegations of Paragraph 18.

19. Redfin admits the allegations of Paragraph 19.

20. Redfin admits the allegations of Paragraph 20.

**C.   Surefield's Patented 3D Rendering Technology**

21. Redfin is without sufficient information to admit or deny any allegation of Paragraph 21, and on that basis, Redfin denies all allegations of Paragraph 21.

22. Redfin is without sufficient information to admit or deny any allegation of Paragraph 22, and on that basis, Redfin denies all allegations of Paragraph 22.

23. Redfin is without sufficient information to admit or deny any allegation of Paragraph 23, and on that basis, Redfin denies all allegations of Paragraph 23.

24. Redfin is without sufficient information to admit or deny any allegation of Paragraph 24, and on that basis, Redfin denies all allegations of Paragraph 24.

25. Redfin is without sufficient information to admit or deny any allegation of Paragraph 25, and on that basis, Redfin denies all allegations of Paragraph 25.

26. Redfin admits that Mr. Eraker is stated as a named inventor of United States Patent No. 9,836,885. Redfin admits that Mr. Eraker is stated as a named inventor of United

States Patent No. 10,102,673.  Redfin admits that Mr. Eraker is stated as a named inventor of United States Patent No. 10,510,111.  Redfin admits that Mr. Eraker is stated as a named inventor of United States Patent No. 10,592,973.  Redfin denies all other allegations of Paragraph 26.

27.     Redfin admits that each of U.S. Patent Nos. 9,836,885; 10,102,673; 10,510,111; and 10,592,973 is entitled "Image-Based Rendering of Real Spaces."  Redfin denies all the claims of each of U.S. Patent Nos. 9,836,885; 10,102,673; 10,510,111; and 10,592,973 are valid.  Redfin is without sufficient information to admit or deny any other allegation of Paragraph 27, and on that basis, Redfin denies all allegations of Paragraph 27 that it has not specifically admitted.

28.     Each of the Patents-In-Suit speaks for itself.  Redfin need not admit or deny the allegations of Paragraph 28.

29.     Redfin admits that the specification of each of U.S. Patent Nos. 9,836,885; 10,102,673; 10,510,111; and 10,592,973 states "have not eliminated the need to physically go to the property to understand how it is laid out."  Redfin admits that the specification of each of U.S. Patent Nos. 9,836,885; 10,102,673; 10,510,111; and 10,592,973 states "without physically visiting the property to look at it, the property can only be seen from the viewpoint of the photographer and the lack of spatial navigation."  Redfin denies all allegations of Paragraph 29 that it has not specifically admitted.

30.     Redfin denies all allegations of Paragraph 30.

31.     Redfin admits that the specification of each of U.S. Patent Nos. 9,836,885; 10,102,673; 10,510,111; and 10,592,973 states "in an attempt to allow the viewer to have more control over what he can observe, some real estate websites have used panorama cameras to take

panoramic photos of the properties." Redfin admits that the specification of each of U.S. Patent Nos. 9,836,885; 10,102,673; 10,510,111; and 10,592,973 states "the location of the viewpoint [was] still restricted to the location at which the panorama photo was taken." Redfin denies all allegations of Paragraph 31 that it has not specifically admitted.

32.     Redfin is without sufficient information to admit or deny any allegation of Paragraph 32, and on that basis, Redfin denies all allegations of Paragraph 32.

33.     Redfin admits that the '885 patent has 18 claims, of which claims 1 and 10 are independent claims. Redfin denies all allegations of Paragraph 33 that it has not specifically admitted.

34.     Redfin denies all allegations of Paragraph 34.

35.     Redfin denies all allegations of Paragraph 35.

36.     Redfin denies all allegations of Paragraph 36

37.     Redfin denies all allegations of Paragraph 37.

38.     Redfin denies all allegations of Paragraph 38.

39.     Redfin denies all allegations of Paragraph 39.

40.     Redfin denies all allegations of Paragraph 40.

41.     Redfin denies all allegations of Paragraph 41.

42.     Redfin admits that Paragraph 42 accurately quotes a portion of claim 1 of the '885 patent. Redfin denies all allegations of Paragraph 42 that it has not specifically admitted.

