**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| APPLIANCE COMPUTING III, INC. d/b/a SUREFIELD, | § § § | |
| *Plaintiff*, | § | CASE NO. 6:20-CV-00376-ADA |
| v. | § § | JURY TRIAL DEMANDED |
| REDFIN CORPORATION, | § § | |
| *Defendant*. | § | |

## PLAINTIFF'S OPPOSED MOTIONS *IN LIMINE*

## TABLE OF CONTENTS

MIL #1: SUREFIELD'S CHOSEN DEFENDANT ...................................................1

MIL #2: LOCATION OF ACTS OUTSIDE THE UNITED STATES ...................................1

MIL #3: WITHHELD MATTERPORT CODE ....................................................1

MIL #4: DAVID ERAKER'S EXIT FROM REDFIN...................................................2

MIL #5: ALLEGED COPYING OF MATTERPORT BY SUREFIELD .............................2

MIL #6: WAIVED, REJECTED, OR UNDISCLOSED INDEFINITENESS ARGUMENTS .................................................................................................2

MIL #7: EVIDENCE OR ARGUMENT THAT IS INCONSISTENT WITH THE COURT'S CLAIM CONSTRUCTIONS ....................................................3

MIL #8: ALLEGATIONS THAT CLAIM ELEMENTS WERE IN THE PRIOR ART.......4

MIL #9: COMPARISONS TO PREFERRED OR COMMERCIAL EMBODIMENTS RATHER THAN THE CLAIMS OF THE PATENTS-IN-SUIT ..............................4

MIL #10: COMPARISON OF THE ACCUSED PRODUCTS TO THE PRIOR ART ........5

MIL #11: USE OF NON-PUBLIC MATERIAL TO EVIDENCE PRIOR ART THAT ALLEGEDLY WAS IN PUBLIC USE ......................................................6

MIL #12: FACT WITNESSES TESTIMONY ON TOPICS WHICH REDFIN REFUSED OR FAILED TO PROVIDE TESTIMONY ...............................................6

MIL #13: UNDISCLOSED/UNELECTED PRIOR ART, INDEFINITENESS, AND NIA ALLEGATIONS................................................................................7

MIL #14: UNDISCLOSED OPINION TESTIMONY.........................................................8

MIL #15: NIAS NOT ADDRESSED OR RELIED ON BY REDFIN'S DAMAGES EXPERT .........................................................................................9

MIL #16: PRACTICING OR UTILIZING THIRD-PARTY PATENTS ............................10

MIL #17: NEGOTIATIONS RELATED TO THE PATENTS-IN-SUIT THAT DID NOT RESULT IN AN AGREEMENT...........................................................10

MIL #18: "UNRELIABLE" AND "INCONCLUSIVE" REDFIN INTERNAL ANALYSES .................................................................................................11

MIL #19: ALLEGED DUPLICATE REVENUE REPORTED IN REDFIN'S
TRANSACTIONAL DATA PREPARED FOR THIS LITIGATION .....................11

MIL #20: SUREFIELD'S USE OF MATTERPORT'S 3D SHOWCASE ..........................12

MIL #21: DAMAGES AWARDED AND THEIR POTENTIAL IMPACT ON THE PRICE
OF REDFIN'S PRODUCTS OR SERVICES ..........................................................12

MIL #22: IMPROPER INVENTORSHIP ALLEGATIONS ................................................13

MIL #23: NONINFRINGEMENT AND VALIDITY ARGUMENTS IN DAMAGES
PRESENTATION...................................................................................................13

MIL #24: ALLEGED DELAY IN FILING THIS ACTION...................................................14

MIL #25: DEROGATORY OR PEJORATIVE DESCRIPTIONS OF SUREFIELD OR
MR. ERAKER .......................................................................................................14

MIL #26: REDFIN OR MATTERPORT'S REPUTATION IN THE INDUSTRY..............14

MIL #27: EXPERT RELIANCE ON HEARSAY.................................................................15

MIL #28: ARGUMENT REGARDING NON-TESTIFYING INVENTORS ......................15

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Abstrax v. Dell,*
    No. 2:07-CV-221-DF, 2009 WL 10677478 (E.D. Tex. Oct. 7, 2009)....................................5

*Albritton v. Acclarent,*
    No. 3:16-cv-03340-M, 2020 WL 11627275 (N.D. Tex. Feb. 28, 2020). .............................13

*Allergan Sales v. UCB,*
    No. 2:15-CV-01001-JRG-RSP, 2016 WL 9276265 (E.D. Tex. Nov. 7, 2016) .....................6

*Baxter Healthcare. v. Spectramed,*
    49 F.3d 1575 (Fed. Cir. 1995) .............................................................................................5

*Canrig Drilling Tech., Ltd. v. Trinidad Drilling, L.P.,*
    No. H-15-0656, 2016 WL 7188657 (S.D. Tex. Dec. 12, 2016) .............................................9

*Cent. Admixture Pharmacy Servs. v. Advanced Cardiac Sols.,*
    482 F.3d 1347 (Fed. Cir. 2007) ...........................................................................................3

*Cloudofchange, LLC v. NCR Corp.,*
    No. 6:19-cv-513-ADA, ECF No. 204 (W.D. Tex. Nov. 8, 2021) ..................................4, 5, 8

*Comark Comms. v. Harris,*
    156 F.3d. 1182 (Fed. Cir. 1998) ...........................................................................................4

*ContentGuard Holdings, Inc. v. Amazon.com, Inc.,*
    No. 2:13-CV-1112-JRG, ECF No. 850 (E.D. Tex. Oct. 9, 2015).........................................8

*Daubert v. Merrill Dow Pharm.,*
    509 U.S. 573 (1993).............................................................................................................10

*Deere & Co. v. Int'l Harvester Co.,*
    710 F.2d 1551 (Fed. Cir. 1983) ...........................................................................................11

*Dey v. Sunovian Pharm.,*
    715 F.3d 1351 (Fed. Cir. 2013) .............................................................................................6

