**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| APPLIANCE COMPUTING III, INC. d/b/a SUREFIELD, | § § § | |
| *Plaintiff*, | § | CASE NO. 6:20-CV-00376-ADA |
| v. | § § | JURY TRIAL DEMANDED |
| REDFIN CORPORATION, | § § | |
| *Defendant*. | § § | |

**[PROPOSED] JOINT PRETRIAL ORDER**

Plaintiff Appliance Computing III, Inc. d/b/a Surefield, LLC ("Plaintiff" or "Surefield")

and Defendant Redfin Corporation ("Defendant" or "Redfin") (collectively, "the Parties") submit

the following proposed Joint Pretrial Order pursuant to the Court's Order (Dkt. No. 151), the

Court's Standing Order on Pretrial Procedures and Requirements in Civil Cases, Federal Rules of

Civil Procedure, and Local Rules of this Court. The Parties have stipulated to various matters

identified herein and having identified exhibits, witnesses, factual contentions, and triable issues:

It is hereby ORDERED as follows:

**A.  APPEARANCE OF COUNSEL**

   **1.  Attorneys for Plaintiff Appliance Computing III, Inc. d/b/a Surefield, LLC**

        Andrew G. DiNovo
        Nicole E. Glauser
        Christopher V. Goodpastor
        Adam G. Price
        Gregory G. Donahue
        Daniel L. Schmid
        DiNovo Price LLP
        7000 N. MoPac Expressway, Suite 350
        Austin, Texas 78731
        Telephone: (512) 539-2626
        adinovo@dinovoprice.com
        nglauser@dinovoprice.com

cgoodpastor@dinovoprice.com
aprice@dinovoprice.com
gdonahue@dinovoprice.com
dschmid@dinovoprice.com

Steven W. Fogg (admitted *Pro Hac Vice*)
sfogg@corrcronin.com
Eric A. Lindberg (admitted *Pro Hac Vice*)
elindberg@corrcronin.com
CORR CRONIN, LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154
Telephone: (206) 625-8600

Mark P. Walters (admitted *Pro Hac Vice*)
walters@lowegrahamjones.com
LOWE GRAHAM JONES, PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
Telephone: (206) 381-3300

2.  **Attorneys for Defendant Redfin Corporation**

Ryan Marton (admitted *Pro Hac Vice*)
ryan@martonribera.com
Hector Ribera (admitted *Pro Hac Vice*)
hector@martonribera.com
Carolyn Chang (admitted *Pro Hac Vice*)
carolyn@martonribera.com
Phillip J. Haack (admitted *Pro Hac Vice*)
phaack@martonribera.com
**Marton Ribera Schumann & Chang LLP**
548 Market St Suite 36117
San Francisco, California 94104
Telephone: (415) 360-2515

Darryl J. Adams
dadams@sgbfirm.com
**Slayden Grubert Beard PLLC**
401 Congress Ave., Suite 1650
Austin, Texas 78701
Telephone: (512) 402-3562
Facsimile: (512) 402-6865

Benjamin J. Byer (Admitted *Pro Hac Vice*)
benbyer@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Telephone: (206) 757-8105
Facsimile: (206) 757-7105

M. Scott Stevens (NC Bar # 37828)
Nicholas Marais (NC Bar #53553)
Karlee Wroblewski (NC Bar #55043)
**ALSTON & BIRD LLP**
One South at the Plaza
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280
Tel: 704.444.1000
Fax: 704.444.1111

Deron R. Dacus (Texas Bar No. 00790553)
**THE DACUS LAW FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1171
Facsimile: (903) 581-2543

## B.  STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction of the action under Title 28, U.S.C. §§ 1331 and 1338(a), because this action arises under the Patent Laws of the United States, 35 U.S.C.§ 1 *et seq.* Subject matter jurisdiction, personal jurisdiction, and venue under 28 U.S.C. §§ 1391(b) and 1400(b) are not disputed in this case.

## C.  JOINT STATEMENT OF THE CASE

This is a civil action for patent infringement in which Surefield accuses Redfin of infringing claims 1, 3, and 8-9 of U.S. Patent No. 9,836,885 ("'885 Patent"); claims 1, 2, 4, 7-8, 10-11, 13-14, and 17 of United States Patent No. 10,102,673 ("'673 Patent"); claims 1, 4, 9, 11, 16, 18, and 21-22 of United States Patent No. 10,510,111 ("'111 Patent"); and claims 1-2, 4, 8, 15, 17-19, and 22 of United States Patent No. 10,592,973 ("'973 Patent") (collectively the "Asserted

Claims" of the "Asserted Patents").[1]  Surefield alleges that Redfin has directly infringed (literally) and/or indirectly infringed (by inducing infringement of) each of the Asserted Claims.  Surefield also contends that Redfin has indirectly infringed by contributing to the infringement of each of the Asserted Claims.[2]  Redfin contends that Surefield failed to adequately disclose any theory of contributory infringement in its Final Infringement Contentions (as well as its expert report) and is thus precluded from asserting contributory infringement at trial.

The accused instrumentalities in this case are 3D virtual tours branded "3D Walkthrough" and displayed as "Powered by Matterport, Inc." that are accessible through Redfin's property listings available on www.redfin.com and through Redfin's mobile applications, and/or certain associated computer software and data, associated hardware, and processes and methods related to those 3D virtual tours, including servers, databases, computers, storage, and software services. Surefield asserts that Redfin's infringement has been willful.  Surefield seeks monetary damages in the form of an ongoing reasonable royalty, pre- and post-judgment interest, costs, and an award of its fees under 35 U.S.C. §§ 284 and 285.  Surefield disagrees each allegation, defense, and/or affirmative defense asserted by Redfin.

---

[1] Pursuant to the Court's January 11, 2022 Amended Scheduling Order (Dkt 151), Surefield will identify from these listed claims a final set of no more than 11 asserted claims by March 11, 2022.

[2] Redfin objects to Surefield asserting any claim of contributory infringement as Surefield has failed to disclose any theory of how Redfin contributes to any direct infringement by Matterport, Inc. or Redfin end-users in its Final Infringement Contentions or expert report beyond conclusory statements and recitation of the legal standard for contributory infringement.

