IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| APPLIANCE COMPUTING III, INC. d/b/a SUREFIELD, <br><br> Plaintiff, <br><br> v. <br><br> REDFIN CORPORATION, <br><br> Defendant. | § § § § § § § § § § § § <br><br> Case No. 6:20-cv-00376-ADA |

### REDFIN'S MEMORANDUM IN SUPPORT OF ITS PROPOSED BILL OF COSTS

As the prevailing party in this litigation, Defendant Redfin Corporation requests an award of costs in the amount of **$145,907.26** as reflected in its proposed Bill of Costs filed concurrently herewith.

On August 15, 2022, the Court entered its Order of Judgment after the jury reached and returned its unanimous verdict in favor of Defendant on May 17, 2022. ECF 234, 245. The Order of Judgment expressly states that Redfin is the prevailing party and shall recover its costs from Plaintiff. ECF 245 ¶ 3.

The following categories of costs are permitted under 28 U.S.C. § 1920:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Redfin's Section 1920 costs are enumerated in its proposed Bill of Costs and described in further detail in this supporting memorandum and its attached exhibits.

### I. Section 1920(1): "Fees of the clerk and marshal"

Although Section 1920(1) does not expressly allow for recovery of private process server fees, a prevailing party who used a private process server may recover as costs the amount that would have been charged by the U.S. Marshal's Service for service of process. *See, e.g.*, *Ibarra v. BP Expl. & Prod. Inc.*, No. CV H-19-2898, 2020 WL 6585691, at *2 (S.D. Tex. Nov. 10, 2020) (citing cases). In this case, Redfin attempted and effected service of five subpoenas, incurring total costs of $2,704.11. *See* Exhibit A. The U.S. Marshall in this case would have charged $65.00 per hour for service of process. *See* 28 C.F.R. § 0.114. Based on this rate, Redfin has calculated a total of **$585.00** for its service of process fees. *See id.*

### II. Section 1920(2): "Fees for printed or electronically recorded transcripts necessarily obtained for use in this case"

Redfin seeks to recover **$74,029.16** in costs for printed or electronically recorded trial and deposition transcripts. Section 1920(2) permits Redfin, as the prevailing party, to recover these costs. *See* 28 U.S.C. § 1920(2).

#### A. Transcripts of Court Proceedings

Redfin seeks taxation of costs in the amount of **$16,542.36** for daily trial proceedings transcripts which were used during trial. The invoice for these costs is attached as Exhibit B.

#### B. Transcripts of Depositions

Redfin also incurred significant costs in connection with the depositions of fact and expert witnesses. Costs related to depositions are permitted under Section 1920(2) if the

depositions "were necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The Fifth Circuit has "consistently held that a deposition need not be introduced into evidence at trial in order to be 'necessarily obtained for use in the case.'" *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). "If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party." *Id.*; *see also Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999). Section 1920(2) also permits taxing costs for video recordings of depositions. *See, e.g.*, *SynQor, Inc. v. Artesyn Techs., Inc.*, No. 2:07-CV-497-TJW-CE, 2011 WL 4591893, at *2 (E.D. Tex. Sept. 30, 2011) (explaining 2008 amendment to Section 1920 permits recovery of both transcripts and video recordings necessarily obtained for use in the case).

Redfin seeks **$57,486.80** in costs for deposition transcripts and videos associated with the below-identified witnesses. These were necessarily obtained for use in this case as explained for each listed witness below. The costs for each listed witness are set forth in detail as Exhibit C. The respective invoices for each with itemization are also included with Exhibit C.

| Deponent | Why Transcripts Were Necessarily Obtained for Use in This Case |
|---|---|
| Bell, Matthew | Developer of accused technology; Matterport co-founder and Matterport 30(b)(6) witness; deposed by Surefield |
| Benoit, Paul C. | Surefield's damages expert |
| Bokhari, Sheharyar | Redfin analytics employee who had studied value of accused technology; deposed by Surefield |
| Dwivedi, Shekhar | Developer of Surefield's commercial embodiment of the asserted technology |
| Eraker, David | Inventor of the asserted technology; Surefield's 30(b)(6) witness |
| Furukawa, Yasutaka | Developer of Google prior art; deposed by Surefield |
| Gausebeck, Dave | Developer of accused technology; Matterport co-founder and Matterport 30(b)(6) witness; deposed by Surefield |

| Hu, Peter | Redfin employee who developed accused technology; Redfin 30(b)(6) witness; deposed by Surefield |
|---|---|
| Johnson, Brian | Redfin analytics employee who had studied extent of use of accused technology; deposed by Surefield |
| Kalaiah, Aravind | Inventor of asserted technology |
| Kelman, Glenn | Redfin CEO; deposed by Surefield |
| Kota, Justin | Redfin technology developer deposed by Surefield |
| Malackowski, James | Redfin's damages expert |
| McGarty, Robert | Inventor of asserted technology |
| Melendez, Jose Luis | Surefield's technical expert |
| Michel, Daniel | Matterport salesperson who had interactions with Surefield |
| Navratil, Paul | Redfin's technical expert |
| Stocking, Chris | Redfin financial executive and Redfin 30(b)(6) witness; deposed by Surefield |
| Taylor, Lisa | Redfin marketing executive and Redfin 30(b)(6) witness; deposed by Surefield |
| Wiener, Adam | Redfin executive and Redfin 30(b)(6) witness; deposed by Surefield |
| Xiao, Allen | Redfin technology developer and Redfin 30(b)(6) witness; deposed by Surefield |

