**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **APPLIANCE COMPUTING III, INC.** | § | |
| **d/b/a SUREFIELD,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO. 6:20-cv-00376-ADA** |
| **v.** | § | |
| | § | |
| **REDFIN CORPORATION,** | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFF'S MOTION FOR NEW TRIAL**
**OR TO ALTER OR AMEND THE JUDGMENT**

███████████████

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................... 1

LEGAL STANDARD........................................................................................... 1

ARGUMENT ........................................................................................................ 2

I.     THE VERDICT OF NONINFRINGEMENT AND INVALIDITY IS CONTRARY
       TO THE GREAT WEIGHT OF THE EVIDENCE. ........................................... 2

II.    THE VERDICT OF NONINFRINGEMENT SHOULD BE OVERTURNED
       BECAUSE THE COURT FAILED TO INSTRUCT THE JURY REGARDING
       INDUCEMENT OF REDFIN CUSTOMERS AND NO ORDERED
       COMBINATION. .............................................................................................. 2

       A.     The Inducement Instruction Was Improperly Omitted ........................... 2

       B.     The No Order Combination Instruction Was Improperly Omitted........................ 5

III.   SUREFIELD SHOULD HAVE BEEN ALLOWED TO PRESENT EVIDENCE OF
       THE PTAB'S PREVIOUS REJECTION OF FURUKAWA'S TESTIMONY
       REGARDING THE ASSERTED PRIOR ART. ................................................ 5

       A.     The Court Incorrectly Precluded Surefield from Introducing Evidence
              Regarding the PTAB's Decisions. ........................................................... 7

              1.     The Decisions and Declaration Are Relevant. ............................. 7

              2.     The Decisions and Declaration Are Not Unfairly Prejudicial or
                     Confusing. ................................................................................. 10

       B.     Redfin Witnesses and Counsel Opened the Door to Introduction of Evidence of
              the PTAB's Decisions.......................................................................... 11

       C.     The Erroneous Exclusion of the PTAB Decisions and Declaration Unfairly
              Prejudiced Surefield and Improperly Affected the Jury's Decision. .................. 17

IV.    THE COURT INCORRECTLY DECLINED TO INSTRUCT THE JURY ON PRIOR
       ART SYSTEMS.............................................................................................. 18

CONCLUSION.................................................................................................... 20

████████████

# TABLE OF AUTHORITIES

**Cases**

*Aero International, Inc. v. United States Fire Ins. Co.*,
    713 F.2d 1106 (5th Cir. 1983) ....................................................................... 1

*Aguayo v. Universal Instruments*,
    356 F. Supp.2d 699 (S.D. Tex. 2005) ......................................................... 19

*Am. Hoist & Derrick v. Sowa & Sons*,
    725 F.2d 1350 (Fed. Cir. 1984) ..................................................................... 9

*Apple v. Samsung Electronics*,
    2012 WL 2576136 (N.D. Cal. Jul. 3, 2012) ................................................ 19

*Bhaya v. Westinghouse Elec. Corp.*,
    709 F.Supp. 600 (E.D.Pa.1989) .................................................................... 3

*Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*,
    631 F.3d 1279 (Fed. Cir. 2011) ..................................................................... 4

*Civix-DDI v. Celico*,
    387 F. Supp.2d 869 (N.D. Ill. 2005) ........................................................... 19

*Dexcowin Global v. Aribex*,
    No. 16-cv-143, 2017 WL 3478492 (C.D. Cal. June 29, 2017) ................... 11

*Donlin v. Philips Lighting N. Am. Corp.*,
    581 F.3d 73 (3d Cir.2009) .............................................................................. 3

*ESW Holdings, Inc. v. Roku, Inc.*,
    No. 6:19-CV-00044-ADA, Dkt. 103 (W.D. Tex. Feb. 25, 2021) ................. 4

*Fairfield Indus. v. Wireless Seismic*,
    No. 4:14-cv-2972, 2015 WL 1034275 (S.D. Tex. Mar. 10, 2015) ............. 11

*Fromson v. Advance Offset Plate*,
    755 F.2d 1549 (Fed. Cir. 1985) ..................................................................... 9

*Gasperini v. Center for Humanities, Inc.*,
    518 U.S. 415 (1996) ....................................................................................... 2

*Halo Elecs. v. Pulse Elecs.*,
    579 U.S. 93 (2016) ....................................................................................... 11

*Halo Elecs. v. Pulse Elecs.*,
    769 F.3d 1371 (Fed. Cir. 2014) ............................................................. 10, 11

*Halo Elecs. v. Pulse Elecs.*,
    No. 2:07-cv-00331, 2013 WL 4458754 (D. Nev. Aug. 16, 2013) ............................ 10, 11

*Hartsell v. Dr. Pepper Bottling Co.*,
    207 F.3d 269 (5th Cir. 2000) ............................................................................................... 1

*In re Robertson*,
    169 F.3d 743 (Fed. Cir. 1999) ........................................................................................... 19

*Intellectual Ventures I v. PNC Fin. Servs. Grp.*,
    No. 14-cv-0832, 2014 WL 3942277 (W.D. Penn. Aug. 12, 2014) ................................... 11

*International Bus. Mach. v. Priceline*,
    271 F. Supp.3d 667 (D. Del. 2017) ............................................................................. 18, 19

*Jackson v. Taylor*,
    912 F.2d 795 (5th Cir. 1990) ............................................................................................... 4

*Koninklijke Phillips v. Google*,
    948 F.3d 1330 (Fed. Cir. 2020) ........................................................................................... 8

*KSR Int'l v. Teleflex*,
    550 U.S. 398 (2007) ............................................................................................................. 8

*K-TEC v. Vita-Mix*,
    696 F.3d 1364 (Fed. Cir. 2012) ........................................................................................... 9

*LC Eldridge Sales v. Azen Manuf.*,
    No. 6:11-cv-599, 2013 WL7964028 (E.D. Tex. Nov. 14, 2013) ................................ 10, 11

*MiMedx Group v. Tissue Transplant Tech.*,
    354 F. Supp.3d 742 (W.D. Tex. 2018) ................................................................................ 9

*Minnesota Min. and Mfg. v. Chemque*,
    303 F.3d 1294 (Fed. Cir. 2002) ......................................................................................... 18

*Moba, B.V. v. Diamond Automation, Inc.*,
    325 F.3d 1306 (Fed. Cir. 2003) ........................................................................................... 5

*Montgomery Ward & Co. v. Duncan*,
    311 U.S. 243 (1940) ............................................................................................................. 1

*MV3 Partners v. Roku, Inc.*,
    No. 6:18-cv-00308-ADA, Dkt. 379 (W.D. Tex. Oct. 14, 2020) ......................................... 4