43.     Redfin admits that the '673 patent has 19 claims, of which claims 1, 10, and 13 are independent claims. Redfin denies all allegations of Paragraph 43 that it has not specifically admitted.

44. Redfin admits that Paragraph 44 accurately quotes a portion of claim 1 of the '673 patent. Redfin denies all allegations of Paragraph 44 that it has not specifically admitted.

45. Redfin admits that Paragraph 45 accurately quotes a portion of claim 1 of the '673 patent. Redfin denies all allegations of Paragraph 45 that it has not specifically admitted.

46. Redfin admits that Paragraph 46 accurately quotes a portion of claim 1 of the '673 patent. Redfin denies all allegations of Paragraph 46 that it has not specifically admitted.

47. Redfin admits that Paragraph 47 accurately quotes a portion of claim 1 of the '673 patent. Redfin denies all allegations of Paragraph 47 that it has not specifically admitted.

48. Redfin admits that Paragraph 48 accurately quotes a portion of claim 1 of the '673 patent. Redfin denies all allegations of Paragraph 48 that it has not specifically admitted.

49. Redfin denies all allegations of Paragraph 49.

50. Redfin denies all allegations of Paragraph 50.

51. Redfin denies all allegations of Paragraph 51.

52. Redfin admits that the '111 patent has 23 claims, of which claims 1 and 18 are independent claims. Redfin denies all allegations of Paragraph 52 that it has not specifically admitted.

53. Redfin admits that Paragraph 53 accurately quotes a portion of claim 1 of the '111 patent. Redfin denies all allegations of Paragraph 53 that it has not specifically admitted.

54. Redfin admits that Paragraph 54 accurately quotes a portion of claim 1 of the '111 patent. Redfin denies all allegations of Paragraph 54 that it has not specifically admitted.

55. Redfin admits that Paragraph 55 accurately quotes a portion of claim 1 of the '111 patent. Redfin denies all allegations of Paragraph 55 that it has not specifically admitted.

56. Redfin denies all allegations of Paragraph 56.

57. Redfin admits that Paragraph 57 accurately quotes a portion of claim 1 of the '111 patent. Redfin denies all allegations of Paragraph 57 that it has not specifically admitted.

58. Redfin admits that the '973 patent has 23 claims, of which claims 1 and 18 are independent claims. Redfin denies all allegations of Paragraph 58 that it has not specifically admitted.

59. Redfin admits that Paragraph 59 accurately quotes a portion of claim 1 of the '973 patent. Redfin denies all allegations of Paragraph 59 that it has not specifically admitted.

60. Redfin admits that Paragraph 60 accurately quotes a portion of claim 1 of the '973 patent. Redfin denies all allegations of Paragraph 60 that it has not specifically admitted.

61. Redfin admits that Paragraph 61 accurately quotes a portion of claim 1 of the '973 patent. Redfin denies all allegations of Paragraph 61 that it has not specifically admitted.

62. Redfin admits that Paragraph 62 accurately quotes a portion of claim 1 of the '973 patent. Redfin denies all allegations of Paragraph 62 that it has not specifically admitted.

63. Redfin admits that Paragraph 63 accurately quotes a portion of claim 1 of the '973 patent. Redfin denies all allegations of Paragraph 63 that it has not specifically admitted.

64. Redfin admits that Paragraph 64 accurately quotes a portion of claim 1 of the '973 patent. Redfin denies all allegations of Paragraph 64 that it has not specifically admitted.

65. Redfin denies all allegations of Paragraph 65.

66. Redfin denies all allegations of Paragraph 66.

**D.**     **Redfin's [Alleged] Willful Infringement of the Patents-in-Suit**

67. Redfin denies the allegations of Paragraph 67.

68. Redfin denies all allegations of Paragraph 68.

69. Redfin denies all allegations of Paragraph 69.

70. Redfin is without sufficient information to admit or deny any allegation of Paragraph 70, and on that basis, Redfin denies all allegations of Paragraph 70.