*Exmark Mfg. v. Briggs & Stratton Power Prod. Grp.*
    879 F.3d 1332 (Fed. Cir. 2018) ...........................................................................................14

*Finalrod IP v. John Crane, Inc.,*
    No. 7:15-CV-00097-ADA, 2019 WL 4061703 (W.D. Tex. May 30, 2019) ..........................3

*Function Media v. Google,*
    No. 2:07–CV–279–CE., 2010 WL 276093 (E.D. Tex. Jan. 15, 2010) ..................................7

*Georgia-Pacific v. U.S. Plywood,*
    318 F. Supp. 1116 (S.D.N.Y. 1970) ....................................................................................10

*In re Kahn,*
    441 F.3d 977 (Fed. Cir. 2006) ...............................................................................................4

*In re Omeprazole Patent Litig.,*
   536 F.3d 1361 (Fed. Cir. 2008) ........................................................... 5

*Innogenics v. Abbot Labs.,*
   512 F.3d 1363 (Fed. Cir. 2008) ........................................................... 8

*Intell. Ventures II v. FedEx,*
   No. 2:16-cv-989-JRG, 2018 WL 10638138 (E.D. Tex. Apr. 26, 2018) ................... 5

*Jiaxing Super Lighting Elec. Appl. v. CH Lighting Tech.,*
   No. 6:20-cv-18, ECF No. 196 (W.D. Tex. Oct. 15, 2021) ...................... 5

*Lucent Techs. v. Gateway,*
   580 F.3d 1301 (Fed. Cir. 2009) ........................................................... 13

*MediaTek v. Freescale Semiconductor*, 2014 WL 690161 (N.D. Cal. Feb. 21, 2014) .............. 5

*Metaswitch Networks v. Genband US,*
   No. No. 2:14-cv-744-JRG-RSP, 2016 WL 3618831 (E.D. Tex. Mar. 1, 2016) ................... 8

*MLC Intellectual Prop. v. Micron Tech.,*
   No. 14-cv-03657-SI, 2019 WL 2716512 (N.D. Cal. June 28, 2019)................................. 11

*Mobile Telecomm. Techs. v. LG Elecs. Mobilecomm U.S.A.,*
   No. 2:13-cv-947-JRG-RSP, 2016 WL 3611559 (E.D. Tex. Feb. 4, 2016)......................... 14

*Morris v. Long,*
   No. 1:08–cv–01422–AWI–MJS, 2012 WL 1498889 (E.D. Cal. Apr. 27, 2012) .................. 7

*MV3 Partners LLC v. Roku, Inc.,*
   No. 6:18-cv-00308-ADA, ECF No. 332 (W.D. Tex. Sep. 29, 2020) ................... 12

*NBTY v. Sw. Forest Prod.,*
   No. CV 12-00872-JEM, 2013 WL 12119717 (C.D. Cal. Mar. 29, 2013) ........................... 11

*Nobelbiz v. Global Connect,*
   No. 6:12-cv-244, 2015 WL 11072170 (E.D. Tex. Sept. 2, 2015) .......................... 8

*Opticurrent v Power Integrations,*
   No. 17-cv-3597, 2018 WL 6727826 (N.D. Cal. Dec. 21, 2018) ........................... 5

*Packet Intelligence Order v. Netscout Sys.,*
   No. 2:16-cv-230-JRG, Dkt. 228 (E.D. Tex. Sept. 29, 2017) .................................... 5

*Personal Audio, LLC v. Togi Entertainment, Inc.,*
   No. 2:13-CV-13-JRG, ECF No. 252 (E.D. Tex. Aug 6, 2014) .......................... 7, 8

*Phillips v. AWH,*
   415 F.3d 1303 (Fed. Cir. 2005) ........................................................... 4

*Power Integrations v. Fairchild Semiconductor Int'l,*
   2018 WL 5631531 (D. Del. Oct. 31, 2018) ........................................................... 7

*Realtime Data v. EchoStar,*
   No. 6:17-CV-84, 2018 WL 6271807 (E.D. Tex. Nov. 29, 2018)............................. 5

*Saint Lawrence Commc'ns v. ZTE Corp.*,
    NO. 2:15-CV-349-JRG, 2017 WL 11517123 (E.D. Tex. Mar. 2, 2017) .............................. 14

*SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prod.*,
    137 S. Ct. 954 (2017) ....................................................................................................... 14

*SimpleAir v. AWS Convergence Techs.*,
    No. 2:09-cv-289, 2012 WL 13207358 (E.D. Tex. Apr. 3, 2012) .......................................... 14

*Tate Access Floors v. Interface Architectural Res.*,
    279 F.3d 1357 (Fed. Cir. 2020) ........................................................................................ 5

*VLSI Tech. LLC v. Intel Corp.*,
    No. 6:21-cv-00057-ADA, ECF No. 508 (W.D. Tex. Feb. 19, 2021) ............................ passim

*Webasto Thermo & Comfort N. Am., v. BesTop*,
    No. 16-cv-13456, 2019 WL 3334563  (E.D. Mich. July 25, 2019) ...................................... 13

*Whitserve v. Comput. Packages.*,
    694 F.3d 10 (Fed. Cir. 2012) ........................................................................................... 11

*Zenith Electronics v. PDI Commc'n Sys.*,
    522 F.3d 1348 (Fed. Cir. 2008) ........................................................................................ 5

**Statutes**

35 U.S.C. § 102(a)(1) ............................................................................................................... 6

35 U.S.C. § 271 ....................................................................................................................... 1

35 U.S.C. § 286 ..................................................................................................................... 14

**Rules**

Fed. R. Civ. P. 26 .................................................................................................................. 12

Fed. R. Civ. P. 37(c)(1) ........................................................................................................... 7

Fed. R. Evid. 401 ....................................................................................................... 9, 11, 12, 14

Fed. R. Evid. 402 ....................................................................................................... 9, 11, 12, 14

Fed. R. Evid. 403 ..................................................................................................... 10, 11, 12, 14

Fed. R. Evid. 702 .................................................................................................................... 9