Redfin denies that it has directly infringed or is directly infringing, or has induced anyone to infringe,[3] any of the Asserted Claims of the Asserted Patents.  Redfin further contends that the Asserted Claims are invalid as anticipated and/or are obvious in light of the prior art.[4]

## D.  CONTENTIONS OF THE PARTIES

By providing these statements, the Parties do not concede that any of the following issues is appropriate for trial. The Parties also do not waive any of their pending motions or objections.

### 1.  Surefield's Contentions

The contentions below do not include every detail underlying each contention.  Surefield does not waive any of its pending motions, including any motions in *limine*, motions for summary judgment, *Daubert* motions, motions to strike, and any other already pending and future motions or objections it may file.

(1) Plaintiff Surefield is the owner of the '885 Patent titled "Image-Based Rendering of Real Spaces." Redfin has been and is infringing the '885 Patent under 35 U.S.C. § 271 by making, using, offering for sale, and/or selling Redfin's Matterport-powered "3D Walkthrough" virtual home tour as deployed on www.redfin.com and Redfin's mobile applications, which are covered by one or more claims of the '885 Patent within the United States. Surefield accuses Redfin's products of infringing claims 1, 3, 8, and/or 9 of the '885 Patent.

---

[3] Redfin objects to Surefield asserting any claim that Redfin induces end-users of the Redfin website or mobile application of infringement as Surefield has not disclosed any theory of direct infringement by end-users in its Final Infringement Contentions or expert report.

[4] Pursuant to the Court's January 11, 2022 Amended Scheduling Order (Dkt 151), following Surefield's identification of a final set of asserted claims, Redfin will identify by March 18, 2022 its final set of prior art grounds including no more than 3 grounds per asserted claim from the previously narrowed prior art grounds for the respective claim, each prior art ground asserted per claim counts toward the total asserted prior art grounds which shall not exceed 28.

(2) Plaintiff Surefield is the owner of the '673 Patent titled "Image-Based Rendering of Real Spaces." Redfin has been and is infringing the '673 Patent under 35 U.S.C. § 271 by making, using, offering for sale, and/or selling Redfin's Matterport-powered "3D Walkthrough" virtual home tour as deployed on www.redfin.com and Redfin's mobile applications, which are covered by one or more claims of the '673 Patent within the United States. Surefield accuses Redfin's products of infringing claims 1, 2, 4, 7, 8, 10, 11, 13, 14, and/or 17 of the '673 Patent.

(3) Plaintiff Surefield is the owner of the '111 Patent titled "Image-Based Rendering of Real Spaces." Redfin has been and is infringing the '111 Patent under 35 U.S.C. § 271 by making, using, offering for sale, and/or selling Redfin's Matterport-powered "3D Walkthrough" virtual home tour as deployed on www.redfin.com and Redfin's mobile applications, which are covered by one or more claims of the '111 Patent within the United States. Surefield accuses Redfin's products of infringing claims 1, 4, 9, 11, 16, 18, 21, and/or 22 of the '111 Patent.

(4) Plaintiff Surefield is the owner of the '973 Patent titled "Image-Based Rendering of Real Spaces." Redfin has been and is infringing the '973 Patent under 35 U.S.C. § 271 by making, using, offering for sale, and/or selling Redfin's Matterport-powered "3D Walkthrough" virtual home tour as deployed on www.redfin.com and Redfin's mobile applications, which are covered by one or more claims of the '973 Patent within the United States. Surefield accuses Redfin's products of infringing claims 1, 2, 4, 8, 15, 17-19, and/or 22 of the '973 Patent.

(5) Redfin performs each step of the Asserted Method Claims or, to the extent that any step(s) of any Asserted Claim is performed by someone other than Redfin, *e.g.* Matterport or end-users of Redfin's website and/or, performance of that step is attributable to Redfin.

(6) Redfin indirectly infringes through inducement and contributory infringement claims 1, 3, 8, and/or 9 of the '885 Patent, claims 1, 2, 4, 7, 8, 10l, 11, 13, 14, and/or 17 of the '673

Patent, claims 1, 4, 9, 11, 16, 18, 21, and/or 22 of the '111 Patent, claims 1, 2, 4, 8, 15, 17-19, and/or 22 of the '973 Patent.

(7) Surefield provided pre-suit notice of infringement of the '885 Patent and the '673 Patent to Redfin and Redfin was aware of each of the Asserted Patents prior to the filing of Surefield's Original Complaint.

(8) Redfin's infringement of the Asserted Claims of the Asserted Patents has been and continues to be willful.

(9) The Asserted Claims of the Asserted Patents are not invalid for any reason, including under 35 U.S.C. § § 102 and/or 103.

(10)     The Asserted Claims of the Asserted Patents are not unenforceable for any reason, including for inequitable conduct, improper inventorship, or any other legal or equitable theory asserted by Redfin.

(11)     Surefield has been damaged by Redfin's infringement of the Asserted Claims, and is entitled to damages for all infringement addressed at trial.

(12)     Surefield is entitled to supplemental damages for all infringement that is not addressed at trial, including, for example, damages for infringement that occurred (i) after the temporal cutoff for the data presented at trial; and (ii) during the period between the jury verdict and the entry of final judgment, as well as pre-judgment and post-judgment interest

(13)     Surefield seeks the following relief:

    i.     A judgment that Redfin has infringed the '885 Patent;

    ii.     A judgment that Redfin has infringed the '673 Patent;

    iii.     A judgment that Redfin has infringed the '111 Patent;

    iv.     A judgment that Redfin has infringed the '973 Patent;

    v.     A judgment that Redfin's infringement has been willful.

vi.     A judgment and order requiring Redfin to pay Surefield damages under 35 U.S.C. § 284, together with pre-judgment and post-judgment interest;

vii.     A judgment and order requiring Redfin to pay Surefield the costs of this action;

viii.     A judgment and order declaring this case to be exceptional based on Redfin's infringement and/or litigation conduct; and

ix.     A judgment and order awarding attorneys' fees to Surefield under 35 U.S.C. § 285.

x.     All equitable relied from the Court that is just and proper.

(14)     Surefield contends that the Asserted Patents are valid, patent-eligible, and enforceable and that its claims are not barred or otherwise limited as a result of any of the affirmative defenses raised by Redfin.