As also reflected in Exhibit C, Redfin seeks only a subset of its total deposition-related costs,[1] and has omitted incidental costs except the expedited delivery charges associated with three deposition transcripts. These depositions consist of the parties' technical expert witnesses, Paul Navratil and Jose Luis Melendez, whose depositions took place October 18-20, 2021, less

---

[1] Redfin has limited its deposition costs to itemized charges recently found by this Court to be "necessary." *See Profectus Tech. LLC v. Google LLC*, 6:20-cv-00101-ADA, 2022 WL 3362282, at *3-4 (W.D. Tex. Aug. 15, 2022). Additionally, Redfin has already omitted costs incurred for videos of witnesses who testified at trial (*i.e.*, Benoit, Eraker, Furukawa, Melendez). *See MV3 Partners LLC v. Roku, Inc.*, No. 6:18-CV-00308-ADA, 2022 WL 1913619, at *4 (W.D. Tex. June 3, 2022) (allowing recovery for video depositions of witnesses who did not testify at trial).

than a week before the October 25, 2021 *Daubert* and dispositive motion deadlines. Expedited transcripts were necessary given the short turnaround time by which Redfin needed them to meet such deadlines and are thus recoverable. *See, e.g.*, *Roku*, 2022 WL 1913619, at *4 (allowing expedited fees where necessary to meet *Daubert* and dispositive motion deadlines) (citation omitted); *Jacked Up, LLC v. Sara Lee Corp.*, No. 3:11-cv-3296-L, 2015 WL 10607574, at *3 (N.D. Tex. Sept. 2, 2015), *report and recommendation adopted*, No. 3:11-CV-3296-L, 2016 WL 1322135 (N.D. Tex. Apr. 5, 2016) (awarding expedited costs where deposition taken "shortly before the summary judgment deadline").

II.     **Section 1920(3): "Fees and disbursements for printing and witnesses"**

The statutory fees and allowances for witness attendance are set forth in 28 U.S.C. § 1821. In particular, attendance fees for witnesses at deposition or trial are $40 per day of attendance, including time necessarily occupied going to and returning from the place of attendance. 28 U.S.C. § 1821(a)(1),(b). The total fees for travel are calculated based on actual expenses of travel pursuant to 28 U.S.C. § 1821(c). Section 1821 sets no limit on the distance from which a witness may be brought, allowing reimbursement for any "distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance." The total fees requested for lodging and meals and incidentals (*i.e.*, subsistence allowances) are calculated based on per diem rates provided by the Administrator of General Services ("GSA") for the relevant time period and location, as required by 28 U.S.C. § 1821(d).

Redfin requests taxation of $1,120.00 in witness attendance fees at deposition and trial pursuant to 28 U.S.C. § 1821(b), as well as $8,271.16 in travel[2] and subsistence costs pursuant to 28 U.S.C. § 1821(c),(d), for a total of **$9,391.16.** A summary with details of these expenses and supporting documentation for the same, as well as the applicable GSA per diem and mileage rates, are submitted with Exhibit D.

**III.   Section 1920(4): "Fees for exemplification and the costs of making any materials where the copies are necessarily obtained for use in the case"**

    **A.   Fees for Exemplification**

As reflected in Exhibit E, Redfin also seeks taxation of **$35,001.94** in fees for exemplification, including of Redfin's accused technology and the prior art at trial.[3]  Redfin reasonably calculated these fees by apportioning the billed time of IMS Consulting & Expert Services, LLC's Tracy Lodge in April 2022 and May 2022, during which the entirety of Mr. Lodge's billed time was spent to create the demonstratives used by Redfin's technical expert (Paul Navratil) and damages expert (James Malackowski). Approximately 85 of the 154 slides (55%) created for Mr. Navratil were exemplifications used at trial on how Redfin's accused technology and the prior art worked. Approximately 3 of the 31 slides created for Mr. Malackowski were exemplifications of relevant Matterport and Redfin agreements and used at trial. In total, approximately 88 of 185 slides (48%) can be attributed to fees for exemplification, which is the percentage apportionment applied to Mr. Lodge's April and May 2022 time to calculate Redfin's requested amount of $35,001.94.

---

[2] For amounts incurred in CAD, Redfin has applied the May 2022 average CAD USD exchange rate (0.7786) to calculate estimated totals in USD.
[3] This amount represents less than 22% of the total fees of $159,427.19 which Redfin incurred for its trial graphics. *See* Exhibit E.