*NMS Industries, Inc. v. Premium Corp. of America, Inc.*,
    451 F.2d 542 (5th Cir. 1971) ............................................................................................... 1

*Nomadix v. Guest-Tek Interactive Entmt.*,
　　No. 16-cv-08033, 2020 WL 3023187 (C.D. Cal. Mar. 30, 2020)................................... 10

*Oracle Am. v. Google*,
　　No. C 10-3561, 2012 WL 1189898 (N.D. Cal. Jan. 4, 2012) ........................................... 10

*Procter & Gamble v. Team Techs.*,
　　No. 1:12-cv-552, Dkt. 130 (S.D. Ohio 2014) .................................................................... 10

*Proxense, LLC v. Target Corporation*,
　　2021 WL 3824690 (W.D. Tex. 2021) ................................................................................... 4

*Qualcomm v. Apple*,
　　24 F.4th 1367 (Fed. Cir. 2022) ............................................................................................ 7

*R.R. Dynamics, Inc. v. A. Stucki Co.*,
　　727 F.2d 1506 (Fed. Cir. 1984) ........................................................................................... 1

*Riverwood Int'l v. R.A. Jones*,
　　324 F.3d 1346 (Fed. Cir. 2003) ......................................................................................... 18

*Sciele Pharma v. Lupin*,
　　684 F.3d 1253 (Fed. Cir. 2012) ........................................................................................... 9

*Smith v. Transworld Drilling Co.*,
　　773 F.2d 610 (5th Cir. 1985) ............................................................................................... 1

*Stoneeagle Svcs. v. Pay-Plus Soln's*,
　　No. 8:13-cv-2240, 2015 WL 3824208 (M.D. Fla. June 19, 2015) ................................... 11

*Sulzer Textil A.G. v. Picanol N.V.*,
　　358 F.3d 1356 (Fed. Cir. 2004) ........................................................................................... 4

*Universal Elecs. v. Universal Remote Control*,
　　No. 12-cv-00329, 2014 WL 8096334 (C.D. Cal. Apr. 21, 2014) .............................. 10, 11

**Statutes**

35 U.S.C. § 102 ....................................................................................................................... 20

35 U.S.C. § 103 ......................................................................................................................... 8

35 U.S.C. § 307 ....................................................................................................................... 11

35 U.S.C. § 311(b) .................................................................................................................... 7

35 U.S.C. § 312(a)(3)(B) .......................................................................................................... 8

35 U.S.C. §314(d) ................................................................................................................... 11

**Treatises**

9A Wright & Miller, Federal Practice and Procedure (1995)........................................................ 4

**Regulations**

MPEP (9th ed., rev. 10.2019, last revised June 2020) ................................................................ 6

███████████████

## TABLE OF ABBREVIATIONS AND CITATIONS

**Parties**

Surefield                                   Plaintiff Appliance Computer III, Inc. d/b/a
                                            Surefield

Redfin                                      Defendant Redfin Corp.

**Defined Terms**

Surefield Patents or Patents-in-Suit        U.S. Patent No. 9,836,885(the "'885 Patent");
                                            U.S. Patent No. 10,102,673 (the "'673
                                            Patent"); U.S. Patent No. 10,510,111 (the
                                            "'111 Patent"); and U.S. Patent No.
                                            10,592,973 (the "'973 Patent").

Asserted Claims                             Claims 1, 3, and 9 of the '885 Patent; claims
                                            1, 2, and 10 of the '673 Patent; claims 18 and
                                            22 of the '111 Patent; and claims 4 and 17 of
                                            the '973 Patent.

GSV                                         Google Street View

Matterport 2013                             Matterport 2013 System

JMOL                                        Judgement as a Matter of Law

POSITA                                      Person of ordinary skill in the art

Tr.                                         Trial Transcripts, Dkt. 239-244

Unless otherwise noted, all **emphasis** is
added.

███████████████

## INTRODUCTION

Surefield is entitled to a new trial on validity and infringement because (1) the jury's verdict was against the great weight of the evidence; (2) the Court erroneously declined to charge the jury on the requirements of induced infringement of Redfin customers and regarding no ordered combination; (3) the Court erroneously precluded Surefield from introducing evidence of the PTAB's Decisions denying institution of *inter partes* review and the related IPR declaration of Redfin's witness Dr. Furukawa regarding the same prior art asserted by Redfin; and (4) the Court erroneously declined to charge the jury on the requirements of a prior art systems. These errors unfairly prejudiced Surefield, resulting in incorrect jury verdicts of invalidity and noninfringement.

## LEGAL STANDARD

A motion for new trial may be "bottomed on the claim that . . . the trial was not fair to the party moving; and may raise . . . alleged substantial errors in admission or rejection of evidence or instructions to the jury." *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940); *see also Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612–13 (5th Cir. 1985) (Rule 59 "confirms the trial court's historic power to grant a new trial based on its appraisal of the fairness of the trial and the reliability of the jury's verdict. . . . A new trial may be granted, for example, if . . . the trial was unfair, or prejudicial error was committed in its course."); *R.R. Dynamics, Inc. v. A. Stucki Co.*, 727 F.2d 1506, 1511 (Fed. Cir. 1984).

"[A] new trial is the 'appropriate remedy for prejudicial errors in jury instructions.'" *Hartsell v. Dr. Pepper Bottling Co.*, 207 F.3d 269, 275 (5th Cir. 2000) (quoting *Aero International, Inc. v. United States Fire Ins. Co.*, 713 F.2d 1106, 1113 (5th Cir. 1983). A party is "entitled to have the critical issues . . . 'submitted to and answered by the jury upon a clear and proper charge.'" *Aero International*, 713 F.2d at 1113 (quoting *NMS Industries, Inc. v. Premium Corp. of America, Inc.*, 451 F.2d 542, 545 (5th Cir. 1971)). The trial court may also grant a new trial motion at its

discretion if the judge believes that the verdict clearly contradicted the evidence in the case. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 433 (1996) ("The trial judge in the federal system, we have reaffirmed, has . . . discretion to grant a new trial if the verdict appears to [the judge] to be against the weight of the evidence.") (quotations omitted).

## ARGUMENT

### I.   THE VERDICT OF NONINFRINGEMENT AND INVALIDITY IS CONTRARY TO THE GREAT WEIGHT OF THE EVIDENCE.

Surefield is entitled to a new trial because the verdicts of noninfringement and invalidity are contrary to the great weight of the evidence for all the reasons stated in Surefield's Motion for Judgment as a Matter of Law and exhibits thereto. *See* Dkt. 248; Ex. C.

### II.   THE VERDICT OF NONINFRINGEMENT SHOULD BE OVERTURNED BECAUSE THE COURT FAILED TO INSTRUCT THE JURY REGARDING INDUCEMENT OF REDFIN CUSTOMERS AND NO ORDERED COMBINATION.