71. Redfin denies all allegations of Paragraph 71.

72. Redfin admits that it received notice of the Patents-In-Suit as of service of the Complaint. Redfin denies all allegations of Paragraph 72 that it has not specifically admitted.

## V. CAUSES OF ACTION

### Cause of Action No. 1: [Alleged] Infringement of the '885 Patent by Redfin

73. Redfin admits and denies all allegations of Paragraphs 1 – 72 of the Complaint as it admitted or denied such allegations in Paragraphs 1 – 72.

74. Redfin denies all allegations of Paragraph 74.

75. Redfin denies all allegations of Paragraph 75.

76. Redfin denies all allegations of Paragraph 76.

77. Redfin denies all allegations of Paragraph 77.

78. Redfin denies all allegations of Paragraph 78.

### Cause of Action No. 2: [Alleged] Infringement of the '673 Patent by Redfin

79. Redfin admits and denies all allegations of Paragraphs 1 – 78 of the Complaint as it admitted or denied such allegations in Paragraphs 1 – 78.

80. Redfin denies all allegations of Paragraph 80.

81. Redfin denies all allegations of Paragraph 81.

82. Redfin denies all allegations of Paragraph 82.

83. Redfin denies all allegations of Paragraph 83.

84. Redfin denies all allegations of Paragraph 84.

**Cause of Action No. 3: [Alleged] Infringement of the '111 Patent by Redfin**

85. Redfin admits and denies all allegations of Paragraphs 1 – 84 of the Complaint as it admitted or denied such allegations in Paragraphs 1 – 84.

86. Redfin denies all allegations of Paragraph 86.

87. Redfin denies all allegations of Paragraph 87.

88. Redfin denies all allegations of Paragraph 88.

89. Redfin denies all allegations of Paragraph 89.

90. Redfin denies all allegations of Paragraph 90.

**Cause of Action No. 4: [Alleged] Infringement of the '973 Patent by Redfin**

91. Redfin admits and denies all allegations of Paragraphs 1 – 90 of the Complaint as it admitted or denied such allegations in Paragraphs 1 – 90.

92. Redfin denies all allegations of Paragraph 92.

93. Redfin denies all allegations of Paragraph 93.

94. Redfin denies all allegations of Paragraph 94.

95. Redfin denies all allegations of Paragraph 95.

96. Redfin denies all allegations of Paragraph 96.

## VI.   JURY DEMAND

97. Paragraph 97 does not contain an allegation requiring a response by Redfin.

## VII.   PRAYER FOR RELIEF

Redfin denies that Plaintiff is entitled to any relief in this action, including, but not limited to, any of the requested relief.

## AFFIRMATIVE DEFENSES

### Non-Infringement

    1.      Redfin has not infringed any claim of U.S. Patent No. 9,836,885.

    2.      Redfin has not infringed any claim of U.S. Patent No. 10,102,673.

    3.      Redfin has not infringed any claim of U.S. Patent No. 10,510,111.

    4.      Redfin has not infringed any claim of U.S. Patent No. 10,592,973.

### Invalidity

    5.      One or more claims of U.S. Patent No. 9,836,885 are invalid under one or more of 35 U.S.C. sections 101, 102, or 103.

    6.      One or more claims of U.S. Patent No. 10,102,673 are invalid under one or more of 35 U.S.C. sections 101, 102, or 103.

    7.      One or more claims of U.S. Patent No. 10,510,111 are invalid under one or more of 35 U.S.C. sections 101, 102, or 103.

    8.      One or more claims of U.S. Patent No. 10,592,973 are invalid under one or more of 35 U.S.C. sections 101, 102, or 103.