Fed. R. Evid.701 ..................................................................................................................... 8

## <u>TABLE OF ABBREVIATIONS AND CITATION FORM</u>

**<u>Parties</u>**

| | |
|---|---|
| Surefield | Plaintiff Appliance Computer III, Inc. d/b/a Surefield |
| Redfin | Defendant Redfin Corp. |

**<u>Defined Terms</u>**

| | |
|---|---|
| Accused Products | Redfin's property listings available on www.redfin.com and Redfin mobile applications that include a Redfin 3D Walkthrough virtual home tour and the associated computer software and data, associated hardware, and processes and methods related to 3D Walkthrough, including servers, databases, computers, storage, and software services. |
| *ContentGuard* Order | *ContentGuard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-CV-1112-JRG, ECF No. 850 (E.D. Tex. Oct. 9, 2015) |
| *Cloudofchange* Order | *Cloudofchange, LLC v. NCR Corp.*, No. 6:19-cv-513-ADA, ECF No. 204 (W.D. Tex. Nov. 8, 2021) |
| *Jiaxing* Order | *Jiaxing Super Lighting Elec. Appl. v. CH Lighting Tech.*, No. 6:20-cv-18, ECF No. 196 (W.D. Tex. Oct. 15, 2021) |
| *MV3* Order | *MV3 Partners LLC v. Roku, Inc.*, No. 6:18-cv-00308-ADA, ECF No. 332 (W.D. Tex. Sep. 29, 2020) |
| MIL | motion *in limine* |
| NIA | noninfringing alternative |
| *Packet Intelligence* Order | *Packet Intelligence Order v. Netscout Sys.*, No. 2:16-cv-230-JRG, Dkt. 228 (E.D. Tex. Sept. 29, 2017) |

| | |
|---|---|
| *Personal Audio* Order | *Personal Audio, LLC v. Togi Entertainment, Inc.*, No. 2:13-CV-13-JRG, ECF No. 252 (E.D. Tex. Aug 6, 2014) |
| Surefield Patents or Patents-in-Suit | U.S. Patent No. 9,836,885(the "'885 Patent"); U.S. Patent No. 10,102,673 (the "'673 Patent"); U.S. Patent No. 10,510,111 (the "'111 Patent"); and U.S. Patent No. 10,592,973 (the "'973 Patent"). |
| *VLSI* Order | *VLSI Tech. LLC v. Intel Corp.*, No. 6:21-cv-00057-ADA, ECF No. 508 (W.D. Tex. Feb. 19, 2021) |

**Citation Form**

| | |
|---|---|
| Ex. [Number] | Citations to numbered exhibits herein refer to exhibits attached to the Declaration of Andrew G. DiNovo, dated February 4, 2021, filed in support of and concurrently herewith. |

Unless otherwise noted, all ***emphasis*** is added.

**MIL #1: SUREFIELD'S CHOSEN DEFENDANT**

Patent law prohibits, among other things, the making, using, and selling of patented

systems and methods. 35 U.S.C. § 271. There is no question that Redfin is an appropriate defendant

in this case. Redfin should not be allowed to attempt to deflect its own liability to an empty chair,

Matterport, particularly ████████████████████████████████████████████, and

has engaged the same counsel. It would unduly prejudice Surefield to allow Redfin to point to

Matterport as the proper party to sue, when it is Redfin that uses the technology in the real estate

market. Redfin should thus be precluded from introducing evidence or argument suggesting that

Surefield should have sued Matterport or that Matterport is the proper defendant.

**MIL #2: LOCATION OF ACTS OUTSIDE THE UNITED STATES**

There is no record evidence that any Matterport servers are located outside of the United

States. To suggest to the jury otherwise would be misleading and potentially prejudicial.

Surefield's expert has opined that all activities relating to the asserted claims of the Patents-in-Suit

occurred in the United States; and Redfin's rebuttal expert offered no evidence that any activities

occurred outside the United States. Thus, Redfin should be precluded from offering any evidence

or arguments regarding the location of any infringing acts as purportedly occurring outside the

United States.[1]

**MIL #3: WITHHELD MATTERPORT CODE**

In discovery, Surefield repeatedly requested Matterport's 2014 source code. Matterport

produced 2013 code and 2021 code, and took the position that it would be burdensome to produce

2014 code and the 2021 code was representative of the 2014 code. Surefield thus seeks an order

precluding Redfin from introducing evidence or argument that (1) Surefield and/or its experts did

---

[1] *See* Ex. 1 - *VLSI* Order at 2 (granting plaintiff VLSI's MIL No. 1.1 concerning the geographic location of infringement activities).

not review or analyze the 2014 Matterport source code; or (2) Surefield and/or its experts have not reviewed or offered printed source code upon which they rely.

## MIL #4: DAVID ERAKER'S EXIT FROM REDFIN

Mr. Eraker was terminated by Redfin's current CEO, Mr. Kelman. During discovery, Mr. Kelman declined to provide a complete explanation of the circumstances. Surefield thus seeks an order excluding evidence or argument of any reason for Mr. Eraker's termination from Redfin that was not disclosed in discovery.

## MIL #5: ALLEGED COPYING OF MATTERPORT BY SUREFIELD

Nothing in the record demonstrates that Mr. Eraker or Surefield copied from Matterport. Matterport's designated witness, Mr. Daniel Michel, testified that no confidential information was ever conveyed. Ex. 2 at 22:7-19. In addition to being prejudicial and unsupported, any implication about copying by Surefield is irrelevant to the factual issues. Infringement or invalidity is not more or less likely based on such implications. Accordingly, Surefield seeks an order excluding any evidence or argument regarding purported copying or industrial espionage undertaken by Surefield against Matterport, Redfin, or other third-party, including any argument or suggestion that Mr. Eraker or Surefield improperly obtained or used any confidential Matterport or competitor information.