(15)     To the extent not already addressed above, Surefield disagrees with Redfin's contentions below.

## 2. Redfin's Contentions

Redfin does not infringe, either directly or indirectly, any Asserted Claim of any of the Asserted Patents.  Each Asserted Claim is further invalid as anticipated by or obvious in light of the prior art.  Accordingly, Surefield is not entitled to any relief it seeks.  Redfin further contends that:

(1) Redfin does not make, use, sell, or offer to sell a system or any computer readable memory medium that is claimed in the Asserted Patents.

(2) Redfin does not practice each and every element of any Asserted Claim by providing on its website at www.redfin.com or through Redfin mobile applications property listings that link to Matterport-powered "3D Walkthrough" virtual home tours, or otherwise.

(3) Redfin does not direct or control Matterport, Inc. or otherwise control the manner or timing of Matterport's acts in creating 3D Walkthrough home tours.

(4)  Redfin has not induced and does not induce infringement of any Asserted Claim.

(5)  Surefield is precluded from presenting any theory of contributory infringement at trial having failed to disclose any contributory infringement theory in its Final Infringement Contentions, or otherwise.

(6) Each of the Asserted Claim of the Asserted Patents is invalid because it is either anticipated by the prior and/or is obvious in light of the prior art under 35 U.S.C. §§ 102 and/or 103.

(7)  Redfin is not liable to Surefield under any cause of action or legal theory Surefield asserts.

(8)  Surefield is not entitled to any of the recovery it seeks.

(9)  Surefield is not entitled to any other costs, interests, or further relief.

(10) Surefield is not entitled to any damages, including but not limited to a reasonable royalty.

(11) Surefield is not entitled to a finding of infringement.

(12) Surefield is not entitled to a finding of willful infringement.

(13) This is an exceptional case.

(14) Redfin is entitled to an order requiring Surefield to pay its costs and attorneys' fees reasonably incurred in defending this action.

## E.  STIPULATIONS AND UNCONTESTED FACTS

The Parties will continue to meet and confer to attempt to resolve their objections to deposition designations and exhibits, and to identify additional potential stipulations, including stipulations related to the admissibility of exhibits, and will supplement these stipulations to the extent that additional stipulations are agreed by the parties.

1. **The Parties' Statement of Stipulations.**

The Parties have met and conferred and agreed upon certain trial management procedures as set forth below.

2. **The Parties' Statement of Uncontested Facts**[5]

(1)　Appliance Computing III, Inc. d/b/a Surefield, LLC is a corporation organized and existing under the laws of the state of Delaware.

(2)　Redfin Corporation is a corporation organized and existing under the laws of the State of Delaware.

(3)　The Asserted Patents are U.S. Patent No. 9,836,885 ("'885 Patent"); United States Patent No. 10,102,673 ("'673 Patent"); United States Patent No. 10,510,111 ("'111 Patent"); and United States Patent No. 10,592,973 ("'973 Patent") (collectively the "Asserted Patents").

(4)　Surefield is the record assignee and owner of the Asserted Patents.

(5)　Each of the Asserted Patents is titled "Image-Based Rendering of Real Spaces."

(6)　Each of the Asserted Patents names David Eraker, Aravind Kalaiah, and Robert McGarty as inventors.

(7)　Each of the Asserted Patents claims priority to the October 25, 2013 filing of U.S. Provisional Application No. 61/895,978.

(8)　U.S. Patent No. 9,836,885 was filed on October 27, 2014 and issued on December 5, 2017.

(9)　U.S. Patent No. 10,102,673 was filed on December 5, 2017 and issued on October 16, 2018.

---

[5] Surefield maintains that Redfin's factual statements in its Responses to Surefield's Requests for Admission also constitute uncontested facts that may be presented to the jury as such.

(10)   U.S. Patent No. 10,510,111 was filed on September 13, 2018 and issued on December 17, 2019.

(11)   U.S. Patent No. 10,592,973 was filed on November 12, 2019 and issued on March 17, 2020.

(12)   On May 11, 2020, Surefield filed the Complaint asserting infringement of the Asserted Patents.

(13)   Redfin will not be challenging at trial the contention that the effective filing date for all the claimed inventions is October 25, 2013.

(14)   The accused 3D Walkthrough virtual tours were first accessible through property listings available on www.redfin.com on August 21, 2014.

## F.  CONTESTED ISSUES OF FACT AND LAW

The parties identify the following issues that remain to be litigated. To the extent any issue of law discussed below is deemed to be an issue of fact, it is incorporated into this section. The Parties reserve the right to identify additional factual or legal issues that may arise, including issues raised by any further discovery undertaken in this case or the Court's rulings on any pending motions or rulings made at the pretrial conference on this action.

By providing this statement, the Parties do not concede that all of these issues are appropriate for trial. The Parties also do not waive any of their pending motions.

### 1.  Surefield's Positions

**Infringement**

(1)   Whether Surefield has shown by a preponderance of evidence that Redfin has directly infringed claims 1, 3, 8, and/or 9 of the '885 Patent.

(2)     Whether Surefield has shown by a preponderance of evidence that Redfin has indirectly infringed claims 1, 3, 8, and/or 9 of the '885 Patent by inducing others to directly infringe or by contributing to others' direct infringement.

(3)     Whether Surefield has shown by a preponderance of evidence that Redfin directly infringes claims 1, 2, 4, 7, 8, 10, 11, 13, 14, and/or 17 of the '673 Patent.

(4)     Whether Surefield has shown by a preponderance of evidence that Redfin has indirectly infringed claims 1, 2, 4, 7, 8, 10, 11, 13, 14, and/or 17 of the '673 Patent by inducing others to directly infringe or by contributing to others' direct infringement.

(5)     Whether Surefield has shown by a preponderance of evidence that Redfin directly infringed claims 1, 4, 9, 11, 16, 18, 21, and/or 22 of the '111 Patent.

(6)     Whether Surefield has shown by a preponderance of evidence that Redfin has indirectly infringed claims 1, 4, 9, 11, 16, 18, 21, and/or 22 of the '111 Patent by inducing others to directly infringe or by contributing to others' direct infringement.