5

Redfin recognizes that this Court recently construed "exemplification" as used in Section 1920(4) as "narrow in scope" whereby it did not authorize "taxing costs for trial graphics, trial technicians, trial equipment, or equipment for remote trial testimony." *Profectus Tech. LLC v. Google LLC*, 6:20-cv-00101-ADA, 2022 WL 3362282, at *5 (W.D. Tex. Aug. 15, 2022). However, the Court also noted that Section 1920(4) would "allow for and capture the costs beyond mere documents, such as physical product samples," and permitted recovery of costs for physical trial demonstratives as within the common definition of "exemplification." *Id.* at *5; *see also id.* at *7 (noting lay definitions of "exemplification" at Merriam-webster.com as "an example and listing synonyms such as 'prototype,' 'representative,' and 'sample'" and at Dictionary.com "as 'something that exemplifies; an illustration or example'").

Here, unlike in *Google*, Redfin does not seek to recover all costs generally related to its trial graphics, trial exhibits, trial consultants, trial technicians and trial equipment. Rather, Redfin has narrowly tailored its request for fees to limit them to those reasonably expended specifically for trial graphics used to exemplify Redfin's accused technology, the prior art, and relevant agreements. Exemplifying trial graphics were particularly necessitated in this highly technical patent infringement case, including because the technology at issue otherwise could not be exemplified to the jury through physical prototypes or devices. *See, e.g.*, *Two-Way Media, LLC v. AT&T Servs., Inc.*, No. SA–09–CA–00476–OLG, 2013 WL 12090356, at *6 (W.D. Tex. Nov. 22, 2013) (noting in highly technical cases trial technology is "not only reasonable but necessary") (citing *Versata Software, Inc. v. SAP Am., Inc.*, No. 2:07–CV–153 CE, 2011 WL 4436283, at *2 (E.D. Tex. Sept. 23, 2011).

### B. Costs to Make Copies of Source Code Available for Secure and Remote Inspection by Plaintiff

Redfin finally seeks taxation of **$26,900.00** for costs incurred to make source code securely and remotely available for review for Plaintiff. See Exhibit F.[4] In this case, Plaintiff required remote access and review of source code during the course of the litigation and also agreed to protocols for the same. Such costs are recoverable by Redfin pursuant to 28 U.S.C. § 1920(4). *See, e.g.*, *CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1332–33 (Fed. Cir. 2013) ("Covered costs include the costs incurred in providing a secured computer for the time the requester is entitled to access to it, installing on the secured computer whatever review software the requester requires, and copying the source code files to the secured computer."); *Georgetown Rail Equip. Co. v. Holland L.P.*, No. 6:13-CV-366, 2016 WL 3531301, at *2 (E.D. Tex. Mar. 31, 2016); *Virtual Chart Sols. I, Inc. v. Meredith*, No. 4:17CV546, 2020 WL 1902530, at *23 (E.D. Tex. Jan. 13, 2020), *report and recommendation adopted*, No. 4:17CV546, 2020 WL 896674 (E.D. Tex. Feb. 25, 2020).

## IV. CONCLUSION

For the reasons stated above, Redfin, as the prevailing party in this litigation, requests an award of costs in the amount of **$145,907.26,** as reflected in its proposed Bill of Costs submitted concurrently herewith.

---

[4] Redfin is not seeking its significant eDiscovery costs incurred by the extensive discovery done in this case, and also has apportioned its total costs related to secure and remote source code review, totaling $39,000.00, to account for only those fees incurred as a result of Plaintiff's access to and use of source code materials which Redfin had made available. See Exhibit F.

Dated:  August 29, 2022

/s/ Ryan J. Marton

Ryan J. Marton (Admitted *Pro Hac Vice*)
ryan@martonribera.com
Hector J. Ribera (Admitted *Pro Hac Vice*)
hector@martonribera.com
Carolyn Chang (Admitted *Pro Hac Vice*)
carolyn@martonribera.com
Phillip Haack (Admitted *Pro Hac Vice*)
phaack@martonribera.com
**MARTON RIBERA SCHUMANN
& CHANG LLP**
548 Market St., Suite 36117
San Francisco, CA 94104
Telephone: (415) 360-2515

Darryl Adams
Texas State Bar No. 00796101
dadams@sgbfirm.com
**SLAYDEN GRUBERT BEARD PLLC**
401 Congress Ave., Ste. 1650
Austin, Texas 78701
Telephone: (512) 402-3550
Facsimile: (512) 402-6865

Benjamin J. Byer (Admitted *Pro Hac Vice*)
benbyer@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Telephone: (206) 757-8105
Facsimile: (206) 757-7105

M. Scott Stevens (NC Bar # 37828)
**ALSTON & BIRD LLP**
One South at the Plaza
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280
Tel: 704.444.1000
Fax: 704.444.1111

Deron R. Dacus (Texas Bar No. 00790553)
**THE DACUS LAW FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117

Facsimile: (903) 581-2543

***COUNSEL FOR DEFENDANT
REDFIN CORP.***

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing is being served on the counsel of record via the CM/ECF system on August 29, 2022.

By: /s/ Ryan J. Marton
Ryan J. Marton