Prejudicial error affected the outcome of the case because the jury was not properly instructed on inducement or no ordered combination, over Surefield's objections.

#### A.   The Inducement Instruction Was Improperly Omitted

Since the outset of the litigation, Surefield has asserted that Redfin infringed by inducing its customers' direct infringement. *See* Dkt. 1 at ¶¶ 76, 82, 88, 94. Redfin filed no motion to dismiss on this basis, and never challenged the sufficiency of Surefield's pleading. Throughout the case, Surefield explicitly identified direct infringement by Redfin's customers and end users as a basis for Surefield's claim against Redfin for induced infringement. Surefield did so in: (1) its Original Complaint (Dkt. 1 at ¶¶ 76, 82, 88, 94; *see also id*. ¶¶ 71–72 (asserting knowledge)); (2) its responses to Redfin's interrogatories (Dkt. 165-18 at 15–17); (3) its Final Infringement Contentions ("FICs") (Dkt. 86-7 at 1); and (4) its expert report (Dkt. 165-19 at ¶¶ 120, 121). The Court thus denied Redfin's MIL #3, which was directed to this precise issue. *See* Dkt. 195 at 3;

Dkt. 159 at 4.

At trial, Surefield presented substantial, compelling evidence of direct infringement by Redfin's customers and end users and Redfin's inducement of those customers. *See, e.g.*, Dkt. 248-1, Dkt. 248-2, Dkt. 248-3, Dkt.248-4; Tr. 969:13-16 (January 5, 2018 knowledge of '885 Patent); Tr. 969:17-970:3 (May 30, 2019 knowledge of '673 patent); (constructive notice of the '111 and '973 Asserted Patents as of filing of suit); Tr. 947:3-24; 1055:18-1056:1; PX-301A; 511:21-512:5; 515:8-516:13; 517:8-15; 599:4-13 (Redfin provided the accused Redfin 3D Walkthrough listings to end-users and customers on Redfin.com in the United States); Tr. 947:3-24; 1055:18-10:56:1; PX-301A; 511:21-512:5; 515:8-516:13; 517:8-15; 599:4-13 (Redfin encouragement and instruction to its customers to use the "Redfin 3D Walkthrough" mode in its listings to create and view 3D Virtual Tours of Real Estate in the United States, including houses and condominiums in an infringing manner.); *See also* Tr. 1435:3-7, 1440:16-20, 1445:20-1446:5.

When a litigant moves for a new trial based upon jury instructions that allegedly contained legal error, the district court is tasked with determining whether the instructions, in their entirety, properly apprised the jury of the issues and applicable law. *Donlin v. Philips Lighting N. Am. Corp.*, 581 F.3d 73, 78 (3d Cir. 2009). If the instruction in question was erroneous, the court must then ascertain "whether that error was so prejudicial that refusal to grant a new trial would be 'inconsistent with substantial justice.'" *Bhaya v. Westinghouse Elec. Corp.*, 709 F.Supp. 600, 601 (E.D. Pa. 1989) (quoting FED. R. CIV. P. 61).

At the charge conference, which occurred off the record, Plaintiff requested a jury instruction on indirect infringement by inducement.[1] The Court advised Surefield that it denied this instruction based on the Court's instructions in the *Roku* cases. But a review of those cases

---

[1] Surefield objected the Court's omission of this jury instruction on the record. Tr. 1656:13–22.

yields a determination that precisely the *opposite* result was supported in Roku and by governing caselaw. In *ESW Holdings, Inc. v. Roku, Inc.*, where no instruction on inducement was given, the Court had previously granted an unopposed motion for summary judgment on no indirect infringement. *See* No. 6:19-CV-00044-ADA, Dkt. 103 (W.D. Tex. Feb. 25, 2021). The present case is ***immediately distinguishable*** as no such summary judgment motion was granted, and the MIL sought by Redfin was denied. *See* Dkt. 159 (Redfin's MIL 3, "Inducement Theory Based on Alleged Direct Infringement by Redfin Customers"); Dkt. 195 at 3 (denying MIL 3).

In another *Roku* case with facts much more comparable and a live allegation, *MV3 Partners v. Roku, Inc.*, the Court gave an inducement instruction related to third parties' direct infringement. *See* No. 6:18-cv-00308-ADA, Dkt. 379 at 18–19, 22–23 (W.D. Tex. Oct. 14, 2020). Here, Redfin's customers are also direct infringers because they put the system as a whole into use and benefit as a result. *See Proxense, LLC v. Target Corporation*, 2021 WL 3824690, at *3 (W.D. Tex. 2021) (finding direct infringement by customers where they "caus[ed] the system as a whole to perform this processing and obtaining the benefit as a result") (citing *Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*, 631 F.3d 1279, 1284–85 (Fed. Cir. 2011)).

What is more, the governing caselaw is definitive. When a plaintiff has live pleadings and has presented competent evidence at trial, the instruction must be provided—it is not discretionary with the Court. *See Jackson v. Taylor*, 912 F.2d 795, 798 (5th Cir. 1990) ("Our standard of review is abuse of discretion, that it is error to refuse a jury instruction only if there are pleadings and sufficient evidence to support the instruction."); *Sulzer Textil A.G. v. Picanol N.V.*, 358 F.3d 1356, 1366 (Fed. Cir. 2004) ("An instruction should be given to the jury on every material issue.") (citing 9A Wright & Miller, Federal Practice and Procedure § 2556, at 448 n.20 (1995)). As above, Surefield presented more than sufficient evidence of Redfin's inducement of its customers. Given

4

the live pleading of inducement and Surefield's presentation of sufficient evidence at trial, the Court committed error when it declined to instruct the jury on indirect infringement by inducement and that error, which prevented the jury from finding in Surefield's favor on an entire theory of infringement, was so prejudicial that refusal to grant a new trial would be inconsistent with substantial justice.

**B.    The No Order Combination Instruction Was Improperly Omitted**

The Court also improperly and prejudicially omitted Surefield's requested jury instruction regarding no ordered combination, as none of the plain claim language, logic of the claims, nor any claim construction requires such an ordered combination. *See Moba, B.V. v. Diamond Automation, Inc.*, 325 F.3d 1306, 1313–14 (Fed. Cir. 2003); Dkt. 248 at 19-20. Surefield also objected to the Court's omission of this jury instruction on the record. Tr. 1656:13-22. As ordered combination was one of Redfin's main noninfringement arguments, the Court committed prejudicial error in declining to instruct the jury on no ordered combination such that refusal to grant a new trial on this additional ground would be inconsistent with substantial justice.