    9.      One or more claims of U.S. Patent No. 9,836,885 are invalid under one or more of 35 U.S.C. sections 112.

    10.      One or more claims of U.S. Patent No. 10,102,673 are invalid under one or more of 35 U.S.C. sections 112.

    11.      One or more claims of U.S. Patent No. 10,510,111 are invalid under one or more of 35 U.S.C. sections 112.

    12.      One or more claims of U.S. Patent No. 10,592,973 are invalid under one or more of 35 U.S.C. sections 112.

**Estoppel**

13. Plaintiff's legal claims are barred in whole or in part by the doctrine of estoppel. By way of example, and without limitation, Plaintiff is estopped under the doctrines of prosecution history estoppel and/or prosecution history disclaimer, due to amendments of the claims of the asserted patents and/or related patents and/or arguments presented to the patent examiner during examination of the applications that issued as the asserted patents and/or related patents, from (1) asserting any construction of the claims of the asserted patents such that they would read on any product, system, or method of Redfin, or (2) extending the coverage of the claims of the asserted patents under the doctrine of equivalents such that they would read upon any product, system, or method of Redfin.

## COUNTERCLAIMS

1. Defendant brings this counterclaim for a declaratory judgment of non-infringement and invalidity.

## PARTIES

2. Defendant is a Delaware corporation with its principal place of business in Seattle, Washington.

3. On information and belief, Plaintiff is a Delaware corporation with its principal place of business in Seattle, Washington.

## JURISDICTION AND VENUE

4. These counterclaims arise under Title 35 of the United States Code, such that the Court has subject matter jurisdiction over them pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

5.      Plaintiff is subject to personal jurisdiction in this District because it has availed itself of this Court by filing this action in this District.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 on the same grounds that venue may be determined to be proper with respect to Plaintiff's patent infringement claims against Defendant.

**FIRST COUNTERCLAIM – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,836,885**

7.      Defendant realleges and incorporates by reference each and every allegation stated above in its Answer, Affirmative Defenses, and Counterclaims as if set forth fully herein.

8.      Defendant counterclaims against Plaintiff pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

9.      Plaintiff has alleged in this action that it is the owner of United States Patent No. 9,836,885 (the "'885 patent").

10.      Plaintiff has alleged in this action that Defendant has infringed one or more claims of the '885 patent, and has asserted a claim against Defendant in this action for alleged infringement of the '885 patent.

11.      An actual controversy exists between Plaintiff and Defendant by virtue of the allegations in Plaintiff's Complaint and Defendant's Answer and Affirmative Defenses as to Defendant's non-infringement of the claims of the '885 patent.

12.      Defendant has not infringed any claim of the '885 patent.

13.      Pursuant to the Declaratory Judgment Act, Defendant is entitled to a judicial declaration from the Court that Defendant does not infringe and has not infringed any valid and enforceable claim of the '885 patent.

## SECOND COUNTERCLAIM – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 9,836,885

14. Defendant realleges and incorporates by reference each and every allegation stated above in its Answer, Affirmative Defenses, and Counterclaims as if set forth fully herein.

15. Defendant counterclaims against Plaintiff pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

16. Plaintiff has alleged in this action that it is the owner of the '885 patent.

17. Plaintiff has alleged in this action that Defendant has infringed one or more claims of the '885 patent, and has asserted a claim against Defendant in this action for alleged infringement of the '885 patent.

18. An actual controversy exists between Plaintiff and Defendant by virtue of the allegations in Plaintiff's Complaint and Defendant's Answer and Affirmative Defenses as to the invalidity of the claims of the '885 patent.

19. Each and every claim of the '885 patent is invalid under one or more of 35 U.S.C. sections 101, 102, 103, and 112.

20. Pursuant to the Declaratory Judgment Act, Defendant is entitled to a judicial declaration from the Court that one or more claims of the '885 patent are invalid.

## THIRD COUNTERCLAIM – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,102,673

21. Defendant realleges and incorporates by reference each and every allegation stated above in its Answer, Affirmative Defenses, and Counterclaims as if set forth fully herein.

22. Defendant counterclaims against Plaintiff pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

23.     Plaintiff has alleged in this action that it is the owner of United States Patent No. 10,102,673 (the "'673 patent").

24.     Plaintiff has alleged in this action that Defendant has infringed one or more claims of the '673 patent, and has asserted a claim against Defendant in this action for alleged infringement of the '673 patent.

25.     An actual controversy exists between Plaintiff and Defendant by virtue of the allegations in Plaintiff's Complaint and Defendant's Answer and Affirmative Defenses as to Defendant's non-infringement of the claims of the '673 patent.