## MIL #6: WAIVED, REJECTED, OR UNDISCLOSED INDEFINITENESS ARGUMENTS

Redfin should be precluded from introducing evidence or argument that any claims or claim terms are indefinite or lack adequate written description. "The Federal Circuit holds that an accused infringer waives any argument with respect to the construction of a claim term when they

fail to raise that issue during the claim construction phase of a patent infringement action."[2] So, Redfin cannot raise new indefiniteness arguments at trial,[3] including those new indefiniteness arguments included in Redfin's Invalidity Report.[4]

Redfin previously raised indefiniteness arguments that were already rejected by the Court. Dkt. 41 at 4-5. It did not seek reconsideration. It should not now be able to imply or otherwise suggest indefiniteness of any claim or claim term. *See* MIL #7, *infra*. Further, Surefield has filed a motion to strike certain portions of Redfin's Invalidity Report's opining on indefiniteness/lack of written description theories which were not disclosed in Redfin's Final Invalidity Contentions. *See* Dkt. 88-4 at 424-27; Dkt. 88-2 at 20-24. Further, as explained in that motion to strike, Redfin cannot advance claim construction positions that were already rejected by the Court. *See* Dkt. 88 at 12-14; Dkt. 120 at 7-8.

## MIL #7: EVIDENCE OR ARGUMENT THAT IS INCONSISTENT WITH THE COURT'S CLAIM CONSTRUCTIONS

Redfin should be precluded from introducing evidence or argument that is inconsistent with the Court's claim constructions and, to the extent the Court did not construe a claim term, evidence or argument that is inconsistent with the plain and ordinary meaning of such term to a person of ordinary skill in the art. Courts, including this Court, routinely exclude evidence or argument supporting an interpretation of a claim term that is different from the court's construction.[5]

---

[2] *Finalrod IP v. John Crane, Inc.,* No. 7:15-CV-00097-ADA, 2019 WL 4061703, at *2 (W.D. Tex. May 30, 2019) (citing *Cent. Admixture Pharmacy Servs. v. Advanced Cardiac Sols.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007)).

[3] *E.g.*, Ex. 1 - *VLSI* Order at 2 (granting VLSI MIL No. 1.3 excluding indefiniteness arguments not raised during claim construction).

[4] *See* Dkt. 88-4 (arguing that "photorealistic viewpoints" from claims 1 and 10 of the '885 patent and repetitive limitations from claim 15 of the '673 patent are indefinite).

[5] *E.g.*, Ex. 1 - *VLSI* Order at 4.

**MIL #8: ALLEGATIONS THAT CLAIM ELEMENTS WERE IN THE PRIOR ART**

Redfin should be precluded from introducing evidence or argument that individual claim elements were known in the prior art separate from an opinion that it would be obvious to combine these references together to yield the full invention of at least one challenged patent claim. Such an analysis is improper because a combination of previously known elements can be patentable. The question is not whether individual elements in isolation were known, but whether the combination in the claimed invention as a whole was obvious. [6]

**MIL #9: COMPARISONS TO PREFERRED OR COMMERCIAL EMBODIMENTS RATHER THAN THE CLAIMS OF THE PATENTS-IN-SUIT**

Redfin should be precluded from offering evidence or argument comparing (1) Accused Products to the preferred embodiment described in the specifications of the Patents-in-Suit to show non-infringement; (2) Accused Products to commercial embodiments, such as Surefield commercial products, to show non-infringement; or (3) alleged prior art to commercial or preferred embodiments rather than the claims of the Patents-in-Suit, under FRE 402-03. An infringement analysis requires an element-by-element comparison of the ***claims*** of the Patents-in-Suit to the Accused Products. Allowing Redfin to compare the Accused Products to an embodiment described in the ***specification*** of the Patents-in-Suit would defy law prohibiting the importation of limitations from the specification into the claims and the limitation of claim terms to embodiments disclosed in the specification. [7] Comparison of Accused Products to Surefield's commercial products is also irrelevant to infringement. Invalidity analysis likewise focuses on the claims of the patents rather

---

[6] Ex. 3 - *Cloudofchange* Order at 4; *see also In re Kahn*, 441 F.3d 977, 986 (Fed. Cir. 2006) ("[M]ere identification in the prior art of each element is insufficient to defeat the patentability of the combined subject matter as a whole.").

[7] *Comark Comms. v. Harris*, 156 F.3d 1182, 1186-87 (Fed. Cir. 1998); *Phillips v. AWH*, 415 F.3d 1303, 1323 (Fed. Cir. 2005) (*en banc*).

than the specifications.[8]

**MIL #10: COMPARISON OF THE ACCUSED PRODUCTS TO THE PRIOR ART**

Redfin should be precluded from introducing evidence or arguments comparing Accused Products to the prior art. For infringement, "the only proper comparison [to be made at trial] is between the accused products and the elements of the Asserted Claims."[9] "It is well established . . . that 'practicing the prior art' is not a defense to infringement."[10] Likewise, the Federal Circuit foreclosed "practicing the prior art" as an invalidity argument.[11] Any comparison of accused products to the prior art to show invalidity is impermissible and conflates non-infringement and invalidity, causing substantial jury confusion.[12] An expert may not circumvent this prohibition by using the patentee's expert infringement report as a "conduit" through which to compare the Accused Products with the prior art.[13] Courts, including this Court, routinely grant motions in *limine* precluding such improper comparisons. [14]

---

[8] *Abstrax v. Dell*, 2009 WL 10677478, at *1 (E.D. Tex. Oct. 7, 2009) "[I]n order to anticipate, the prior art must meet all the limitations in the claims, not a preferred embodiment.") (citation omitted).

[9] *Intell. Ventures II v. FedEx*, No. 2:16-cv-989-JRG, 2018 WL 10638138, at *3 (E.D. Tex. Apr. 26, 2018) (excluding comparisons of the accused products "to any commercial embodiments or prototypes of the asserted patents" and "to any purported prior art device, patent, or system").