(7)     Whether Surefield has shown by a preponderance of evidence that Redfin directly infringed claims 1, 2, 4, 8, 15, 17, 18, 19, and/or 22 of the '973 Patent.

(8)     Whether Surefield has shown by a preponderance of evidence that Redfin has indirectly infringed claims 1, 2, 4, 8, 15, 17, 18, 19, and/or 22 of the '973 Patent by inducing others to directly infringe or by contributing to others' direct infringement.

(9)     Whether Surefield has shown by a preponderance of the evidence that Redfin has willfully infringed the Asserted Claims of the Asserted Patents.

**<u>Invalidity</u>**

(10)    Whether Redfin has proved by clear and convincing evidence that claims 1, 3, 8, and/or 9 of the '885 Patent are invalid under 35 U.S.C. § 102 and/or 35 U.S.C. § 103.

(11)     Whether Redfin has proved by clear and convincing evidence that claims 1, 2, 4, 7, 8, 10, 11, 13, 14, and/or 17 of the '673 Patent are invalid under 35 U.S.C. § 102 and/or 35 U.S.C. § 103.

(12)     Whether Redfin has proved by clear and convincing evidence that claims 1, 4, 9, 11, 16, 18, 21, and/or 22 of the '111 Patent are invalid under 35 U.S.C. § 102 and/or 35 U.S.C. § 103.

(13)     Whether Redfin has proved by clear and convincing evidence that claims 1, 2, 4, 8, 15, 17, 18, 19, and/or 22 of the '973 Patent are invalid under 35 U.S.C. § 102 and/or 35 U.S.C. § 103.

**Damages and Remedies**

(14)     Whether Surefield has shown by a preponderance of the evidence the amount of reasonable royalty damages to which it is entitled for any patent containing at least one claim that is found to be infringed and not invalid for the period from the issuance date of the earliest patent found to be infringed through December 31, 2021.

(15)     If the jury awards damages to Surefield, whether Surefield has shown by a preponderance of the evidence that it is entitled to supplemental damages for infringement that is not included in the jury verdict, including, for example damages for infringement that occurred after December 31, 2021 and/or the period between the jury verdict and the entry of final judgment.

(16)     If Surefield provides infringement of one or more patent claims that are not invalid, whether Surefield is entitled to ongoing royalties for post-judgment infringement (rather than an injunction), and the amount of those royalties.

(17)     If the jury awards damages to Surefield, whether Surefield has shown by a preponderance of the evidence that it is entitled to pre- and/or post-judgment interest, and if so the amount.

(18)     If the jury finds willful infringement, whether Surefield should be awarded enhanced damages under 35 U.S.C. § 284 and, if so, the amount of enhancement.

(19)     Whether this case is exceptional under 35 U.S.C. § 285 and, if so, whether Surefield or is entitled to attorneys' fees or costs, and, if so, the amount.

**Affirmative Defenses to Infringement**

(20)     Whether Redfin has proven by clear and convincing evidence that the Asserted Claims of each of the Asserted Patents are invalid under 35 U.S.C. §§ 102 (anticipation) and/or 103 (obviousness).

### 2.   Redfin's Positions

**Infringement**

(1)     Whether Redfin directly infringed or infringe any of the asserted system or computer readable memory medium claims under any theory, including given Surefield only accuses capabilities offered by Matterport and Matterport systems.

(2)     Whether Redfin indirectly infringed or infringes any of the asserted method claims under any theory, including inducing Matterport to infringe.[6]

(3)     Whether the accused Matterport 3D Walkthroughs directly infringed or infringe the Asserted Claims of the Asserted Patents.

(4)     Whether Surefield can prove that any alleged infringement by Redfin of any of the Asserted Claims of any of the Asserted Patents was willful.

---

[6] Redfin contends that Surefield is precluded from asserting any claims of contributory infringement at trial, having failed to adequately disclose any contributory infringement theory in its Final Infringement Contentions or otherwise.

**Invalidity**

(5)    Whether the Asserted Claims of each of the Asserted Patents are invalid under 35 U.S.C. §§ 102 (anticipation) and/or 103 (obviousness).

**Damages and Remedies**

(6)    Whether Surefield can prove that it is entitled to any damages, including a reasonable royalty.

(7)    Whether Surefield is entitled to pre- and post-judgment interest, and if so, in what amount.

(8)    Whether Surefield is entitled to enhanced damages.

(9)    Whether this case is exceptional.

(10)   Whether Redfin is entitled to an order requiring Surefield to pay its costs and attorneys' fees.

## G.  LIST OF WITNESSES

Surefield's witness list with Redfin's objections is attached as **Exhibit 1**.

Redfin's witness list with Surefield's objections is attached as **Exhibit 2**.

## H.  LIST OF EXHIBITS

A Joint Exhibit list, including documents identified by both Parties and not objected to, is attached as **Exhibit 3**.

Surefield's Exhibit List with Redfin's objections thereto is attached as **Exhibit 4**. Redfin's Exhibit List with Surefield's objections thereto is attached as **Exhibit 5**.

The Parties will continue to meet and confer regarding their respective objections and strive to resolve all objections and issues prior to presenting them to the Court.

## I.   DEPOSITION DESIGNATIONS

Surefield's deposition designations with Redfin's objections and counter-designations are attached as **Exhibit 6**.

Redfin's deposition designations with Surefield's objections and counter-designations are attached as **Exhibit 7**.

## J.   STIPULATIONS AND TRIAL DISCLOSURES

The following stipulations were agreed upon by the parties as discussed below and are made a part of this Pretrial Order.

The parties agree to the following procedure which will govern the disclosure of witnesses, exhibits, deposition testimony and demonstratives to use at trial and the process to identify any objections remaining between the parties with regard to these disclosures.

### 1.   Motions

All motions for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) may be brought to the Court orally or in writing. Unless the Court sets alternative deadlines, all oppositions to motions filed pursuant to Fed. R. Civ. P. 50(b) must be filed within 28 days of the filing of the motion. All replies in support of the motions must be filed within 21 days of service of any oppositions. The parties reserve their right to seek reasonable extensions of these deadlines, subject to the Court's approval.