**III.    SUREFIELD SHOULD HAVE BEEN ALLOWED TO PRESENT EVIDENCE OF THE PTAB'S PREVIOUS REJECTION OF FURUKAWA'S TESTIMONY REGARDING THE ASSERTED PRIOR ART.**

The same counsel representing Redfin in this litigation filed four petitions for *inter partes* review against Surefield's Patents on behalf of Redfin's technology provider, Matterport (the "Petitions"). *See* Dkt. 229, PX-342, '885 Decision; PX-343, '673 Decision; PX-344, '111 Decision; PX-345, '973 Decision. In support of the Petitions, counsel for Redfin filed the Declaration of Yasutaka Furukawa, Ph.D. *Id.*, PX-415. In sworn testimony, Dr. Furukawa claimed the Asserted Claims were rendered obvious by a combination of Bell436[2] and Cowtan[3] and that a

---

[2] U.S. Pat. App. Pub. 2014/0043436 ("Bell436").
[3] U.S. Pat. App. Pub. 2009/0031246 ("Cowtan").

POSITA would be motivated to combine these references based upon the POSITA's background knowledge as of October 25, 2013, including Google Art Project, Google Street View, and U.S. Pat. No. 9,025,861 (Furukawa) ("'861 patent"). *Id.*, PX-415 ¶¶ 19, 34, 59–66, 68, 106–08). Under the heading "Scope and Content of the Prior Art," Dr. Furukawa described the Google Street View and Google Art Project systems in considerable detail, using printed publications consisting of YouTube videos[4] and the '861 patent. *Id.* ¶¶ 59–66. Dr. Furukawa also claimed that Bell436 "describes the 3D modeling technology of Petitioner Matterport." *Id.* ¶ 81.

The PTAB ultimately rejected Dr. Furukawa's testimony and issued its Decisions Denying Institution of the Petitions ("Decisions"). Dkt. 229, PX-342, '885 Decision at 2; PX-343, '673 Decision at 2; PX-344, '111 Decision at 2; PX-345, '973 Decision at 2. Adopting this Court's constructions of "parcel outline," "space," and "panorama," the PTAB found that the Petitions' contentions regarding the motivation to combine Bell436—which Dr. Furukawa stated describes Matterport technology—and Cowtan are "too conclusory and vague with respect to how a person having ordinary skill in the art would have combined the teachings of the asserted art . . . ." *Id.*, PX-342, '885 Decision at 17; PX-343, '673 Decision at 16; PX-344, '111 Decision at 18; PX-345, '973 Decision at 17. The PTAB also determined that the Petitions failed to provide "sufficient articulated reasoning with a rational underpinning as to why one of ordinary skill in the art would have combined the teachings" of Bell436 and Cowtan in the manner recited in the spatial boundary/parcel outline and panorama limitations. *Id.*, PX-342, '885 Decision at 24; PX-343, '673 Decision at 21; PX-344, '111 Decision at 29; PX-345, '973 Decision at 25.

---

[4] MPEP § 2128 II.A. (9th ed., rev. 10.2019, last revised June 2020); First Inventor to File Comprehensive Training Prior Art Under AIA, USPTO, https://www.uspto.gov/sites/default/files/aia_implemen-tation/fitf_comprehensive_training_prior_art_under_aia.pdf (2013), at 12, 15.

The Court erroneously precluded Surefield from introducing evidence regarding the PTAB's Decisions, even after Redfin opened the door to such evidence, leaving the jury with the false impression that the PTO had not considered the asserted prior art or Dr. Furukawa's testimony on behalf of Redfin. The Court's error prejudiced Surefield by preventing it from impeaching the false statements of Redfin's witnesses and counsel and preventing the jury from applying the Court's charge allowing it to weigh the asserted prior art less heavily when considering whether Redfin had satisfied its burden to prove invalidity by clear and convincing evidence. Thus, Surefield is entitled to a new trial.

### A.    The Court Incorrectly Precluded Surefield from Introducing Evidence Regarding the PTAB's Decisions.

Redfin's MIL #1 sought exclusion of any testimony, evidence, or argument regarding the PTAB's Decisions Denying Institution, claiming the Decisions (1) are not relevant because they concerned prior art that is different from the prior art asserted by Redfin in the litigation; and (2) would unfairly mislead and confuse the jury. Dkt. 159 at 1–3. This Court granted Redfin's MIL #1. Dkt. 195 at 3. The Court also denied Surefield's subsequent requests to admit evidence of the Decisions and related Declaration of Dr. Furukawa and to use them to cross-examine Redfin's witnesses at trial. Tr. 1071:6–20, 1172:18–1175:9, 1485:9–14, 1487:6–18, 1488:2–11, 1490:6–25, 1492:23–1493:21, 1494:23–1497:17, 1502:6–1504:2. Both the Decisions and Declaration are relevant and not overly prejudicial under Rules 402 and 403, and Surefield should have been permitted to present them to the jury.

### 1.    The Decisions and Declaration Are Relevant.

The PTAB's Decisions were based not only on the prior art grounds asserted under 35 U.S.C. § 311(b) but also on the information included in affidavits or declarations of supporting evidence and opinions. *See Qualcomm v. Apple*, 24 F.4th 1367, 1375–76 (Fed. Cir. 2022) ("[A]

petition may rely on evidence beyond prior art documents in an *inter partes* review, even if such evidence may not qualify as the 'basis' for a ground set forth in a petition."); 35 U.S.C. § 312(a)(3)(B) (permitting use of "affidavits or declaration of supporting evidence and opinions"); § 314(a) (requiring the Director to consider "the *information* presented in the petition"). The question of obviousness in particular depends not only on the prior art, but also on whether "the differences between the claimed invention and the prior art are such that the claimed invention . . . would have been obvious . . . to a person having ordinary skill in the art." 35 U.S.C. § 103. "[T]he inquiry into whether any 'differences' between the invention and the prior art would have rendered the invention obvious to a skilled artisan necessarily depends on such artisan's knowledge." *Koninklijke Phillips v. Google*, 948 F.3d 1330, 1337 (Fed. Cir. 2020); *accord KSR Int'l v. Teleflex*, 550 U.S. 398, 401 (2007) ("[I]t will be necessary for a court to look to . . . the background knowledge possessed by a person having ordinary skill in the art . . . to determine whether there was an apparent reason to combine the known elements . . . .").