26.     Defendant has not infringed any claim of the '673 patent.

27.     Pursuant to the Declaratory Judgment Act, Defendant is entitled to a judicial declaration from the Court that Defendant does not infringe and has not infringed any valid and enforceable claim of the '673 patent.

### FOURTH COUNTERCLAIM – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 10,102,673

28.     Defendant realleges and incorporates by reference each and every allegation stated above in its Answer, Affirmative Defenses, and Counterclaims as if set forth fully herein.

29.     Defendant counterclaims against Plaintiff pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

30.     Plaintiff has alleged in this action that it is the owner of the '673 patent.

31.     Plaintiff has alleged in this action that Defendant has infringed one or more claims of the '673 patent, and has asserted a claim against Defendant in this action for alleged infringement of the '673 patent.

32. An actual controversy exists between Plaintiff and Defendant by virtue of the allegations in Plaintiff's Complaint and Defendant's Answer and Affirmative Defenses as to the invalidity of the claims of the '673 patent.

33. Each and every claim of the '673 patent is invalid under one or more of 35 U.S.C. sections 101, 102, 103, and 112.

34. Pursuant to the Declaratory Judgment Act, Defendant is entitled to a judicial declaration from the Court that one or more claims of the '673 patent are invalid.

### FIFTH COUNTERCLAIM – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,510,111

35. Defendant realleges and incorporates by reference each and every allegation stated above in its Answer, Affirmative Defenses, and Counterclaims as if set forth fully herein.

36. Defendant counterclaims against Plaintiff pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

37. Plaintiff has alleged in this action that it is the owner of United States Patent No. 10,510,111 (the "'111 patent").

38. Plaintiff has alleged in this action that Defendant has infringed one or more claims of the '111 patent, and has asserted a claim against Defendant in this action for alleged infringement of the '111 patent.

39. An actual controversy exists between Plaintiff and Defendant by virtue of the allegations in Plaintiff's Complaint and Defendant's Answer and Affirmative Defenses as to Defendant's non-infringement of the claims of the '111 patent.

40. Defendant has not infringed any claim of the '111 patent.

41. Pursuant to the Declaratory Judgment Act, Defendant is entitled to a judicial declaration from the Court that Defendant does not infringe and has not infringed any valid and enforceable claim of the '111 patent.

### SIXTH COUNTERCLAIM – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 10,510,111

42. Defendant realleges and incorporates by reference each and every allegation stated above in its Answer, Affirmative Defenses, and Counterclaims as if set forth fully herein.

43. Defendant counterclaims against Plaintiff pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

44. Plaintiff has alleged in this action that it is the owner of the '111 patent.

45. Plaintiff has alleged in this action that Defendant has infringed one or more claims of the '111 patent, and has asserted a claim against Defendant in this action for alleged infringement of the '111 patent.

46. An actual controversy exists between Plaintiff and Defendant by virtue of the allegations in Plaintiff's Complaint and Defendant's Answer and Affirmative Defenses as to the invalidity of the claims of the '111 patent.

47. Each and every claim of the '111 patent is invalid under one or more of 35 U.S.C. sections 101, 102, 103, and 112.

48. Pursuant to the Declaratory Judgment Act, Defendant is entitled to a judicial declaration from the Court that one or more claims of the '111 patent are invalid.

### SEVENTH COUNTERCLAIM – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,592,973

49. Defendant realleges and incorporates by reference each and every allegation stated above in its Answer, Affirmative Defenses, and Counterclaims as if set forth fully herein.

50.     Defendant counterclaims against Plaintiff pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

51.     Plaintiff has alleged in this action that it is the owner of United States Patent No. 10,592,973 (the "'973 patent").

52.     Plaintiff has alleged in this action that Defendant has infringed one or more claims of the '973 patent, and has asserted a claim against Defendant in this action for alleged infringement of the '973 patent.

53.     An actual controversy exists between Plaintiff and Defendant by virtue of the allegations in Plaintiff's Complaint and Defendant's Answer and Affirmative Defenses as to Defendant's non-infringement of the claims of the '973 patent.