[10] *In re Omeprazole Patent Litig.*, 536 F.3d 1361, 1377 (Fed. Cir. 2008); *accord Tate Access Floors v. Interface Architectural Res.*, 279 F.3d 1357, 1365-69 (Fed. Cir. 2020) ("[T]he fact that the patentee happens to be practicing the prior art is irrelevant"); *Baxter Healthcare. v. Spectramed,* 49 F.3d 1575, 1583 (Fed. Cir. 1995).

[11] *Zenith Electronics v. PDI Commc'n Sys.*, 522 F.3d 1348, 1363 (Fed. Cir. 2008) ("[A]nticipation cannot be proven by merely establishing that one 'practices the prior art.'"); *see also MediaTek v. Freescale Semiconductor*, 2014 WL 690161, at *2 (N.D. Cal. Feb. 21, 2014) ("[M]ere proof that the prior art is identical, in all material respects, to an allegedly infringing product cannot constitute clear and convincing evidence of invalidity."); *Realtime Data v. EchoStar*, No. 6:17-CV-84, 2018 WL 6271807, at *4 (E.D. Tex. Nov. 29, 2018); *Opticurrent v Power Integrations*, No. 17-cv-3597, 2018 WL 6727826, at *16 (N.D. Cal. Dec. 21, 2018).

[12] *Tate Access Floors*, 279 F.3d at 1365-69.

[13] *Realtime*, 2018 WL 6271807, at *4.

[14] Ex. 3 - *Cloudofchange Order* at 3 (granting MIL regarding "Comparison of Accused Products to Prior Art"); Ex. 4 - *Jiaxing Order* at 3; Ex. 5 - *Packet Intelligence* Order at 3.

**MIL #11: USE OF NON-PUBLIC MATERIAL TO EVIDENCE PRIOR ART THAT ALLEGEDLY WAS IN PUBLIC USE**

Although Redfin asserts that certain "systems" are prior art under section 102(a) because they were "in public use" "or otherwise available to the public before the effective filing date of the claimed invention," 35 U.S.C. § 102(a)(1), much of the material it relies upon to evidence the systems was not available to the public. The policy underlying the public use bar is "discouraging the **removal, from the public domain**, of inventions that the public reasonably has come to believe are freely available."[15] Thus, a system used by a third party is not publicly used or available under section 102 unless it was "accessible to the public"—*i.e.*, unless it places "the claimed features of the patents . . . in **the public's possession**"; "if **members of the public are not informed of, and cannot readily discern, the claimed features of the invention in the prior art**, the public has not been put in possession of those features."[16] Thus, courts have precluded defendants from relying on non-public materials to evidence prior art that allegedly was publicly used.[17] Accordingly, any non-public materials relied upon by Redfin to evidence a prior art system that allegedly was in public use under section 102 are not relevant and should be excluded under FRE 402-03 because such materials cannot inform members of the public of the claimed features of Patents-in-Suit and would mislead the jury into incorrectly believing that such claimed features were in the public's possession.

**MIL #12: FACT WITNESSES TESTIMONY ON TOPICS WHICH REDFIN REFUSED OR FAILED TO PROVIDE TESTIMONY**

Although Redfin designated a corporate representative to testify regarding all communications regarding the Patents-in-Suit, the manner and timing in which it received notice

---

[15] *Dey v. Sunovian Pharm.*, 715 F.3d 1351, 1355 (Fed. Cir. 2013).

[16] *Id.* at 1355, 1359.

[17] *Allergan Sales v. UCB*, 2016 WL 9276265, at *1 (E.D. Tex. Nov. 7, 2016) (non-public design information "will not be useful as evidence corroborating the alleged public use").

of the Patents-in-Suit, and the factual basis for its defenses and counterclaims of non-infringement and invalidity,[18] Redfin asserted the attorney-client privilege to prevent Surefield from examining the witness as to whether Redfin received advice concerning Redfin's infringement or the validity of Patents-in-Suit. To the extent the witness was permitted to answer, he was unprepared and unable to provide responsive information.[19] Redfin should be precluded from prejudicing Surefield by presenting factual testimony on the topics for which it (1) instructed its witnesses not to answer questions;[20] or (2) refused to offer a 30(b)(6) witness or on which its Rule 30(b)(6) witnesses disclaimed knowledge or were not prepared to testify,[21] including the topics of infringement and validity of the Patents-in-Suit and whether Redfin received any advice on those topics.[22]

## MIL #13: UNDISCLOSED/UNELECTED PRIOR ART, INDEFINITENESS, AND NIA ALLEGATIONS

Redfin should be precluded from offering evidence or argument regarding (1) prior art, (2) indefiniteness arguments, and (3) NIAs and information regarding cost, implementation, or acceptability of NIAs that were not timely disclosed in discovery, *see* Dkt. 82 & 88. This Court also should exclude any reference to unelected prior art—including those in discussions of "state of the art"—because any reliance on unelected references "runs the risk of substantial jury confusion."[23] It is "difficult to completely separate the use of [prior art] as a state-of-the-art

---

[18] Ex. 6 at 12:9-13:2; Ex. 7.

[19] Ex. 7 at 45:20-46:23, 47:7-24, 51:2-6, 51:24-52:14, 52:20-54:9, 54:15-55:3, 57:4-58:11, 59:2-15, 59:21-25, 67:3-68:23, 81:14-82:12, 84:23-85:17.

[20] *Power Integrations v. Fairchild Semiconductor Int'l*, 2018 WL 5631531, at *1 (D. Del. Oct. 31, 2018) (excluding evidence of subjective intent to infringe that was not disclosed during discovery); *Morris v. Long*, 2012 WL 1498889, at *5 (E.D. Cal. Apr. 27, 2012) (holding that party cannot mention items withheld as privileged).

[21] *See* FRCP 37(c)(1); *Function Media v. Google*, 2010 WL 276093, at *1 (E.D. Tex. Jan. 15, 2010) ("When the 30(b)(6) representative claims ignorance of a subject during the deposition, courts have precluded the corporation from later introducing evidence on the subject.").

[22] *See* Ex. 1 - *VLSI* Order at 2 (granting MIL regarding witnesses instructed not to answer and refusal to provide testimony due to irrelevance).