### 2.   Exhibits

(1)      The parties agree that any exhibit listed on any party's exhibit list as to which no objection remains pending at the time of opening statements may be shown to the jury during opening statements.  The parties agree that exhibits to be used or offered into evidence solely for impeachment need not be included on the parties' trial exhibit lists.  Except for such documents used solely for impeachment, a party may not offer substantive documentary evidence not

appearing on its exhibit list or the exhibit list of the other party, unless the Court determines that the interest of justice so warrants.

(2)     Each party has the right to use an exhibit on either party's exhibit list, even if not introduced by the designating party, subject to all evidentiary objections.  Another party's exhibit is not, however, admissible simply by virtue of being on an exhibit list.  A party seeking to introduce another party's exhibit must still have a witness sponsor the exhibit into evidence and is subject to any objections, including for example, hearsay objections that may apply to one party but not the other.

(3)     Any document produced in discovery in this case bearing a production number and that on its face appears to have been generated by the producing party (including documents generated by the producing party's employees during the course of their employment) shall be deemed to be prima facie authentic. Any secondary document (e.g., email attachment, website link, etc.)  embedded within or attached to a primary document that qualifies as prima facie authentic under the preceding sentence shall not be deemed prima facie authentic unless it separately and independently qualifies as prima facie authentic under the preceding sentence.

(4)     A legible copy of an exhibit may be offered in evidence in lieu of the original subject to all foundational requirements and other objections that might be made to the admissibility of the original and subject to the right of the party against whom it is offered to inspect on original upon request reasonably in advance of any proposed use of the copy. For exhibits that are spreadsheets, slide presentations, or videos, the parties may use electronic versions of such exhibits in their native format.

(5)     Legible photocopies of United States and foreign patent and trademark applications, published documents, issued documents, and file histories, including the asserted

patents and their file histories, may be used in evidence in lieu of certified copies thereof, subject to all other objections which might be made to the admissibility of certified copies. The dates of filing and issuance and the identity of the inventors of record shall be deemed to be shown on the face of the patent, subject to the right of the party against whom it is offered to adduce evidence to the contrary.

(6)     The parties will exchange by email lists of exhibits they intend to use during direct examination or by witnesses called by designation by 7:00 p.m.[7] two (2) calendar days before their intended use (*i.e.,* Sunday evening for a witness to be called on Tuesday), and provide an identification of the witness(es) each such exhibit will be used with on direct examination or by designation.  The parties shall exchange objections to exhibits by 7:00 p.m. one (1) calendar day before the exhibits are proposed to be introduced and the parties shall then meet and confer regarding all objections by 9:00 p.m. the day the objections are provided.  To the extent good faith efforts to resolve objections fail, the objecting party will raise the objections with the Court, if possible, on the morning, before trial begins, of the day the exhibits are intended be used, but otherwise prior to the introduction of the exhibit.

(7)     No exhibit will be admitted unless offered into evidence through a witness, who must at least be shown the exhibit and formally moved the exhibit into evidence by exhibit number.

(8)     Exhibits may not be published, displayed, or otherwise shown to the jury until after they have been admitted into evidence, except documents used for demonstrative purposes only or used during examination of an expert witness where the documents were relied upon by the expert in forming the expert's opinions and disclosed in that expert's report, and for which there is no objection or any objection has been overruled.

---

[7] All times noted herein are Central Time.

(9)     The parties agreed to exchange lists of "Admitted Exhibits" (those admitted into evidence) by 9:00 p.m. the same day they were entered.

### 3. Witnesses

The parties will identify by email witnesses to be called live or by deposition (in the order that they will be called) at 7:00 p.m. two (2) calendar days in advance of the day of trial during which the witnesses will testify. For example, if a witness will testify on a Monday, the witness must be identified by 7:00 p.m. on the previous Saturday.  The parties shall exchange objections to any identified witnesses by 7:00 p.m. the day before the witness is offered to testify.  The parties shall then meet and confer telephonically or in person by 9:00 p.m. the day the objections are provided in an attempt to resolve any objections.  To the extent good faith efforts to resolve objections fail, the objecting party will raise the objections with the Court, if possible, on the morning, before trial begins, of the day the witness is intended to testify, but otherwise prior to witness taking the stand.

### 4. Deposition Testimony

(1)     For deposition designations, the parties will provide a list of any deposition designations that party intends to present, along with estimated run-times for video, by 7:00 p.m. two (2) days before the designation is to be read or played. Any counter-designations and objections shall be provided by 7:00 p.m. the day before the deposition is to be played.  All objections to counter-designations shall be provided no later than 8:00 p.m. the day the counter-designations are provided.  The parties shall then meet and confer regarding all objections by 9:00 p.m.  Any unresolved objections will be raised with the Court the next morning.  Promptly after the meet and confer one (1) day before the deposition testimony is to be played, the party that seeks to read or play the deposition testimony must provide the opposing party a workable copy of the actual recordings to be played (or testimony to be read), including all designations and

counter designations included sequentially (i.e., in the order that they appeared at the deposition). The parties shall cooperate in good faith to prepare the designated portions of the depositions for presentation at trial. The time available for each side's trial presentation shall be reduced by the length of its designations or counter-designations actually played or read at trial. If played, such time shall be measured by the amount of time of each party's designations.

(2)     The parties agree to continue to meet and confer to resolve any objections to the other party's deposition designations and exhibits. The parties agree to endeavor to enter into stipulations as to the authenticity and use of produced documents following the exchange of exhibit lists and objections.

(3)     Unless used for impeachment, all designated deposition testimony shall be played by video unless both parties reach an agreement to read the deposition testimony live or the Court orders otherwise. The parties' designations and counter-designations shall be played together.

(4)     Regardless of whether deposition testimony is read or played by video, the time available for each party's trial presentation shall be reduced by the length of its designated and counter-designated testimony read or played.

(5)     Prior to the introduction of deposition designations or counter-designations, counsel for the introducing party may provide a short introduction to the jury about the identity of the witness, which introduction the parties agree is not evidence and the time for which will be charged against that party.

(6)     All irrelevant and redundant colloquy between counsel and objections will be eliminated as much as practicable when the deposition testimony is presented at trial.

(7)     For each deposition, the specific portions of the deposition designated or counter-designated by either party shall be read or played together in the same order as the real time deposition testimony with all objections and colloquy removed.