In its Decisions, the PTAB necessarily considered Dr. Furukawa's testimony regarding the obviousness combination of Bell436 (which Dr. Furukawa identified as "the 3D modelling technology of Petitioner Matterport") and Cowtan, Google Street View, and Google Art Project. Dkt. 229, PX-415 ¶¶ 19, 34, 59–66, 71–89, 106–08, 114–486. At trial Redfin asserted the same prior art: the obviousness combination of Matterport 2013 System and Cowtan, and Google Street View 2013 System (including Google Street View and Google Art Project). Ex. A, 4/5/22 Redfin's Revised Final Set of Prior Art Grounds. Like Dr. Furukawa testified in the IPRs, Redfin's witness David Gausebeck (Matterport's founder and named inventor on Bell436) testified that the Matterport 2013 System was an embodiment of Bell436. Tr. 1021:10–21, 1022:4–16, 1033:2–6, 1034:8–24; DX-66; DX-226. The report of Redfin's expert witness, Dr. Navratil, stated the same.

Ex. B, Navratil Invalidity Report at 208 ("Matterport has already filed several patent applications—including . . . Bell436—covering its work on a system . . . i.e., the Matterport System that Surefield discussed in the '978 Provisional.").

Given that the PTAB's Decisions addressed the same prior art and claim constructions present in this case, Surefield should have been allowed to present and the jury should have been permitted to consider those Decisions when determining whether Redfin met its burden to prove invalidity by clear and convincing evidence. *See Fromson v. Advance Offset Plate*, 755 F.2d 1549, 1555 (Fed. Cir. 1985) (PTO decision "must [be] consider[ed] in determining whether the party asserting invalidity has met its statutory burden by clear and convincing evidence."); *MiMedx Group v. Tissue Transplant Tech.*, 354 F. Supp.3d 742, 753 (W.D. Tex. 2018). Indeed, as the Court properly instructed the jury here:

> The Patent Office is presumed to have considered prior art disclosed to it. Where Redfin is relying ***on prior art that was considered by the PTO during examination, you may weigh that prior art less heavily*** when considering whether the Redfin has carried its clear-and-convincing burden of proving invalidity.

Dkt. 223 at 30; *see also MiMedx Group*, 354 F. Supp.3d at 753 (when the PTO has made a determination regarding prior art, the party challenging validity has "the added burden of overcoming the deference that is due to a qualified government agency presumed to have properly done its job, which includes one or more examiners who are assumed to have some expertise in interpreting the references and to be familiar from their work with the level of skill in the art and whose duty it is to issue only valid patents") (quoting *Am. Hoist & Derrick v. Sowa & Sons*, 725 F.2d 1350, 1359 (Fed. Cir. 1984)). As the Federal Circuit explained: "whether a reference was before the PTO goes to the weight of the evidence, and ***the parties are of course free to, and generally do, make these arguments to the fact finder***." *Sciele Pharma v. Lupin*, 684 F.3d 1253, 1260–61 (Fed. Cir. 2012); *accord K-TEC v. Vita-Mix*, 696 F.3d 1364, 1376 (Fed. Cir. 2012) ("[I]t

was not an abuse of discretion to allow the parties to discuss the extent to which the PTO had considered Ash or instruct the jury that Ash was before the PTO in the reexamination proceedings."); *Oracle Am. v. Google*, No. C 10-3561, 2012 WL 1189898, at *3 (N.D. Cal. Jan. 4, 2012) ("The '520 patent has finished reexamination with all asserted claims allowed. * * * ***It would be wrong to conceal this important information from the jury***."); *Universal Elecs. v. Universal Remote Control*, No. 12-cv-00329, 2014 WL 8096334, at *7 (C.D. Cal. Apr. 21, 2014) (denying MIL claiming denial of institution "would be irrelevant"); *LC Eldridge Sales v. Azen Manuf.*, No. 6:11-cv-599, 2013 WL7964028, at *3 (E.D. Tex. Nov. 14, 2013) (decision confirming claims "is highly probative"); *Halo Elecs. v. Pulse Elecs.*, No. 2:07-cv-00331, 2013 WL 4458754, at *15 (D. Nev. Aug. 16, 2013), *aff'd*, 769 F.3d 1371 (Fed. Cir. 2014), *vacated on other grounds*, 579 U.S. 93 (2016) (probative value of decision confirming claims was not outweighed by prejudice); *see also* Dkt. 165-9, *Procter & Gamble v. Team Techs.*, No. 1:12-cv-552, Dkt. 130 at 22 n.4, 24 (S.D. Ohio 2014) (institution denials are "trustworthy and probative" and "may be properly considered as evidence").

## 2.   The Decisions and Declaration Are Not Unfairly Prejudicial or Confusing.

The Decisions address the prior art asserted by Redfin and apply the claim constructions of this Court. Further, the PTAB's ***denial*** of institution under the "reasonable likelihood" standard "does not pose the same risk of prejudicing the jury's application of the presumption of patent validity" as admission of decisions ***granting*** institution of *inter partes* review. *Nomadix v. Guest-Tek Interactive Entmt.*, No. 16-cv-08033, 2020 WL 3023187, at *7 n.4 (C.D. Cal. Mar. 30, 2020) (emphasis added). "[T]he risk of confusion is minimal because a lower threshold of proof is required to show invalidity before the USPTO than is required . . . in this Court."[5] *LC Eldridge*

---

[5] *Hulu*, 2018 WL 7000067, at *5 (The "reasonable likelihood" standard for institution of *inter partes* review "is lower than the 'preponderance [of the evidence]' standard.").

*Sales v. Azen Manuf.*, No. 6:11-cv-599, 2013 WL7964028, at *3 (E.D. Tex. Nov. 14, 2013). Nor are the Decisions subject to revision: the deadline to request rehearing had passed and the determination of "whether to institute an *inter partes* review" is "final and nonappealable." 35 U.S.C. §314(d). Any perceived risk of jury confusion could have been remedied with an instruction from the Court.[6] *Universal Elecs. v. Universal Remote Control,* No. 12-cv-00329, 2014 WL 8096334, at *7 (C.D. Cal. Apr. 21, 2014) ("Any potential confusion can be addressed by appropriate jury instructions on the standard of proof applicable to patent invalidity defenses and counterclaims.") (denying request to exclude denial of IPR institution).[7]

### B. Redfin Witnesses and Counsel Opened the Door to Introduction of Evidence of the PTAB's Decisions

Exclusion of the PTAB Decision was error for an additional reason: the questioning of Redfin's witnesses, including by Redfin's own counsel, "opened the door" because it left the jury with an incorrect and misleading impression that could not be corrected without admission of the Decisions. *See, e.g.*, Tr. 1485:9–14, 1745:23–1746:8, 1172:18–1173:13.