54.     Defendant has not infringed any claim of the '973 patent.

55.     Pursuant to the Declaratory Judgment Act, Defendant is entitled to a judicial declaration from the Court that Defendant does not infringe and has not infringed any valid and enforceable claim of the '973 patent.

**EIGHTH COUNTERCLAIM – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 10,592,973**

56.     Defendant realleges and incorporates by reference each and every allegation stated above in its Answer, Affirmative Defenses, and Counterclaims as if set forth fully herein.

57.     Defendant counterclaims against Plaintiff pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

58.     Plaintiff has alleged in this action that it is the owner of the '973 patent.

59. Plaintiff has alleged in this action that Defendant has infringed one or more claims of the '973 patent, and has asserted a claim against Defendant in this action for alleged infringement of the '973 patent.

60. An actual controversy exists between Plaintiff and Defendant by virtue of the allegations in Plaintiff's Complaint and Defendant's Answer and Affirmative Defenses as to the invalidity of the claims of the '973 patent.

61. Each and every claim of the '973 patent is invalid under one or more of 35 U.S.C. sections 101, 102, 103, and 112.

62. Pursuant to the Declaratory Judgment Act, Defendant is entitled to a judicial declaration from the Court that one or more claims of the '973 patent are invalid.

**PRAYER FOR RELIEF**

WHEREFORE, Redfin prays for relief against Plaintiff as follows:

A. That the Court enter judgment in favor of Redfin declaring that Redfin has not infringed any claim of United States Patent Nos. 9,836,885; 10,102,673; 10,510,111; and 10,592,973.

B. That the Court enter judgment in favor of Redfin declaring that the claims of United States Patent Nos. 9,836,885; 10,102,673; 10,510,111; and 10,592,973 are invalid under one or more of 35 U.S.C. sections 101, 102, 103, and 112.

C. Dismissal of the Complaint with prejudice.

D. An award to Redfin of its costs.

E. A finding that, pursuant to 35 U.S.C. § 285 and/or other applicable laws, Plaintiff's conduct in commencing and pursuing this action renders this an exceptional case and an award to Redfin of its attorneys' fees incurred in this action.

    F.      That Plaintiff take nothing by way of its Complaint.

    G.      Such other and further relief granted to Redfin as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Redfin respectfully demands a jury trial of all issues in this action triable to a jury.

Dated:  July 15, 2020                              Respectfully submitted,

                                                   _/s/ J. Thad Heartfield_
                                                  J. Thad Heartfield
                                                  State Bar No. 09346800
                                                  thad@heartfieldlawfirm.com
                                                  THE HEARTFIELD LAW FIRM
                                                  2195 Dowlen Road
                                                  Beaumont, TX 77706
                                                  Telephone: (409) 866-3318
                                                  Facsimile: (409) 866-5789

                                                  Michael F. Heafy
                                                  Admitted _Pro Hac Vice_
                                                  LAW OFFICES OF MICHAEL F. HEAFY
                                                  1325 Howard Avenue, Suite 160
                                                  Burlingame, CA  94010
                                                  Telephone: (650) 346-4161
                                                  mheafey@heafey-law.com

                                                  Matthew H. Poppe
                                                  Admitted _Pro Hac Vice_
                                                  RIMON P.C.
                                                  800 Oak Grove Avenue, Suite 250
                                                  Menlo Park, CA  94025
                                                  Telephone: (650) 461-4433
                                                  Facsimile: (650) 461-4433
                                                  matthew.poppe@rimonlaw.com

>Benjamin J. Byer
>Admitted *Pro Hac Vice*
>DAVIS WRIGHT TREMAINE LLP
>920 Fifth Avenue, Suite 3300
>Seattle, WA  98104-1610
>Telephone: (206) 757-8105
>Facsimile: (206) 757-7105
>BenByer@dwt.com
>
>*Attorneys for Defendant*
>*Redfin Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 15, 2020, a true and correct copy of the foregoing document was caused to be served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(b)(1).

>/s/ *J. Thad Heartfield*
>J. Thad Heartfield