[23] Ex. 8 - *Personal Audio* Order at 2.

reference from the use of [that prior art] as an invalidity reference: ***the use for one purpose unavoidably bleeds into the other***."[24]

**MIL #14: UNDISCLOSED OPINION TESTIMONY**

Redfin should be precluded from offering any opinion testimony through Redfin's fact witnesses, including any opinions (a) comparing Google Street View, Google Art Project, Google Maps, Google Business Photos, Matterport Prior Art System, or any other system or reference to the asserted claims; (b) contending that any system or product embodies the functionality described in any reference or document. Lay witness opinion testimony is limited to testimony that is (1) rationally based upon the perception of the witness; (2) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue; and (3) not based on scientific, technical, or other specialized knowledge within the scope of FRE 702. *See* FRE 701. Courts regularly exclude technical and specialized testimony from lay witnesses.[25]

Here, the risk of inappropriate opinion testimony is high. Redfin has identified Dr. Yasutaka Furukawa, Matt Bell, and Dave Gausebeck as fact witnesses. Dr. Furukawa has a Ph.D in Computer Science, authored prior art references asserted by Redfin, and provided an expert declaration in support of failed IPR petitions filed by Redfin's counsel opining that the Patents-in-Suit were disclosed by prior art asserted by Redfin.[26] Dr. Furukawa testified that a review of both the "source code" and the "back-end code" of Google Street View would be

---

[24] Ex. 9 - *Content Guard* Order at 5; *accord* Ex. 3 - *Cloudofchange* Order at 4 (granting substantively similar motion *in limine*); *Metaswitch Networks v. Genband US*, 2016 WL 3618831, at *4 (E.D. Tex. Mar. 1, 2016); *Nobelbiz v. Global Connect*, No. 6:12-cv-244, 2015 WL 11072170, at * 3 (E.D. Tex. Sept. 2, 2015); Dkt. 138 at 3 (prior art election order); Ex. 8 - *Personal Audio* Order at 2.

[25] *See, e.g.*, *Innogenics v. Abbot Labs.*, 512 F.3d 1363, 1375 (Fed. Cir. 2008) (excluding testimony of prior art authors and holding lay witnesses "giving scientific testimony are not exempt from report requirements of Rule 26(a)(2)(B), even when not compensated").

[26] Ex. 10 at 28-32, 35-50; Ex. 11; Ex. 12.

necessary to "know what features are in which product at a given time,"[27] and thus any relevant testimony regarding Google Street View would be based on specialized knowledge. Similarly, Messrs. Bell and Gausebeck are founders of Matterport, have degrees in Computer Science, and are authors of one or more of the Bell references asserted by Redfin.[28] Although these witnesses purportedly "have information concerning the . . . structure, and operation of *past* [i.e., Matterport Prior Art System] and present Matterport technology," Mr. Gausebeck testified that Matterport system source code is the best evidence of how the systems works.[29] Redfin did not serve expert reports or FRCP 26 disclosures for these witnesses and thus should be precluded from offering any opinion testimony.[30]

**MIL #15: NIAS NOT ADDRESSED OR RELIED ON BY REDFIN'S DAMAGES EXPERT**

Redfin should be precluded from offering evidence or argument regarding any NIA that is not relied upon by Redfin's damages expert. Whereas Redfin's damages expert relies on only two NIAs (*i.e.*, a no floor indicator NIA and a mesh-orientation NIA (*see* Dkt. 82-2 & 98 at 1-3), Redfin identified 14 alleged NIAs in response to written discovery (*see* Dkt. 82 at 3-4) and Redfin's technical expert identified several other alleged NIAs in his report (*see* Dkt. 82-2 at 236-250). Because there is no evidence or opinions regarding the cost or acceptability of the NIAs not addressed by Redfin's damages expert, any evidence of those other NIAs is irrelevant and prejudicial under FRE 401, 402, 702 and should be excluded.[31]

---

[27] Ex. 13; Ex. 14 at 117:15 – 119:6.
[28] Ex. 15 at 11:16-12:23, 14:1-3; Ex. 16 at 10:17-25, 12:16-13:11, 221:23 – 222:5 .
[29] Ex. 13; Ex. 15 at 26:12-25.
[30] Ex. 1 - *VLSI* Order at 5 (granting MIL 5.1-Lay witness infringement opinions).
[31] *Canrig Drilling Tech., Ltd. v. Trinidad Drilling, L.P.*, No.H-15-0656, 2016 WL 7188657, at *3 (S.D. Tex. Dec. 12, 2016) ("The proffered alternatives must have been available, acceptable, and non-infringing"); *see also* Ex. 1 - *VLSI* Order at 2.

**MIL #16: PRACTICING OR UTILIZING THIRD-PARTY PATENTS**

Redfin should be precluded from offering evidence or argument that a third-party patent, including any Matterport patent, is practiced by the Accused Products, Redfin obtains a benefit from any third-party patent, or any third-party patent is relevant to the *Georgia-Pacific*[32] factors or damages analysis under FRE 401-403, 702, and *Daubert*[33] because (1) Redfin's damages expert does not argue that third-party patents, besides Matterport patents, are practiced by the Accused Products; and (2) the testimony of Redfin's damages expert regarding Matterport's patents is speculative, irrelevant, and thus inadmissible, as set forth in Dkt. 100.