(8)     Any deposition testimony not specifically identified on a party's deposition designation list may still be used at trial for the purpose of impeachment, if otherwise competent for that purpose. When a party uses deposition testimony for impeachment, the party may elect to either play the deposition testimony by video or read the deposition testimony live unless the Court orders otherwise.

(9)     To the extent certain designated deposition testimony is admissible, a party's decision not to introduce some or all of the deposition testimony of a witness designated by that party herein shall not be commented upon by the other party at trial.

(10)     If a party withdraws testimony previously designated, the other party has the right to designate the withdrawn testimony subject to the initially designating party's objections.

## 5. Demonstrative Exhibits

(1)     The parties will exchange by email copies of all documentary, graphic, slide, animation, boards, and any other form of Demonstratives they plan to use at trial for use during direct examination – but not for cross-examination – and an identification of witnesses each such Demonstrative will be use with, by 7:00 p.m. the night before their intended use.  In other words, if a demonstrative will be used on Monday, it must be exchanged or made available by 7:00 p.m. on the previous Sunday. That same evening, the parties shall exchange objections to demonstratives by 8:00 p.m. and then meet and confer regarding all objections by 9:00 p.m. To the extent good faith efforts to resolve objections fail and there are additional unresolved objections about demonstrative exhibits, the objecting party will raise the objections with the Court, if possible, the morning before trial begins or resumes of the day the demonstratives is

intended be used, other otherwise before their use.  Demonstratives exchanged will not be used by the opposing party prior to being used by the disclosing party.

(2)     "Demonstratives" are exhibits specifically created for the purpose of the trial and do not include (a) the blowup (enlargement), highlighting, ballooning, etc. of trial exhibits (so long as the underlying exhibit is pre-admitted or any objections thereto have been resolved) or transcripts of testimony, (b) demonstratives previously displayed in the course of the trial. Reasonable non-substantive edits or corrections of typographical and similar errors to demonstrative exhibits may be made to such exhibits prior to use.

(3)     For clarity, Demonstratives include physical or other non-documentary demonstratives (such as poster boards, product samples, prior art sample, live product, or prior art demonstrations).  Thus, photos or electronic images of the physical demonstrative must be disclosed in accordance with the schedule and procedure set forth in subparagraph (1), and also made available for physical inspection if requested by the opposing party.  Similarly, hand-written or other demonstratives that a party plans to create during opening statements or witness direct examinations must be disclosed (by providing a description and purpose of the Demonstrative) in accordance with the schedule set forth in subparagraph (1).  For any demonstration involving a website or other interactive computer interface ("Website"), a working link or access to the Website with full navigation capability enabled must be provided, as well as a detailed description of the planned navigation of the Website in accordance with the schedule set forth in subparagraph (1).

(4)     Demonstratives for direct examination and opening and trial exhibits must be cleared of outstanding objections before being shown to the jury. Additionally, any transcripts of testimony (excluding testimony given during this trial) must be cleared of outstanding objections

before being shown to the jury during opening or on direct examination. On cross-examination, transcripts of testimony may be used so long as it is not in violation of a motion in *limine* or other exclusionary order, regardless of whether it was previously designated by the parties.

(5)     The parties agree that the demonstrative exhibits the parties intend to use at trial do not need to be included on their respective lists of trial exhibits. The parties further agree that, unless otherwise ordered by the Court, demonstrative exhibits will not be admitted as evidence and will not be made available to the jury during deliberations.

(6)     The parties agree to discuss in good faith a reasonable time for exchange of previously undisclosed closing demonstratives. For closing arguments, the parties agree that a party need not provide advance notice regarding its intent to use demonstratives previously used during the course of trial or enlargements, highlighting, ballooning, or other annotations of admitted trial exhibits.

(7)     The parties agree that any party seeking to use a demonstrative exhibit previously used by the opposing party shall include the previously used demonstrative exhibit, in the format it will be used, in its demonstrative exhibits exchanged pursuant to paragraph 1 above. To the extent a video is embedded in such demonstrative (e.g., a slide), the parties agree to produce a native version of the video upon request by the opposing party.

(8)     To the extent certain exhibits or demonstrative exhibits are admissible, a party's decision not to introduce the exhibits or demonstrative exhibits shall not be commented upon by the other party at trial.

## 6.  Disclosures for Opening Statements

Any demonstratives (documentary, graphic, slide, animation, mock-ups to be created during opening statements with detail regarding their substance, and any other form of demonstratives), deposition testimony, and exhibits to be used during opening statements are to be

exchanged by **10 a.m.** one (1) day before the opening statements. Any physical demonstratives, including any poster boards, must be made available for inspection at the same time and physical demonstratives must also be made available for inspection at the same time along with the other demonstratives. "Demonstratives" herein have the same definition set forth above in J(5)(2).

Any objections to the opening statement disclosures must be provided by **1:00 p.m.** the day the disclosures are received. The parties shall meet and confer telephonically in an attempt to resolve any objections to these disclosures by **4:00 p.m.** If the parties cannot resolve the objections, the unresolved issues will be raised with the Court in the morning, before opening statements are presented to the jury. Demonstratives exchanged will not be used by an opposing party prior to being used by the disclosing party.

### 7.   Stipulations Regarding Subject Matter Not to Be Presented to The Jury

(1)     There will not be any testimony, argument or evidence presented that is contrary to the Court's claim construction.

(2)     There will not be any testimony, argument, or evidence regarding settlement communications or negotiations between the parties, including the substance of any settlement offers, counter offers, or responses and communications made between the parties relating to possible or actual settlement. For the avoidance of doubt this agreed stipulation does not apply to pre-suit communications between Surefield and Redfin.[8]

(3)     There will not be any testimony, argument, or evidence suggesting the Asserted Patents are patent ineligible under 35 U.S.C. § 101 or unenforceable due to inequitable conduct or unclean hands defenses.

---

[8] The parties dispute whether or not the amount of any licensing offers in any pre-suit licensing negotiations or communications is admissible, which is the subject of Surefield's opposed motions *in limine* and *Daubert* motion.

(4)     There will not be any testimony, argument, or evidence regarding infringement under the Doctrine of Equivalents.