For example, on direct examination, Redfin's technical expert, Dr. Navratil, stated unequivocally that the PTO did not consider the testimony of Dr. Furukawa, the expert witness for Matterport in the IPRs:

---

[6] Evidence of the PTAB Decisions is no different from an expert's reliance on an examiner's reasoning during prosecution of the claims because *inter partes* review is part of a patent's prosecution history. *See, e.g.*, 35 U.S.C. § 307; *Fairfield Indus. v. Wireless Seismic*, No. 4:14-cv-2972, 2015 WL 1034275, at *5 (S.D. Tex. Mar. 10, 2015) (denial of institution of *inter partes* review is intrinsic evidence); *Intellectual Ventures I v. PNC Fin. Servs. Grp.*, No. 14-cv-0832, 2014 WL 3942277, at *2 (W.D. Penn. Aug. 12, 2014) (IPR and CBM proceedings "will become part of the intrinsic records of the patents").

[7] *Dexcowin Global v. Aribex*, No. 16-cv-143, 2017 WL 3478492 at *3 (C.D. Cal. June 29, 2017) (same); *Stoneeagle Svcs. v. Pay-Plus Soln's*, No. 8:13-cv-2240, 2015 WL 3824208, at *9 (M.D. Fla. June 19, 2015) (same); *see also Halo Elecs. v. Pulse Elecs.*, No. 2:07-cv-00331, 2013 WL 4458754, at *15 (D. Nev. Aug. 16, 2013), *aff'd* 769 F.3d 1371 (Fed. Cir. 2014), *vacated on other grounds*, 579 U.S. 93 (2016) ("[T]he Court's instruction [regarding final reexamination decisions] during trial and at the close of evidence cured the potential prejudice to [defendant].").

> Q: ***Did the patent office have Dr. Furukawa's testimony***, the
> gentlemen that sat here last week and talked extensively about his
> own personal experience building the Google Street View System?
> Did they have that?
>
> A: ***No, they did not.***

Tr. 1485:9–14. This statement was false, and Surefield was not allowed to rebut it. In closing,

Redfin's counsel reemphasized this falsehood directly to the jury:

> This Patent Office ***saw none of those videos that you saw. None of***
> ***them, including Google Street View.***
>
>                 * * *
>
> They heard ***none of the testimony from Dr. Furukawa that he gave***
> ***here in this trial***. They had none of that available to them.
>
> We're not saying that the Patent Office necessarily made a mistake
> here. We're just saying, as happens in real life, sometimes you don't
> have all the information you need to make an informed decision.

Tr. 1745:23–1746:8. Similarly, Dr. Furukawa repeatedly denied giving testimony to the PTO on

behalf of Matterport:

> Q: And, in fact, Matterport, who we heard from earlier today, has
> paid you to provide testimony, correct?
>
> A: Testimony. No, I don't think so.
>
> Q: Well, you submitted a declaration in a proceeding filed by
> Matterport at the Patent Office, didn't you sir?
>
> A: Sorry, I don't know the patent - - I'm sorry. I don't know.
>
> Q: Well, you don't remember filing a declaration in a proceeding at
> the Patent Office, sir?
>
> A: I do not –

Tr. 1172:18–1173:13. This questioning, testimony, and argument left the jury with the false

impression that the PTO had never considered the testimony, YouTube videos, and other evidence

from Dr. Furukawa regarding the prior art at issue (Google Street View, Google Art Project, or the

Matterport 2013 System combinations) when, in fact, the PTAB had considered and rejected it.

For example, as asserted in the IPR, at trial Redfin asserted that "Google Street View System"—consisting of at least Google Street View and Google Art Project—disclosed the elements of the Asserted Claims. *See, e.g.*, Ex. A; Tr. 1323:1–1324:16, 1365:18–25, 1380:13–17, 1384:6–18, 1395:7–25, 1404:6–23 (Google Street View); 1340:7–1342:19, 1343:6–1344:12, 1366:14–1372:1, 1376:3–8, 1381:20–1383:20, 1388:2–5, 1391:7–15, 1396:21–7, 1397:21–1398:24, 1399:12–24, 1400:5–21, 1403:10–22, 1407:20–1409:15, 1410:1–9 (Google Art Project). Before the PTAB, Dr. Furukawa also testified that Google Street View and Google Art Project disclosed the elements of the Asserted Claims:

> The user interface of Google's Art Project website includes the same general elements recited in the claims of the Challenged Patents . . . This technology was similar to the technology Google used for its "Street View" feature of Google Maps, using many of the IBR techniques referenced in the claims of the Challenged Patents.

Dkt. 229, PX-415 ¶ 59. Indeed, when Dr. Furukawa testified on behalf of Redfin at trial, he provided **the same testimony he provided to the PTAB**, relying upon **the identical printed publications (including YouTube videos)** to evidence Street View and Art Project:

| **Furukawa PTAB Testimony** | **Furukawa Trial Testimony** |
|---|---|
| Furukawa was part of a team at Google that had been working in the area of the claimed inventions for years. Dkt. 229, PX-415 ¶ 59. | Furukawa was an employee of Google in 3D computer vision beginning in January 2010, working on projects such as Google Street View, Google Earth, Google Maps, and Google Art Project. Tr. 1126:3–8, 1126:21–1127:10. |
| Furukawa's team collaborated to develop a project called "Art Project." *Id.* | Furukawa worked on a project at Google for virtual tours inside museums called Google Art Project. *Id.* 1131:5–1132:13. |
| Google Art Project enabled users to virtually tour museums     and     other     public     buildings. | Google Art Project enabled users to virtually tour museums and other public buildings like the White |

13

| Furukawa PTAB Testimony | Furukawa Trial Testimony |
|---|---|
| https://www.youtube.com/watch?v=SIOUhjL5fKI&t. *Id.* | House. *Id.* 1131:17–1132:4, 1132:14–1133:8, 1133:24; DX-219, <br><br> https://www.youtube.com/watch?v=SIOUhjL5fKI&t. |
| The video at <br><br> https://www.youtube.com/watch?v=RPNrhtWJy1c is from April 11, 2012 and illustrates the virtual model of the White House available from the Art Project. *Id.* | The video at <br><br> https://www.youtube.com/watch?v=RPNrhtWJy1c shows how someone could access the White House Tour using the Google Art Project website. Tr. 1134:17–1135:13; DX-215, <br><br> https://www.youtube.com/watch?v=RPNrhtWJy1c. |
| The user interface of Google's Art Project website includes the same general elements recited in claims of the Challenged Patents, it provides a plan-based navigation section, with the floorplan of the current level or floor (as indicated by the floor labels) of the building (left side of the window) indicating the user's current location and the corresponding 3D model of the interior of the space. https://www.youtube.com/watch?v=RPNrhtWJy1c. *Id.* | A: So here our user is in the googleartproject.com, the website. So to the right you see the normal Street View screen, so the image of the panorama which you can look around. <br><br> At the left you see the floor plan with the building. You can also see the Level 01, that's the elevator icon. You can click it to jump to a different floor. <br><br> Then at the left you can move around a bit in the locations, more like a walk, a virtual walkthrough of the museum, by clicking the small arrow-shaped icon at the bottom. <br><br> Here there was the painting, the icon plus sign, so user can click it and show the details, a high-resolution image with the painting. <br><br> Now a user clicks Level 01 to the different floor and then click a room. Then the system takes to the image taken in that room, more like a quick navigation, across floors, across different rooms. Now, back to another room in the Street View imagery. And you can, again, look around, left and right, top and bottom. <br><br> Tr. 1136:4–1137:4. |
| This model was implemented with panorama images aligned and stitched together based on laser-range depth data and it enabled a user to virtually navigate through the White House moving and looking around. *Id.* | "So this is the user uses the Google Maps to access the museum panorama." *Id.* 1139:21–25. <br><br> "And again, uses a pigment probably or zoom in, then fly down to the ground level imagery. So this is the same panorama image which you saw on Earth or the other website." *Id.* 1140:2–5. <br><br> "So this shows one of the navigation capabilities. |