**MIL #17: NEGOTIATIONS RELATED TO THE PATENTS-IN-SUIT THAT DID NOT RESULT IN AN AGREEMENT**

Redfin should be precluded from introducing evidence or argument regarding (1) ███████████████████████████████████████████████████████████ ███████████████████ because both damage experts agree that ██████ are not informative as to a reasonable royalty, *see* Dkt. 100 at 12-13, and thus are not relevant;[34] (2) ████████ ███████████████████████ because any slight probative value is substantially outweighed by the danger of unfair prejudice to Surefield because █████████████████████████ ████████████████, and Redfin's damage expert does not provide opinions based on information outside ███████████████████ and thus provides no basis for the jury to compare ████████████ to the hypothetical negotiation, *see* Dkt. 100 at 12-13; and (3) Surefield's communications and negotiations with other companies, which are irrelevant because they do not include any offer amount, did not result in any executed patent purchase or license agreement, and

---

[32] *Georgia-Pacific v. U.S. Plywood*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).
[33] *Daubert v. Merrill Dow Pharm.,* 509 U.S. 573 (1993).
[34] While the amount is inadmissible, licensing communications between Surefield and Redfin are relevant to other issues, including notice and willfulness.

cannot be used as a basis for showing lack of market demand, *see* Dkt. 100 at 13-14.[35]

## MIL #18: "UNRELIABLE" AND "INCONCLUSIVE" REDFIN INTERNAL ANALYSES

Redfin's 30(b)(6) corporate representative on studies relating to 3D virtual tours testified

that Redfin's ██████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████ (Dkt. 100-9 at 41:4-22, 45:19-20), which Redfin cannot

now dispute.[36] Consequently, Redfin should be precluded from presenting any evidence regarding

those studies, including any related communications, under FRE 401-403.

## MIL #19: ALLEGED DUPLICATE REVENUE REPORTED IN REDFIN'S TRANSACTIONAL DATA PREPARED FOR THIS LITIGATION

For purposes of identifying the number of Redfin listings (and associated revenue) at issue

in this case, both parties' damages experts rely on the same transactional data spreadsheet

(REDFIN_0009113), which was prepared by Redfin for purposes of this litigation in response to

Surefield's discovery requests. Ex. 17 at 67:25-68:3. Redfin's damages expert contends that

Redfin's transactional data spreadsheet contains more than 5,600 transactions that are "duplicate"

and should be excluded. Dkt. 100-2 at Appx. 6. Any such evidence and argument should be

excluded. Redfin refused during discovery to produce the data underlying its spreadsheet, thereby

---

[35]To the extent that Redfin contends that these negotiations reflect Surefield's willingness to license its patents and are thus relevant to *Georgia Pacific* factor 4, any slight probative value is substantial outweighed by the danger of unfair prejudice, particularly because both damage experts agree that Surefield would have been a willing licensor (and Surefield is willing to stipulate to that fact if necessary). *Deere & Co. v. Int'l Harvester Co.*, 710 F.2d 1551, 1556-1557 (Fed. Cir. 1983) (affirming district court's finding that licensing offer made at time when patent was "untested" and "of indeterminate value" was "of no significant persuasive value"); *see also Whitserve v. Comput. Packages.,* 694 F.3d 10, 29-30 (Fed. Cir. 2012); *MLC Intellectual Prop. v. Micron Tech.*, 2019 WL 2716512, at *13-15 (N.D. Cal. June 28, 2019).

[36] *NBTY v. Sw. Forest Prod.,* 2013 WL 12119717, at *5 (C.D. Cal. Mar. 29, 2013) ("[T]estimony on behalf of a company by a Rule 30(b)(6) witness is binding on the company and precludes the company from offering other witnesses and evidence to rebut its own authorized agent.").

depriving Surefield of independent verification of the data. Redfin's financial corporate representative confirmed that the transactional data spreadsheet reflected Redfin's sell-side and buy-side revenue for listings. *See* Ex. 18 at 79:2-22. Redfin's damages expert did not consult with Redfin regarding any purported duplicative listings. Ex. 17 at 68:11-17. Redfin has not provided a supplemental spreadsheet. Redfin should not be permitted to provide summary information, confirm the information provided, never supplement the information provided, and then contend that it provided inaccurate information. *See* FRCP 26.

**MIL #20: SUREFIELD'S USE OF MATTERPORT'S 3D SHOWCASE**

Redfin has indicated that it intends to offer evidence at trial that Surefield has used Matterport 3D Showcase virtual home tour technology on Surefield's website or as part of Surefield's business. *See, e.g.*, Ex. 19. That Surefield ultimately decided to use Matterport's commercial embodiment of the Patents-in-Suit instead of its own commercial embodiment does not bear on whether Redfin infringes by its use of Matterport's 3D virtual tour technology, whether Surefield's patents are valid, or the appropriate measure or amount of damages in this case and thus is inadmissible under FRE 401-403.

**MIL #21: DAMAGES AWARDED AND THEIR POTENTIAL IMPACT ON THE PRICE OF REDFIN'S PRODUCTS OR SERVICES**

Redfin should be precluded from introducing evidence or argument suggesting a jury award of the damages Surefield is seeking may increase the price of Redfin's or Matterport's products or services. This type of evidence and argument has no relevance to issues in this case and would unfairly prejudice Surefield. FRE 401, 402, 403. Accordingly, this Court and others in the Fifth Circuit routinely preclude the admission of such evidence.[37]

---

[37] *E.g.*, Ex. 1 - *VLSI* Order at 3 (granting plaintiff VLSI's MIL No. 3.4 concerning possibility of damages increasing price of products); Ex. 20 - *MV3* Order at 2.

**MIL #22: IMPROPER INVENTORSHIP ALLEGATIONS**

Redfin should be precluded from introducing evidence or argument, or otherwise suggesting, that the Patents-in-Suit are invalid for improper inventorship because it did not plead this affirmative defense. "Merely pleading the name of an affirmative defense is insufficient if there are not enough factual allegations."[38] Here, Redfin made only boilerplate statements in its Counterclaims that "[e]ach and every claim of the [Asserted Patent] is invalid under one or more of 35 U.S.C. sections 101, 102, 103, and 112," (Dkt. 20 at 12-18) and did not plead "improper inventorship" or provide any detail regarding such a defense. Permitting Redfin to assert such a defense for the first time at trial unfairly prejudices Surefield.

**MIL #23: NONINFRINGEMENT AND VALIDITY ARGUMENTS IN DAMAGES PRESENTATION**

Because patent damages experts must assume "that the asserted patent claims are valid and infringed,"[39] Redfin should be precluded from introducing evidence or argument regarding any claim of noninfringement or invalidity of the Patents-in-Suit in its damages cases, including (1) technical arguments Redfin intends to assert in its noninfringement case, *i.e.*, arguments why the relevant claims are not met by Redfin's products, including any assertion that the Patents-in-Suit are not infringed by Redfin listings with 3D Walkthrough when the property is single story; and (2) any suggestion that the Patents-in-Suit are not valuable because they are invalid.