(5)     The Parties agree not to offer any evidence or testimony (lay and expert) of or make any reference, suggestion, or argument regarding the fact that any claim, defense, affirmative defense, prior art, theory, or product was previously at issue in this lawsuit, has been withdrawn over the course of the litigation, or is no longer at issue in this lawsuit.

(6)     There will not be any testimony, evidence, or expert opinions from experts not disclosed in expert reports.

(7)     There will not be any testimony, argument, or evidence regarding alleged prior art that is not specifically mentioned in Dr. Navratil's report.[9]

(8)     The Parties shall not offer any evidence or testimony (lay and expert) of or make any reference, suggestion, or argument that damages could potentially be enhanced.

(9)     Redfin agrees not to offer any evidence or testimony (lay and expert) of or make any reference, suggestion, or argument regarding Surefield's or David Eraker's decision not to assert a patent granted to, assigned to, or owned by Surefield or David Eraker, including without limitation patents in the same family with or otherwise related to the Asserted Patents.

---

[9] Redfin agrees that Dr. Navratil will not testify to any materials or opinions not disclosed in his expert report, and understands that Dr. Navratil can testify about the state of the art based on art disclosed in his expert report. Surefield objects to Redfin's statement because the background/state of the art and overview section of Dr. Navratil's report contain numerous statements that are not relevant and unfairly prejudicial to Surefield. Fed. R. Evid. 402-03, 703.  By way of example only, these sections improperly rely on undisclosed and unelected prior art and compare "state-of-the-art" prior art to the claimed invention, ECF Nos. 88 & 160 (MIL #13); allege individual claim elements are in the prior art separate from an opinion that it would be obvious to combine the references together to yield the full invention of a least one challenged claim, ECF No. 160 (MIL #8 ); improperly allege misconduct by Surefield before the PTO, (Jt. Pretrial Order, Stip. 11); improperly compare the prior art to the embodiments in the specification of the Asserted Patents and the accused instrumentalities, ECF No. 160 (MIL #9); assert waived, rejected, or undisclosed indefiniteness arguments, *id*. (MIL #6); and rely on facts that are inadmissible, on which experts in the field would not reasonably rely, and/or the prejudicial effect of which would greatly outweigh any possible probative value.

(10)     The Parties agree not to offer any evidence or testimony (lay and expert) of or make any reference, suggestion, or argument regarding other litigation or propensity to litigation by any person or party.

(11)     Redfin agrees not to disparage the quality of the PTO and its examiners, including without limitation that examiners are overworked or that the PTO is prone to error, beyond making comments in reference to the Federal Judicial Center Patent Video.

(12)     Redfin agrees that at trial it will not present any theory that the Asserted Patents are invalid for indefiniteness under 35 U.S.C. § 112.

(13)     Redfin agrees that at trial it will not present any theory that the Asserted Patents are invalid for lack of written description under 35 U.S.C. § 112.

(14)     Redfin agrees not to offer any evidence or testimony (lay and expert) of or make any reference, suggestion, or argument that any inventor(s) or patent prosecutor(s) acted improperly, provided inaccurate or intentionally withheld information from the PTO, attempted to or did deceive the PTO during prosecution, or that the patent is in anyway unenforceable as a result of inequitable conduct. Nothing herein shall prevent Redfin from presenting evidence or arguments regarding what was or was not disclosed to the PTO.

(15)     Redfin agrees not to offer any evidence or testimony (lay and expert) of or make any reference, suggestion, or argument (i) that Surefield's attorneys have a contingent fee arrangement in this case or (ii) of how Surefield is paying the expenses and/or costs associated with this litigation.

(16)     The Parties agrees not to offer any evidence or testimony (lay and expert) of or make any reference, suggestion, or argument regarding any current or prior relationship between

any expert witnesses and Marton, Ribera, Schumann & Chang LLP, DiNovo Price LLP, and/or any other counsel of record or their current or former attorneys.

(17)    The Parties will not make any reference to jury consultants, investigators, mock trials, focus groups and the like consulted in preparation for litigation.

(18)    The Parties agrees not to offer any evidence or testimony (lay and expert) of or make any reference, suggestion, or argument regarding the Western District of Texas as a patent venue or excessive litigation or patent litigation.

(19)    Surefield shall not make particular reference to Redfin's total profits or revenue. Nothing herein shall prevent Surefield from referring to Redfin's total brokerage profits or revenue or Redfin's total RedfinNow profits or revenue.

(20)    The Parties shall not refer to stealing or theft by Redfin or Surefield. Nothing herein shall prevent the parties from offering evidence or testimony or making argument regarding copying (which is the subject of disputed MILs).

(21)    Redfin agrees not refer to David Eraker or Surefield as a "patent troll," "patent assertion entity," "non-practicing entity," "NPE", "pirate," "privateer," "paper patent," "playing the lawsuit lottery," "patent assertion entity," or a company that is "playing the lawsuit lottery".

## 8. Handling of Source Code and Confidential Material

The parties agree to request that the courtroom be sealed when a party's confidential information, including source code or evidence concerning highly sensitive business documents, testimony, or information is expected to be presented.

Regarding source code, the Protective Order allows for creating "an electronic image of a selected portion of source code for documents filed electronically with the Court or used during trial." Dkt. No. 72, para. 12(f). The parties agree that for purposes of trial this includes creating an electronic image of the entirety of Surefield's or Redfin's printed hard copy (Redfin and/or

Matterport) source code in order to pre-mark the electronic copy as an exhibit. The parties agree that only the specific code files or source code pages discussed at trial may be offered into evidence to become part of the record, not the entirety of the printed source code hard copies during fact discovery or their electronic image. Once the trial is complete, the parties may retain a file copy of the admitted version of the source code trial exhibit(s), but any other digitized source code should be deleted. A hard copy of the source code may be retained subject to the provisions of the Protective Order. Any third-party source code will be handled as set forth in this Paragraph 8 subject to any additional restrictions agreed upon by Surefield and Redfin with the third-party.

For the avoidance of any doubt, any presentation of the parties' source code in open court requires sealing of the courtroom.

## K. PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

Two versions of the parties' joint and disputed jury instructions are attached: **Exhibit 8-A**, which is marked "Requested Jury Charge" and includes citation of authority and the parties' respective objections, if any, and **Exhibit 8-B**, which is marked "Jury Charge" and omits all citations, authorities, and objections.