██████████████

| Furukawa PTAB Testimony | Furukawa Trial Testimony |
|---|---|
| | First, a panorama to look around. * * * So when you click it, then the system takes you to another panorama with the best view of thing." *Id.* 1140:17–19. ███████████████ *Id.* 1149:1–2. ███████████████ *d.* 1149:14–16. ███████████████ *Id.* 1153:16–17. |
| This technology was similar to the technology Google used for its "Street View" feature of Google Maps, using many of the IBR techniques referenced in the claims of the Challenged Patents. *Id.* | "Q. All right. What was the Google Art Project? A. In short, it is a Street View for the museum contents." *Id.* 1131:17–19. |

Redfin's expert, Dr. Navratil, also relied at trial extensively upon ***the identical printed publications (including YouTube videos)*** used by Dr. Furukawa in his PTAB testimony to evidence Google Street View and Art Project. Tr. 1323:1–1324:16, 1365:18–25, 1380:13–17, 1384:6–18, 1395:7–25, 1404:6–23 (citing DX-219); 1340:7–1342:19, 1343:6–1344:12, 1366:14–1372:1, 1376:3–8, 1381:20–1383:20, 1388:2–5, 1391:7–15, 1396:21–7, 1397:21–1398:24, 1399:12–24, 1400:5–21, 1403:10–22, 1407:20–1409:15, 1410:1–9 (citing DX-215). Dr. Navratil further confirmed these facts in testimony provided with Surefield's Offer of Proof:

> Q. Well, if we go down and scroll down after that sentence [in PX-415, Furukawa's IPR Declaration], it says: ***The screen capture below is from a video dated April 11, 2012 and illustrates the virtual model of the White House project -- virtual model of the White House available from the Art Project.***
>
> A. Did you see that, sir? Yes.
>
> Q. And it cites that video with a suffix of "RPNrhtWJylc" -- or "Y1c." Did I read that correctly?
>
> A. I think you did.

15

Q. *And this is defendant's – and if you look at the screenshot, this is actually a screenshot you rely on in your testimony in this case, correct?*

A. *It certainly looks similar. Yes.*

Q. And this is Defendant's Exhibit 215 in this case correct?

A. Again, I don't know the exhibit numbers by heart, but it certainly looks similar to a screenshot that I used. Yes.

Q. *You testified about this screenshot to support your opinion that Google Street View 2013 system anticipates or renders obvious the asserted claims in this case, correct?*

A. *Yes, sir.*

* * *

Q. And you were here for Dr. Furukawa's testimony last week, correct?

A. Yes, sir. I was.

Q. And *you heard Dr. Furukawa also testify that this video that we see in the screenshot in Exhibit 415 [Furukawa's IPR Declaration] evidenced the functionality of the Google Art Project* before October 25th, 2013, correct?

A. *Yes, sir.* But he doesn't refer to these anywhere else in this document.

Q. And isn't it true that *Dr. Furukawa also testified to Exhibit DX-215 and said that that document or video also evidences Google -- the functionality of Google Street View* before October 25th, 2013? Correct?

A. I don't recall exactly, but *I believe he did have some testimony about this document or about an image similar to this one. Yes.*

Tr. 1772:13–1774:24; *see also* 1767:16–1769:19, 1770:24–1772:6, 1772:13–1774:24, 1775:3–1776:11, 1776:13–1778:17.

Similarly, in the litigation Redfin asserted that the 2013 3D modeling technology of Matterport is an embodiment of Bell436 that renders the Asserted Claims of Surefield's Patents

16

obvious when combined with Cowtan. Ex. A; Tr. 1021:10–21, 1022:4–16, 1033:2–6, 1034:8–24; DX-66; DX-226. Before the PTAB, Dr. Furukawa also testified that the 2013 "3D modeling technology of Petitioner Matterport" is described by Bell436 which renders the claims of the Asserted Patent obvious when combined with Cowtan. Dkt. 229, PX-415 ¶¶ 19, 34, 68–89, 106– 08, 114–486. Further, Redfin's litigation witnesses and Dr. Furukawa's PTAB testimony relied upon *the identical printed publications* to evidence the 2013 3D modeling technology of Matterport. *Compare* DX-345 (https://vimeo.com/53477766); DX-226 at 230 (www.matterport.com/industries/ (Oct. 14, 2013)) *with* Dkt. 229, PX-415 ¶ 68 (citing https://vimeo.com/53477766 and www.matterport.com/industries/ (Oct. 14, 2013)); *see also* Tr. 1037:5–1038:15, 1314:23–1318:9.

### C.   The Erroneous Exclusion of the PTAB Decisions and Declaration Unfairly Prejudiced Surefield and Improperly Affected the Jury's Decision.

The Court's exclusion of the PTAB Decisions unfairly prejudiced Surefield. The testimony of Dr. Navratil and Dr. Furukawa and the closing arguments of Redfin's counsel misled the jury by falsely suggesting the PTO had never considered Dr. Furukawa's testimony regarding Google Street View, Google Art Project, and the Matterport Prior Art combinations. Had Surefield been permitted to use the Decisions and Furukawa Declaration, it would have impeached the false statements of Dr. Navratil and Dr. Furukawa, resulting in the jury assigning very little, if any, weight to their testimony and ultimately finding the Patents not invalid. As detailed in the Offer of Proof, the Decisions and the Furukawa Declaration from the IPR proceedings show that the PTO both considered and rejected Dr. Furukawa's testimony regarding Google Street View, Google Art Project, and the Matterport Prior Art combinations relying on the same printed publications including YouTube videos. Additionally, beyond impeaching Dr. Navratil's and Dr. Furukawa's testimony, the Court's evidentiary ruling prevented the jury from applying the correct burden of

proof, pursuant to the Court's instruction. Dkt. 223 at 30 ("Where Redfin is relying **on prior art**

**that was considered by the PTO during examination, you may weigh that prior art less heavily**

when considering whether the Redfin has carried its clear-and-convincing burden of proving

invalidity.").