---

[38] *Albritton v. Acclarent*, 2020 WL 11627275, at *32 (N.D. Tex. Feb. 28, 2020).
[39] *Lucent Techs. v. Gateway*, 580 F.3d 1301, 1325 (Fed. Cir. 2009). ("[W]hen discussing the issue of damages, [an accused infringer] cannot argue noninfringement or invalidity because both must be assumed for purposes of the damage calculations."); *Webasto Thermo & Comfort N. Am., v. BesTop*, 2019 WL 3334563, at *4 (E.D. Mich. July 25, 2019).

**MIL #24: ALLEGED DELAY IN FILING THIS ACTION**

As permitted by 35 U.S.C. § 286, Surefield filed the instant action within six years of Redfin's first infringement of the Patents-in-Suit, and thus Redfin should be precluded from offering any evidence or argument that Surefield delayed in bringing this lawsuit.[40]

**MIL #25: DEROGATORY OR PEJORATIVE DESCRIPTIONS OF SUREFIELD OR MR. ERAKER**

Only terms whose probative value outweighs the risk of unfair prejudice should be admitted at trial. Accordingly, Redfin should be precluded from using derogatory or pejorative references about Surefield's patent enforcement or ad hominem attacks on the business practices of Mr. Eraker or Surefield, including suggestions that Mr. Eraker or Surefield "does not make anything, sell anything, or do anything," "is in the business of filing lawsuits," or "is litigious." [41]

**MIL #26: REDFIN OR MATTERPORT'S REPUTATION IN THE INDUSTRY**

Redfin should be precluded from introducing any evidence or arguments regarding Redfin's or Matterport's alleged reputation in the industry because it would distract the jury from actual issues in dispute: whether the Patents-in-Suit are valid and infringed. Evidence or argument regarding the character, achievements, awards, or philanthropy of Redfin or Matterport does not make any relevant fact more or less likely and therefore should be excluded under FRE 401-03.[42]

---

[40] *SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prod.*, 137 S. Ct. 954, 967 (2017) (eliminating laches as a defense against damages occurring within § 286's six-year period); *Exmark Mfg. v. Briggs & Stratton Power Prod. Grp.,*879 F.3d 1332, 1352 (Fed. Cir. 2018) evidence of "delay in filing suit for infringement is not relevant to damages").

[41] *Saint Lawrence Commc'ns v. ZTE Corp.*, 2017 WL 11517123, at *2-3 (E.D. Tex. Mar. 2, 2017) (precluding pejorative terms, including a company that "doesn't make anything" and "doesn't sell anything"); *Mobile Telecomm. Techs. v. LG Elecs. Mobilecomm U.S.A.*, 2016 WL 3611559, at *2 (E.D. Tex. Feb. 4, 2016) (precluding pejorative terms including "being litigious" or "being in the business of filing lawsuits").

[42] *See* Ex. 1 - *VLSI* Order at 3; *SimpleAir v. AWS Convergence Techs.*, 2012 WL 13207358, at *2 (E.D. Tex. Apr. 3, 2012) (precluding "company character and achievements, including evidence about their companies' awards, achievements, innovations, or the history of their founding.")

**MIL #27: EXPERT RELIANCE ON HEARSAY**

The Court should preclude any reference by the Parties' experts to deposition testimony or other hearsay evidence not in the expert reports or trial record. Further, the Court should again require that "if an expert relies on a hearsay statement that is not disclosed in the expert's report, evidence of what the declarant said has to be presented at trial."[43]

**MIL #28: ARGUMENT REGARDING NON-TESTIFYING INVENTORS**

The Court should preclude Redfin from offering any evidence or argument regarding the absence at trial of any of the non-party inventors of the Patents-in-Suit. Whether a named inventor is testifying or no longer working for Surefield has no probative value to the claims in this case, is confusing to the jury, and will be prejudicial. FRE 402-03.[44]

---

[43] Ex. 1 - *VLSI* Order at 4 (issuing this ruling in response to VLSI's MIL No. 5.2 regarding expert reliance on hearsay).

[44] *Id.* (granting VLSI MIL 6.2 regarding absence of inventors).

Dated: February 4, 2022

Respectfully submitted,

*/s/ Andrew G. DiNovo*
Andrew G. DiNovo
Texas State Bar No. 00790594
adinovo@dinovoprice.com
Nicole E. Glauser
Texas State Bar No. 24050694
nglauser@dinovoprice.com
Daniel L. Schmid
Texas State Bar No. 24093118
dschmid@dinovoprice.com
Christopher V. Goodpastor
Texas State Bar No. 00791991
cgoodpastor@dinovoprice.com
Adam G. Price
Texas State Bar No. 24027750
aprice@dinovoprice.com
Gregory S. Donahue
Texas State Bar No. 24012539
gdonahue@dinovoprice.com
**DINOVO PRICE LLP**
7000 N. MoPac Expressway, Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Facsimile: (512) 539-2627

Steven W. Fogg (*pro hac vice*)
sfogg@corrcronin.com
Eric A. Lindberg (*pro hac vice*)
elindberg@corrcronin.com
**CORR CRONIN, LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154
Telephone: (206) 625-8600

Mark P. Walters (*pro hac vice)*
walters@lowegrahamjones.com
**LOWE GRAHAM JONES, PLLC**
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
Telephone: (206) 381-3300

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiffs and Counsel for Defendant conferred *via* email and telephone, including on February 4, 2022, regarding the relief requested in this Motion. Counsel for Defendant have indicated that Redfin is opposed to the requested relief.

*/s/ Andrew G. DiNovo*
Andrew G. DiNovo

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via email.

*/s/ Andrew G. DiNovo*
Andrew G. DiNovo

17