The parties are working on an agreed Jury Interrogatories/Verdict form and will submit their requested version by February 21, 2022.

## L. LIST OF PENDING ISSUES AND MOTIONS

| Date Filed | Dkt. No. | Description |
|---|---|---|
| 10/20/2021 | 82 | Surefield's Motion to Strike and Exclude Defendant's Expert Opinions Regarding Certain Noninfringing Alternatives |
| 10/25/2021 | 85 | Redfin's Motion to Exclude Certain Testimony of Dr. Jose Luis Melendez |
| 10/25/2021 | 86 | Redfin's Motion to Strike Portions of the Expert Report of Dr. Jose Luis Melendez on Infringement |
| 10/25/2021 | 87 | Redfin's Motion for Summary Judgment of Non-Infringement |
| 10/25/2021 | 88 | Surefield's Motion to Strike and Exclude Opinions in the Reports of Defendant's Expert Dr. Navratil |

| 10/25/2021 | 89 | Surefield's Motion for Partial Summary Judgment on Defendant's Invalidity Defenses and Counterclaims |
| 10/29/2021 | 93 | Joint Report Regarding Narrowing of Asserted Claims and Prior Art |
| 11/05/2021 | 99 | Redfin's Motion to Exclude Mr. Benoit's Opinions and Testimony under Fed. R. Evid. 702 and *Daubert* |
| 11/05/2021 | 100 | Surefield's Motion to Strike and Exclude Opinions of Redfin's Damages Expert, James Malackowski |
| 12/15/2021 | 141 | Surefield's Motion for Leave to File Motion for Summary Judgment Based on Recent PTAB Decisions (including 141-2 Plaintiff's Motion for Partial Summary Judgment of No Obviousness of the Asserted Claims in View of the Cowtan-Bell Combinations and Cowtan-Matterport Prior Art System Combination) |
| 1/10/2022 | 150 | Redfin's Motion to Strike Untimely Report of Dr. Jose L. Melendez |

## M.    MEMORANDA ON DISPUTED ISSUES OF LAW

Each party reserves the right to submit a trial brief, as appropriate, on any disputed issues of law and/or fact regarding infringement, invalidity, damages, and the exceptional nature of this case.

## N.  PROPOSED *VOIR DIRE*

The parties intend to submit joint proposed (or proposed and disputed) voir dire questions and proposed juror questionnaire by February 18, 2022.

## O.  DISPUTED MOTIONS *IN LIMINE*

Surefield's Motions *in Limine* were filed as Dkt. 159.

Redfin's Motions *in Limine* were filed as Dkt. 160.

The parties will be filing their oppositions to these motions on February 11, 2022.

## P.  PROBABLE LENGTH OF TRIAL

The parties estimate that the length of trial will be one week and request 14 hours per side. This time will not include opening statements and closing arguments. The parties propose

that opening statements are limited to thirty (30) minutes per side and closing arguments are limited to forty-five (45) minutes to one hour per side.

This Joint Pre-Trial Order is hereby approved this _____ day of _____, 2022.

_____
HON. ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE

Dated: February 11, 2022

/s/ Nicole E. Glauser
Andrew G. DiNovo
Texas State Bar No. 00790594
adinovo@dinovoprice.com
Nicole E. Glauser
Texas State Bar No. 24050694
nglauser@dinovoprice.com
Daniel L. Schmid
Texas State Bar No. 24093118
dschmid@dinovoprice.com
Christopher V. Goodpastor
Texas State Bar No. 00791991
cgoodpastor@dinovoprice.com
Adam G. Price
Texas State Bar No. 24027750
aprice@dinovoprice.com
Gregory S. Donahue
Texas State Bar No. 24012539
gdonahue@dinovoprice.com
**DINOVO PRICE LLP**
7000 N. MoPac Expressway, Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Facsimile: (512) 539-2627

Steven W. Fogg (*pro hac vice*)
sfogg@corrcronin.com
Eric A. Lindberg (*pro hac vice*)
elindberg@corrcronin.com
**CORR CRONIN, LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154
Telephone: (206) 625-8600

Mark P. Walters (*pro hac vice)*
walters@lowegrahamjones.com
**LOWE GRAHAM JONES, PLLC**
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
Telephone: (206) 381-3300

**ATTORNEYS FOR PLAINTIFF
APPLIANCE COMPUTING III, INC.
d/b/a SUREFIELD**

Respectfully submitted,

/s/ Ryan J. Marton
Ryan J. Marton (Admitted *Pro Hac Vice*)
ryan@martonribera.com
Hector J. Ribera (Admitted *Pro Hac Vice*)
hector@martonribera.com
Carolyn Chang (Admitted *Pro Hac Vice*)
carolyn@martonribera.com
Phillip Haack (Admitted *Pro Hac Vice*)
phaack@martonribera.com
**MARTON RIBERA SCHUMANN &
CHANG LLP**
548 Market St. Suite 36117
San Francisco, CA 94104
Telephone: (415) 360-2515

Darryl Adams
Texas State Bar No. 00796101
dadams@sgbfirm.com
**SLAYDEN GRUBERT BEARD PLLC**
401 Congress Ave., Ste. 1650
Austin, Texas 78701
Telephone: (512) 402-3550
Facsimile: (512) 402-6865

Benjamin J. Byer (Admitted *Pro Hac Vice*)
benbyer@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Telephone: (206) 757-8105
Facsimile: (206) 757-7105

M. Scott Stevens (NC Bar # 37828)
Nicholas Marais (NC Bar #53553)
Karlee Wroblewski (NC Bar #55043)
**ALSTON & BIRD LLP**
One South at the Plaza
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280
Tel: 704.444.1000
Fax: 704.444.1111

Deron R. Dacus (Texas Bar No. 00790553)
**THE DACUS LAW FIRM, P.C.**

821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1171
Facsimile: (903) 581-2543

**ATTORNEYS FOR DEFENDANT
REDFIN CORPORATION**

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that on February 11, 2022, the foregoing document was filed electronically with the Clerk of the Court using the Court's CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record who have appeared in this action.


<u>/s/ *Nicole E.Glauser*</u>
Nicole E. Glauser