## IV.   THE COURT INCORRECTLY DECLINED TO INSTRUCT THE JURY ON PRIOR ART SYSTEMS.

The Court erred when it refused to give Surefield's Proposed Jury Instruction No. 24

Invalidity—Prior Art: Systems, over Surefield's objection. Dkt. 218-3 at 39; Tr. 1655:9–25. The

failure to instruct the jury that the elements of an alleged prior art system must be combined in an

actual system before the effective filing date was prejudicial because it allowed the jury to consider

Redfin's alleged "Google Street View System" and "Matterport 2013 System" as single references

that require no evidence of motivation to combine when, in fact, the evidence showed elements of

each alleged system were separate systems that were not combined before the effective filing date.[8]

When a party relies on the public use of a combination of elements, that party must show

that those elements were actually used together.[9] *Minnesota Min. and Mfg. v. Chemque,* 303 F.3d

1294, 1307 (Fed. Cir. 2002) (Ricoseal product is not prior art because the accused infringer

"presented no evidence that any third party or the inventors ever mixed the two parts of Ricoseal

or that the mixture was applied to a signal transmission device"); *International Bus. Mach. v.*

*Priceline*, 271 F. Supp.3d 667, 681 (D. Del. 2017) (granting summary judgment because "there is

no evidence that the system was ever actually configured in that way or used that way prior to the

---

[8] Even if these alleged Google Street View and Matterport 2013 Systems were in fact single systems, Redfin relied upon them in obviousness combinations with other references without presenting evidence of motivation to combine, as stated in Surefield's Motion for JMOL. Dkt. 248 at 2-6.

[9] The term "prior art" as used in section 103 refers to the statutory material named in section 102. *Riverwood Int'l v. R.A. Jones*, 324 F.3d 1346, 1354 (Fed. Cir. 2003).

critical date"); *Apple v. Samsung Electronics*, 2012 WL 2576136, *3 (N.D. Cal. Jul. 3, 2012) (no anticipation by public use because "there is no evidence that the software programs and code used by [accused infringer's expert] were in existence at the time or that they were combined in a single apparatus"); *Aguayo v. Universal Instruments*, 356 F. Supp.2d 699, 749 n.138 (S.D. Tex. 2005) (no anticipation by public use because accused infringer "did not have any documentary evidence to substantiate what version of the software was actually shipped"); *Civix-DDI v. Celico*, 387 F. Supp.2d 869, 895 (N.D. Ill. 2005) (no clear and convincing evidence of anticipation because two versions of the asserted software system existed). "'The mere fact that a certain thing may result from a given set of circumstances is not sufficient' to prove anticipation." *International Bus. Mach. v. Priceline*, 271 F. Supp.3d 667, 681 (D. Del. 2017) (granting summary judgment) (quoting *In re Robertson,* 169 F.3d 743, 745 (Fed. Cir. 1999) ("Defendants' references show that the [prior art] system ***could have been*** configured on a network, but none of Defendants' references show actual use of the combination.")); *Apple*, 2012 WL 2576136, *3 (expert's "post-hoc, reconstructed interpretation of how [the alleged prior art] system *might* have been constructed does not constitute prior art for the purposes of anticipation"). Surefield moved for summary judgment asserting there was no disputed issue of fact for the jury to resolve because the alleged Google Street View System and Matterport 2013 System each comprise a combination of elements that were not used in a single system. Dkt. 89. Apparently believing no genuine dispute of material fact existed, the Court denied the motion. Dkt. 195 at 4.

The evidence showed that the alleged Google Street View 2013 System was in fact three separate systems: Google Street View, Google Art Project, and Google Business Photos. Tr. 1453:11–21, 1454:1–14, 1455:5–1456:1, 1595:13–25 1596:13–21, 1600:9–1603:17. The evidence also showed that the alleged Matterport 2013 System consisted of separate systems and patent

applications, including 2012 source code, 2013 source code, Bell '436 application, Bell '060 application, and Bell '533 application. *Id.* at 1596:1–7, 1603:18–1605:5. This evidence (1) precluded Redfin from relying on Google Street View System as an anticipatory reference under 35 U.S.C. § 102 (as it did against the '673 Patent Asserted Claims) and (2) required Redfin to assert each of the alleged systems as an obviousness combination and to present evidence that a POSITA would have been motivated to combine the separate systems comprising the alleged Google Street View System and Matterport 2013 System, respectively (which it did not). By failing to instruct the jury that the attributes of an alleged prior art system must be combined together in the same actual system, the Court unfairly prejudiced Surefield, allowing Redfin to violate section 103 by removing the requirement to prove motivation to combine and section 102 by permitting Redfin to present each of the alleged systems as a single piece of prior art. Because the Court failed to properly instruct the jury, Surefield is entitled to a new trial on Redfin's defense and counterclaim of invalidity.

## CONCLUSION

For the foregoing reasons, this Court should grant Plaintiff's Motion for New Trial or to Alter or Amend the Judgment.

Dated: September 12, 2022

Respectfully submitted,

*/s/  Andrew G. DiNovo*
Andrew G. DiNovo
Texas State Bar No. 00790594
adinovo@dinovoprice.com
Nicole E. Glauser
Texas State Bar No. 24050694
nglauser@dinovoprice.com
Christopher V. Goodpastor
Texas State Bar No. 00791991
cgoodpastor@dinovoprice.com
Adam G. Price
Texas State Bar No. 24027750
aprice@dinovoprice.com
Gregory S. Donahue
Texas State Bar No. 24012539
gdonahue@dinovoprice.com
Gabriel R. Gervey
Texas State Bar No. 24072112
ggervey@dinovoprice.com
Michael D. French (*Pro Hac Vice*)
mfrench@dinovoprice.com
**DINOVO PRICE LLP**
7000 N. MoPac Expressway, Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Facsimile:  (512) 539-2627

Steven W. Fogg (*pro hac vice*)
sfogg@corrcronin.com
Eric A. Lindberg (*pro hac vice*)
elindberg@corrcronin.com
**CORR CRONIN, LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154
Telephone: (206) 625-8600

Mark P. Walters (*pro hac vice*)
walters@lowegrahamjones.com
**LOWE GRAHAM JONES, PLLC**
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
Telephone: (206) 381-3300

**ATTORNEYS FOR PLAINTIFF**

21

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 12, 2022, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system and all counsel of record have been served via email.

*/s/ Andrew G. DiNovo*
Andrew G. DiNovo

22