# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| APPLIANCE COMPUTING III, INC. | § | |
| d/b/a SUREFIELD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:20-cv-00376-ADA |
| | § | |
| REDFIN CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## REDFIN'S OPPOSITION TO PLAINTIFF'S MOTION FOR NEW TRIAL OR TO ALTER OR AMEND THE JUDGMENT

## <u>TABLE OF CONTENTS</u>

I.     LEGAL STANDARD ................................................................................................. 1

II.    THE VERDICT OF NON-INFRINGEMENT AND INVALIDITY IS NOT AGAINST THE GREAT WEIGHT OF EVIDENCE ........................................................................ 2

III.   THE COURT DID NOT ERR IN ITS JURY INSTRUCTIONS ...................................... 2

     A.    It Was Not Error to Exclude a Jury Instruction Regarding Inducement of Redfin Website Users ...................................................................................................... 2

     B.    It Was Not Error to Refuse a No Ordered Combination Jury Instruction .............. 6

     C.    The Court Did Not Err in Declining to Include an Instruction on Prior Art Systems .................................................................................................................... 7

IV.   IT WAS NOT ERROR TO EXCLUDE EVIDENCE REGARDING PTAB DECISIONS .............................................................................................................. 10

     A.    The Excluded PTAB Decisions Were Not Relevant to the Issues Presented at Trial ...................................................................................................................... 10

     B.    The Court Was Within Its Discretion to Exclude the PTAB Decisions ............... 13

     C.    The Court Properly Found that Counsel Did Not Open the Door to Introduction of the PTAB Decisions ............................................................................................ 14

     D.    Surefield Was Not Prejudiced by Exclusion of the PTAB Decisions ................. 16

V.    CONCLUSION ........................................................................................................ 17

## TABLE OF AUTHORITIES

**Cases**

*Acantha LLC v. DePuy Orthopaedics Inc.*,
   No. 15-C-1257, 2018 WL 2431852 (E.D. Wis. May 30, 2018) ....................................... 13

*Andover Healthcare, Inc. v. 3M Co.*,
   No. CV 13-843-LPS, 2016 WL 6404111 (D. Del. Oct. 27, 2016) ................................. 12

*Apple v. Samsung Elec.*,
   2012 WL 2576136 (N.D. Cal. July 3, 2012).................................................................... 10

*C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.*,
   911 F.2d 670, 675 (Fed. Cir. 1990)................................................................................... 3

*Environ Prods., Inc. v. Furon Co.*,
   215 F.3d 1261 (Fed. Cir. 2000)......................................................................................... 1

*Ericsson, Inc. v. D-Link Sys., Inc.*,
   773 F.3d 1201(Fed. Cir. 2014).................................................................................... 2, 3

*Finjan, Inc. v. Sophos, Inc.*,
   No. 14-cv-01197, 2016 WL 4560071 (N.D. Cal. Aug. 22, 2016) ................................... 12

*Foradori v. Harris*,
   523 F.3d 477 (5th Cir. 2008). .......................................................................................... 1

*Freshub, Inv v. Amazon.com, Inc.*,
   Case No. 6:21-cv-00511-ADA, 2021 WL 2587713 (W.D. Tex. Jun. 13, 2021) ............. 12

*Int'l Business Mach. v. Priceline*,
   271 F. Supp. 3d 667 D. Del. 2017) ................................................................................. 10

*Int'l Ins. Co. v. RSR Corp.*, 426 F.3d 281 (5th Cir. 2005) ........................................................... 13

*Interdigital Commc'ns Inc. v. Nokia Corp.*,
   No. 13-10-RGA, 2014 WL 8104167 (D. Del. Sept. 19, 2014) ....................................... 13

*Kanida v. Gulf Coast Med. Pers. LP*,
   363 F.3d 568, 578 (5th Cir. 2004) ................................................................................... 3

*K-TEC v. Vita-Mix*, 696 F.3d 1364, 1376 (Fed. Cir. 2012) ......................................................... 12

*LC Eldridge Sales v. Azen Mfg.*,
   No. 6:11-cv-599 (E.D. Tex. Oct. 11, 2013) .................................................................... 12

*Minnesota Min. and Mfg. v. Chemque*,
   303 F.3d 1294 (Fed. Cir. 2002).......................................................................................... 10

*Newell Companies, Inc. v. Kenney Mfg. Co.*,
  864 F.2d 757 (Fed. Cir. 1988)....................................................................... 1

*NTP, Inc. v. Research in Motion, Ltd.*,
  418 F.3d 1282 (Fed. Cir. 2005)................................................................. 3, 6

*Oracle Am. v. Google,* No. C 10-3561,
  2012 WL 1189898 (N.D. Cal. Jan 4, 2012) ............................................... 12

*Procter & Gamble v. Team Techs.*,
  No. 1:12-cv-552 (S.D. Ohio July 3, 2014)................................................. 12

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co., Ltd.*,
  2:13-CV-213-JRG-RSP, 2015 WL 627430 (E.D. Tex. Jan. 31, 2015)............. 12

*Sciele Pharma v. Lupin*,
  684 F.3d 1253 (Fed. Cir. 2012)................................................................. 12

*Sibley v. Lemaire*,
  184 F.3d 481 (5th Cir. 1999). .................................................................... 1

*Sulzer Textil A.G. v. Picanol N.V.*,
  358 F.3d 1356 (Fed. Cir. 2004)........................................................... 1, 2, 3

*United States v. Dillon*,
  532 F.3d 379, 387 (5th Cir. 2008) ........................................................... 13

*United States v. Fields*,
  483 F.3d 313 (5th Cir. 2007) .................................................................... 13

*Universal Elecs. v. Universal Remote Control*,
  No. C 12-cv-00329 (C.D. Cal. Apr. 14, 2014)............................................ 12

*Vaporstream, Inc. v. Snap Inc.*,
  No. 17-cv-220-MLH, 2020 WL 978731 (C.D. Cal. Feb. 28, 2020)................. 13

*Vetter v. McAtee*,
  850 F.3d 178, 184 (5th Cir. 2017) .............................................................. 1

*ZiiLabs, Inc., Ltd. v. Samsung Elec.*,
  No. 2:14-cv-203, 2015 WL 13617214 (E.D. Tex. Oct. 28, 2015)................. 12

## **Statutes**

35 U.S.C. § 271(b) ....................................................................................... 3

35 U.S.C. § 311(b) ..................................................................................... 11

**<u>Treatises</u>**

11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2886 (2d ed. 1995) ................................................................................................................... 1

Surefield seeks a new trial, or to amend the judgment, on three grounds:  (1) that the verdict is contrary to the weight of the evidence, (2) the Court erred in declining to include certain jury instructions, and (3) the Court erred in excluding evidence of Matterport's IPRs. Surefield has not and cannot provide sufficient support for its arguments to justify granting a new trial.  Thus, this Court should deny Surefield's motion.

## I.    LEGAL STANDARD

"A new trial will not be granted based on trial error unless, after considering the record as a whole, the court concludes that manifest injustice will result from letting the verdict stand." *Foradori v. Harris,* 523 F.3d 477, 506 (5th Cir. 2008)*.*  The burden is on the moving party to show a new trial is warranted.  *Sibley v. Lemaire,* 184 F.3d 481, 487 (5th Cir. 1999).

When a new trial is sought on evidentiary grounds it is the movant's burden to show there was "an absolute absence of evidence to support the jury's verdict."  *Vetter v. McAtee*, 850 F.3d 178, 184 (5th Cir. 2017).  A jury verdict will not be set aside, based on erroneous jury instruction unless the movant can show the "instructions were legally erroneous," and that "the errors had prejudicial effect."  *Sulzer Textil A.G. v. Picanol N.V.*, 358 F.3d 1356, 1363 (Fed. Cir. 2004). Even when there is an error in a jury instruction, such error does not justify a new trial if the error could not have changed the result."  *Environ Prods., Inc. v. Furon Co.,* 215 F.3d 1261, 1266-67 (Fed. Cir. 2000); 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2886 (2d ed. 1995) ("Errors in instructions routinely are ignored if ... the error could not have changed the result."); *see also Newell Companies, Inc. v. Kenney Mfg. Co.,* 864 F.2d 757, 765 (Fed.Cir.1988) ("Trials must be fair, not perfect.").

## II.   THE VERDICT OF NON-INFRINGEMENT AND INVALIDITY IS NOT AGAINST THE GREAT WEIGHT OF EVIDENCE

For the reasons set forth in Redfin's opposition to Surefield's Motion for Judgment as a Matter of Law, the jury's verdict is well supported by evidence and a new trial is not warranted. Surefield unquestionably failed to carry its burden of proving infringement.  *See generally* Redfin's Opposition to Surefield's Renewed JMOL (D.I. 261).  It failed to clearly identify the accused technology, identify which entity performed each step or used or made the ill-defined accused system.  *Id*. at 20-24 (Section III.A).  In addition, Redfin's witnesses explained why there could be no infringement.  *Id*. at 24-30 (Section III.B.1-3).  Redfin's witnesses also explained why the asserted claims are invalid.  In particular, Matterport's founder, Mr. Gausebeck, explained that the accused system and method for making virtual models worked in materially the same way for several years before Surefield applied for any of the asserted patents. Former Google engineer, Dr. Furukawa, described the Google Street View Indoors prior art system ("GSV") he developed for making virtual models that predated the asserted patents (*id*. at 3-4, 7-9, 11, 15) and Redfin's technical expert, Dr. Navratil, explained how GSV anticipated and rendered obvious all the asserted claims.  *Id*. at 3, 5-9, 12-16.  Surefield does not and cannot explain why the jury's well-founded verdict should be rejected.  *Ericsson, Inc. v. D-Link Sys., Inc.*,773 F.3d 1201, 1225 (Fed. Cir. 2014) ("The Fifth Circuit reviews the denial of a new trial motion for abuse of discretion, reversing only if there is an 'an absolute absence of evidence to support the jury's verdict.'").

## III.   THE COURT DID NOT ERR IN ITS JURY INSTRUCTIONS

### A.   <u>It Was Not Error to Exclude a Jury Instruction Regarding Inducement of Redfin Website Users</u>

The Court's refusal to give a jury instruction on inducement of Redfin's customers does not warrant a new trial for at least one simple reason:  inclusion of the instruction would not have

changed the outcome of the case.  *Sulzer Textil A.G.,* 358 F.3d at 1367 (holding that refusal to provide a jury instruction only justifies a new trial if the outcome of the case would have been different had the correct instruction been given); *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1311-12 (Fed. Cir. 2005) [citations omitted] ("when the error in a jury instruction could not have changed the result, the erroneous instruction is harmless.").  In this case, the jury found all the asserted claims invalid.  Thus, a finding of inducement would not impact the outcome of the case.  Indeed, Surefield does not even make a substantive argument as to why refusal to instruct the jury on inducement of Redfin's customers is prejudicial and cannot carry its burden to show prejudice.  *Sulzer Textil A.G.,* 358 F.3d at 1364 ("The burden of establishing prejudice falls on [movant]").

Moreover, it was not an error to refuse the instruction.  As a predicate to establishing inducement of Redfin customers, Surefield needed to prove that Redfin's customers directly infringed one or more asserted patent claims.  35 U.S.C. § 271(b); *C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.*, 911 F.2d 670, 675 (Fed. Cir. 1990).  As explained below, Surefield failed to map the asserted claims to Redfin's customers and, thus, failed to present the required evidence of underlying direct infringement.  This too is fatal to Surefield's request for a new trial.  *Ericsson*, 773 F.3d at 1234 (affirming that it is not an error to refuse to provide a jury instruction on an issue for which there is insufficient evidence); *see also Kanida v. Gulf Coast Med. Pers. LP*, 363 F.3d 568, 578 (5th Cir. 2004) ("[D]istrict courts have substantial latitude in crafting jury instructions . . . [such that a] refusal to give a requested jury instruction constitutes reversible error 'only if the instruction 1) was a substantially correct statement of law, 2) was not substantially covered in the charge as a whole, and 3) concerned an important point in the trial

3

such that the failure to instruct the jury on the issue seriously impaired the [party's] ability to present a given [claim].'").

Surefield incorrectly contends that it "presented substantial, compelling evidence of direct infringement by Redfin's customers and end user's." D.I. 249 at 3. But even a cursory review of Surefield's expert's, Dr. Melendez's, trial testimony shows that he did not map all the claim elements of the asserted claims to Redfin's users/customers. Instead, Dr. Melendez testified that most, if not all, of the accused processing occurred on "back-end servers." *See e.g.* Tr. 508:14-510:11 (testifying that after image data is captured using Matterport cameras, the data is uploaded and processed at servers wherein panoramas are created, camera positions and geometry are determined, point clouds are created and spatial boundaries are determined).[1] With respect to the independent claims, he unquestionably did not map the elements to Redfin's users. *E.g.* Tr. 531:23-559:8 (testifying regarding alleged infringement of claim 10 of the '673 patent and failing to identify how a customer infringes the processor, memory and program elements, the receiving image data element, the creation of panorama element, the determining camera geometry element, the generating a point cloud element or generating a 3D model element); Tr. 562:21-569:5 (testifying regarding alleged infringement of claim 1 of the '673 patent and failing to identify how a customer infringes the receiving image data step, creating a plurality of panoramas step, defining spatial boundaries step, determining  camera geometry step, generating a point cloudstep and generating the 3D model step); Tr. 574:2-597:14 (testifying regarding alleged infringement of claim 1 of the '885 patent and failing to identify how a customer

---

[1]     Dr. Melendez does testify that "there's also the part that's happening within the customer's computer which is actually determining which –the geometric proxy" and some undefined processing happens in both the back-end server and "front end." Tr. 510:19-511:15. But he does not map each element of any claim to a Redfin customer.

infringes the processor, memory and program elements, generate a plurality of spatial boundaries element and the generate a virtual model element); Tr. 599:21-609:1 (testifying regarding alleged infringement of claim 18 of the '111 patent and failing to identify how a customer infringes the receiving image data step, creating panoramas step and defining spatial boundaries step); Tr. 612:3-626:23 (testifying regarding alleged infringement of claim 1 of the '973 patent and failing to identify how a customer infringes the processor, memory and program elements, defining spatial boundary element, annotating the ground truth image data element, and combining and processing ground truth data element).

Dr. Melendez inaccurately testified that Redfin "installs all of the software on the user's computer to allow . . . [the 3D Walkthrough] to occur" (Tr. 517:8-15) and that Redfin's customers' navigation of models via the Redfin website constitutes "use" of the accused system. Tr. 519:12-25. Dr. Melendez cites no evidence to support this testimony – as he could not given that it is an unquestionably incorrect position. Indeed, the founder of Matterport, Mr. Gausebeck confirmed that the accused models are hosted on Matterport servers, not Redfin's website, and users obtain the models directly from those Matterport servers, not from the Redfin website. *See e.g.* Tr. 1055:18-1056:24. Setting aside the fact that Dr. Melendez's assertion here is false, even if it were taken as true it would not change the fact he failed to map the actual claim elements to Redfin's users because navigation of a model via one's browser does not and cannot implicate the claims. Indeed, all of the asserted claims are directed to systems and methods for making/creating "virtual models"/"3d models" or some specific underlying aspect of a "virtual model"/"3d model." *See* '885 patent, claim 1 (requiring a system that "generate[s][2] a virtual

---

[2]    The parties agreed and the Court construed virtual model to mean "creating" the virtual model. *See* D.I. 41.

model"); '673 patent, claim 1 (requiring a method for "generating the 3d model"); '673 patent, claim 10 (requiring a system for "generating the 3d model"); '973 patent, claim 1 (requiring a system for "generating and rendering a virtual model"); '111 patent, claim 1 (requiring a method for "creating a plurality of panoramas" from received image data, "defining spatial boundaries" of rooms using the image data and "rendering a virtual model" using the spatial boundaries and panoramas).  Just like operating a car is not the same as operating the factory for making that car, navigating an already created virtual model is not the same as using the system or method for making the model.  Thus, Surefield could not and did not show that Redfin's customers directly infringe any claim –and it was not an error to refuse an instruction on inducement of Redfin customers.

### B.   It Was Not Error to Refuse a No Ordered Combination Jury Instruction

Like with the Court's refusal to provide an instruction on inducement of Redfin's customers, an inclusion of an ordered combination instruction would not have changed the outcome of the case.  *NTP*, 418 F.3d at 311-12 [citations omitted] ("when the error in a jury instruction could not have changed the result, the erroneous instruction is harmless.").  In this case, the jury found all the asserted claims invalid.  For this reason alone, Surefield's request for a new trial here should be denied.

In addition, Surefield's argument here is premised on a false assertion that an "ordered combination was one of Redfin's main non-infringement arguments."  D.I. 249 at 5.  To the contrary, none of Redfin's non-infringement arguments depended on an ordered combination of claim elements.  *See* D.I. 573 at 19, 29-30.  Moreover, Surefield does not specify which, if any non-infringement arguments it contends rely on an ordered combination of method steps.  To the extent it is contending that Redfin's non-infringement argument that the accused Matterport models are not generated and rendered from a "selected viewpoint" or from the "perspective of a

current view" – such argument does not rely on an ordered combination of steps.  To the contrary, the requirement in the claims that models are generated or rendered of a virtual model from a "selected viewpoint" or from the "perspective of a current view" comes from single claim elements and does not require that the elements be performed in any order.  Indeed, it is the plain language of individual claim elements from each of the claims that requires models be generated and/or rendered from a "selected viewpoint" or from the "perspective of a current view".  *See* '885 claim 1 ("**generate a virtual model of a current space** from the plurality of spaces in the real property **from the perspective of a current viewpoint**"); '973 claim 1 ("**generating and rendering a virtual model of a current space** within the plurality of spaces of the real property **from a perspective of a current view**"), 673 claims 1 and 10 ("**rendering a virtual model of a selected space** among the plurality of spaces using the plurality of panoramas …wherein rendering the virtual model of the selected space includes …**generating the 3D model**"); '111 claim 18 ("**in response to receiving a user indication** … **rendering a virtual model of a selected space** of the one or more spaces").  Thus, it was not an error to refuse to include a "no ordered combination" instruction as none was needed. The plain language of the claims was all the jury needed.

Moreover, the instruction sought by Surefield here is a claim construction argument that it should have raised during the claim construction process.

## C.    The Court Did Not Err in Declining to Include an Instruction on Prior Art Systems

Surefield alleges that the Court erred when it refused to give Surefield's Proposed Jury Instruction No. 24 because "it allowed the jury to consider Redfin's alleged 'Google Street View System' and 'Matterport 2013 System' as single references that require no evidence of motivation to combine when, in fact, the evidence showed elements of each alleged system were

separate systems that were not combined before the effective filing date."  D.I. 249 at 18.

Surefield's own allegations show why this argument is flawed.

Surefield made a factual determination on its own of what it contends the evidence shows and wanted the court to convert its factual determination to a jury instruction.  But, whether the evidence showed a single system or not was a question of fact that jury clearly found against Surefield.  Failing to instruct the jury on this made-up factual issue is no error.  To the contrary, it would have been error to issue this instruction, which would have prejudicially biased the jury to reach a factual conclusion that was within the jury's purview to decide and that is contrary to the evidence.

At the crux of this argument is Surefield's false premise that the systems relied upon by Redfin in its invalidity defenses were not one single real system, but instead multiple systems or theoretical systems.  Surefield, through its expert, Dr. Melendez, attempted and failed at convincing the jury that these systems were not each a single system.  Indeed, as shown in detail below, Dr. Melendez's conclusory testimony on this issue was directly contradicted by all fact witnesses and the documentary evidence.

For example, with respect to the Google Street View System, ("GSV"), Dr. Melendez began his invalidity rebuttal testifying that "the first thing to understand about that is it's actually not a single system.  It is a collection of things that is used collectively."  Tr. 1595:13-18; *see id.* at 1595:19-1605:5.  Dr. Melendez testified that because Google referred internally to different features of the GSV by different names, it somehow meant GSV was not a single system.  Tr. 1602:13-24.  But Dr. Melendez's testimony was contradicted by all available evidence, including the testimony of Dr. Furukawa, who testified about his "personal knowledge of how the Google Street View system worked while [he was] working at Google from January 2010 to the end of

July 2013."  Tr. 1128:18-21.  Dr. Furukawa testified that he worked on the software code for the

"inside businesses" feature and the "tours inside museums" feature of "Google Street View."  Tr.

1129:21-1130:5.  Dr. Furukawa explained that GSV was used in many different contexts:

> [B]esides outdoor streets, there were street view contents for museums, mostly
> indoors, or small businesses, restaurant, cafe, bookstores.  Or the skiing ground of
> the time of the winter Olympics in Vancouver.  Or a boat tour. They put the
> camera on the boat in Tokyo, Japan, underwater in Australia, Antarctica with
> penguins, and the Grand Canyon. So everywhere we can bring a camera, take
> images, yes. We had our contents to cover.

Tr. 1129:12-20.  He also testified the same SGV indoor tours were accessible from different

places:  googleartproject.com, Google Earth, and googlemaps.com.  Tr. 1138:1-8.  Notably,

Surefield's cross-examination of Dr. Furukawa did not raise this alleged multiple system issue.

*See* Tr. 1166:25-1177:20.

> Redfin also relied on its expert, Dr. Navratil, who explained:

> And technically it's one system, it's just we're talking about different features of
> that system.  There's outdoor, there's indoor in the art project, there's indoor
> inside of businesses. But it's all tied together as one system. … There are other
> websites that you can access it as well, but certainly from within Google Street
> View on Google Maps it's all in one thing.

Tr. at 1325:1-1326:5; see also, 1478:3-1479:4.  Surefield cross-examined Dr. Navratil on this

issue and he clearly explained that what Surefield alleges were different systems were in fact "all

different features of the Google Street View system."  *See* Tr. 1452:10-1454:14.  Redfin also

relied on many video and documentary exhibits showing how Google, the press, and the general

public understood the different features provided by GSV.  *See e.g.,* DX-253, DX-219, DX-614,

DX-332, DX-259, DX-257, DX-253, DX-217, DX-215, DX-300, DX-197, DX-198, DX-218,

DX-092, DX-226, DX-258.  To the extent Surefield's arguments raised any factual dispute as to

whether the prior art systems Redfin relied upon were a single system or not, the jury's invalidity

determination resolved the dispute.

Surefield cites several cases that do not support its requested relief.  In *Minnesota Min.*,

the court found a complete absence of "substantial evidence of use of the" prior art product,

Ricoseal.  *Minnesota Min. and Mfg. v. Chemque,* 303 F.3d 1294, 1307 (Fed. Cir. 2002).  In

contrast, Redfin presented to the jury ample evidence of the use of GSV, including the testimony

of Dr. Furukawa, the testimony of Dr. Navratil (who testified even as to his own use of it), and

many publications and video exhibits that were presented to the jury showing video recordings of

actual uses of the prior art system.

In *IBM,* the court found that "there is no evidence that the [prior art] system was ever

actually configured in that way or used that way prior to the critical date."  *Int'l Business Mach.*

*v. Priceline*, 271 F. Supp. 3d 667, 681 (D. Del. 2017).  Again, this is not the case here.  Redfin

presented evidence of the prior art configured as recited in the claims and publicly used prior to

the priority date.  In *Apple v. Samsung Elec.*, the Court found that testimony about how the prior

art "system might have been construed does not constitute prior art for purposes of anticipation."

2012 WL 2576136, at *3 (N.D. Cal. July 3, 2012).  Again, the evidence presented by Redfin is

not about how the prior art systems might have been configured but how they were configured

and used before the priority date.  In short, none of the case law relied upon by Surefield is

applicable to this case.

## IV.  IT WAS NOT ERROR TO EXCLUDE EVIDENCE REGARDING PTAB DECISIONS

### A.  The Excluded PTAB Decisions Were Not Relevant to the Issues Presented at Trial

The Court has already twice heard and rejected Surefield's arguments on the exclusion of

the PTAB decisions regarding non-institution of IPRs relating to the asserted patents.  D.I. 159 at

1-3; D.I. 195 at 3; Tr. 1490:2-1503:7.  Now, in its third attempt to re-hash this issue, Surefield

misrepresents the nature of the IPRs and the PTAB's decisions regarding them to try to fabricate

10

a basis to claim that the PTAB decisions are somehow relevant to the issues presented at trial. But the decisions have little to no relevance to the issues presented at trial.

Indeed, Surefield's claim of relevance is based on a blatant misrepresentation of the facts. In its motion, Surefield falsely states that the "PTAB necessarily considered Dr. Furukawa's testimony regarding the obviousness combination of Bell436 . . . and Cowtan, **Google Street View, and Google Art Project**," arguing that Redfin asserted the same prior art combination at trial.  D.I. 249 at 8 (emphasis added).  None of this is true.

As a preliminary matter, Redfin did not bring the IPRs; they were filed by non-party Matterport and thus, the IPRs do not reflect Redfin's assertions.  More importantly, the IPRs did **not** assert the obviousness combination of Bell 436, Cowtan, **Google Street View, and Google Art Project.**  The IPRs asserted (and were limited to) invalidity on the following grounds:

- The combination of Cowtan and Bell436,
- The combination of Cowtan, Bell436, and Triggs
- The combination of Cowtan, Bell436, and Bell060
- The combination of Cowtan, Bell436, and Sun

*See* D.I. 229 at 282 (PX-342 at 7), 308-309 (PX-343 at 6-7), 333 (PX-344 at 6), 367-368 (PX-345 at 7).  They did not assert any combination with Google Street View or Google Art Project. They did not because they could not.  The invalidity grounds asserted in IPRs are statutorily restricted to patents and printed publications.  *See* 35 U.S.C. § 311(b).  Thus, IPRs cannot rely on system art such as Google Street View (including as seen in the Google Art Project).  But system art – the Google Street View Indoor system as well as the Matterport prior art system – is what Redfin relied on at trial to prove invalidity.  Redfin did not rely on any of the prior art combinations asserted in the IPRs.  Thus, Surefield's claim that Redfin relied at trial on the same prior art at issue in the IPRs is not only inaccurate, it's an impossibility.

Thus, the cases cited by Surefield that involve Patent Office review of the prior art reference being asserted at trial are inapplicable here, where the PTAB did not consider the same prior art Redfin asserted at trial.[3] *See* D.I. 249 at 9-10.  In fact, courts regularly exclude evidence of PTAB decisions where they involve different prior art references than that being presented at trial or where the IPR was filed by a non-party.  *Finjan, Inc. v. Sophos, Inc.*, No. 14-cv-01197, 2016 WL 4560071, at *14 (N.D. Cal. Aug. 22, 2016) (excluding evidence of IPRs where none of the reviews involved the same prior art at issue at trial); *ZiiLabs, Inc., Ltd. v. Samsung Elec.*, No. 2:14-cv-203, 2015 WL 13617214, at *3 (E.D. Tex. Oct. 28, 2015) (excluding evidence of PTAB decisions brought by a different party).  Indeed, courts regularly exclude evidence of PTAB decisions denying institution even when they involve the same party and prior art, finding that the evidence is confusing and of limited probative value.  *Freshub, Inv v. Amazon.com, Inc*., Case No. 6:21-cv-00511-ADA, 2021 WL 2587713 at *1 (W.D. Tex. Jun. 13, 2021) (granting Amazon.com's motion in limine excluding reference to non-instituted IPRs); *Andover Healthcare, Inc. v. 3M Co.*, No. CV 13-843-LPS, 2016 WL 6404111, at *2 (D. Del. Oct. 27, 2016) ("The Rule 403 balance strongly favors exclusion, as the minimal (if any) probative value of the PTAB's decision is far outweighed by the risk of jury confusion and unfair prejudice."); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co., Ltd.*, 2:13-CV-213-JRG-RSP, 2015 WL

---

[3]     *See Sciele Pharma v. Lupin*, 684 F.3d 1253, 1258 (Fed. Cir. 2012) (addressing relevance of PTO consideration prior art references being relied upon in the lawsuit); *K-TEC v. Vita-Mix*, 696 F.3d 1364, 1376 (Fed. Cir. 2012) (same); *Oracle Am. v. Google,* No. C 10-3561, 2012 WL 1189898, at *3 (N.D. Cal. Jan 4, 2012) (addressing completed re-examinations based on prior art before the fact finder); *Universal Elecs. v. Universal Remote Control*, No. C 12-cv-00329, D.I. 290 at 5-6 (C.D. Cal. Apr. 14, 2014) (addressing IPR based on "very art that forms the basis for [defendants's] invalidity defense in the upcoming trial"); *LC Eldridge Sales v. Azen Mfg.*, No. 6:11-cv-599, D.I. 250 at 4 fn.1 (E.D. Tex. Oct. 11, 2013) (noting that the re-exam at issue involved prior art being relied on in the litigation); *Procter & Gamble v. Team Techs.*, No. 1:12-cv-552, D.I. 130 at 21-22 (S.D. Ohio July 3, 2014) (considering PTAB decision that evaluated same prior art inherency argument at issue in district court).

627430, at *5 (E.D. Tex. Jan. 31, 2015) (excluding denials of IPR petitions); *Interdigital Commc'ns Inc. v. Nokia Corp.*, No. 13-10-RGA, 2014 WL 8104167, at *1 (D. Del. Sept. 19, 2014) ("marginal relevance" of IPR denial outweighed by the "significant risk of confusion"); *Vaporstream, Inc. v. Snap Inc.*, No. 17-cv-220-MLH, 2020 WL 978731, at *8 (C.D. Cal. Feb. 28, 2020) (excluding reference to IPRs based on danger of "jury confusion over the invalidity issues in the case").  Courts have regularly come to this conclusion because, "it would be difficult for a jury to understand, much less apply, the nuanced differences between the various proceedings and to determine how much weight should be given to PTAB's decision to deny institution, if any." *Acantha LLC v. DePuy Orthopaedics Inc.*, No. 15-C-1257, 2018 WL 2431852, at *3 (E.D. Wis. May 30, 2018).

Furthermore, the PTAB here declined to institute the IPRs based on the petitions' purported failure to provide sufficient evidence of the motivation to combine the Cowtan and Bell436 prior art references.  Putting aside the different standards applied in PTAB proceedings and in making IPR institution decisions, the substance of the prior art arguments relating to Cowtan and Bell436 have no bearing on the jury's consideration of evidence relating to the prior art Google Street View and Matterport systems.  Thus, Surefield cannot show that any of the excluded evidence was relevant to Redfin's trial invalidity arguments.

**B.** **The Court Was Within Its Discretion to Exclude the PTAB Decisions**

In addition, regardless of the relevance of the PTAB non-institution decisions, the court was well within its discretion to exclude them.  As the Fifth Circuit has recognized, "trial court discretion is at its zenith in Rule 403 balancing[.]"  *United States v. Fields*, 483 F.3d 313, 354 (5th Cir. 2007); *see also Int'l Ins. Co. v. RSR Corp.*, 426 F.3d 281, 299-300 (5th Cir. 2005); *United States v. Dillon*, 532 F.3d 379, 387 (5th Cir. 2008) (noting "especially high deference" given to Rule 403 determinations).

The Court here provided a very well-reasoned justification for its exclusion of the

evidence, noting:

> [U]nder Rule 403 – 401 and 403, that if I were to allow in the evidence that
> plaintiff is suggesting, the next thing I would have to do to remain fair would be
> to allow in the defendant to put in the evidence that he just argued to me.  And we
> would be off to the races with explaining to a jury what an IPR is and maybe
> explaining to them, if we could, why it matters.  And I'm going to find in this case
> with respect to infringement and invalidity and damages, that it does not matter.

Tr. 1502:22-1503:7.  And indeed, the PTAB decisions did not matter to the trial.  As noted

above, the PTAB decisions concerned only the non-institution of the IPRs based on evidence of

motivation to combine prior art not at issue in the trial.  Thus, if Surefield were allowed to

discuss the PTAB decisions, to avoid any prejudice to Redfin, a lot of trial time would be wasted

trying to explain to the jury (1) that Redfin did not file the IPRs; (2) that the standards the PTAB

uses in considering institution of IPRs are different than the standard the jury is to apply at trial,

(3) that the PTAB non-institution decisions were not a determination of validity on the merits;

and (4) that different prior art references were being asserted in the IPRs that have no bearing on

the invalidity arguments asserted by Redfin at trial.  The presentation of this evidence would not

have helped the jury decide the issues presented in the case, *i.e.* (1) whether the Google Street

View or Matterport prior art systems disclosed the elements of the asserted claims, (2) whether

the accused Matterport virtual tours infringed asserted patents, or (3) how much damages

Surefield was entitled to if there was infringement.  Thus, the introduction the PTAB decisions

would have served only to confuse the jury and waste the parties' and the Court's time.  Thus,

the Court was well within its discretion to exclude the evidence.

### C.   The Court Properly Found that Counsel Did Not Open the Door to Introduction of the PTAB Decisions

Ignoring that the PTAB decisions are irrelevant to the issues presented at trial, Surefield

argues they should have been admitted because Dr. Furukawa, who testified at trial regarding the

prior art Google Street View system also submitted an expert declaration in the IPRs. Specifically, Surefield contends that it should have been allowed to enter the PTAB decisions into evidence to rebut suggestions Redfin made a trial that the Patent Office did not consider Dr. Furukawa's testimony.

Surefield misleadingly conflates Dr. Furukawa's declaration testimony submitted with the IPR petitions and his separate trial testimony. The two are different. When Dr. Navratil was asked about whether the Patent Office had Dr. Furukawa's testimony, Dr. Navratil was answering with respect to Dr. Furukawa's trial testimony. Tr. 1485:9-14 (referring to Dr. Furukawa sitting in the court talking about Google Street View). In closing, Redfin's counsel made clear that he was referring to the testimony Dr. Furukawa gave "here in this trial" when stating the Patent Office did not have the benefit of his testimony. Tr. 1746:2-3. Thus, Redfin did not suggest that the Patent Office did not consider any type of testimony from Dr. Furukawa.

Surefield also ignores that Dr. Furukawa's IPR declaration did not discuss whether Google Street View invalidated Surefield's patent claims. Surefield provides a comparison between Dr. Furukawa's IPR declaration and his trial testimony, suggesting that he provided the same testimony to the PTAB as he did to the jury during trial. *See* D.I. 249 at 13-15. But what Surefield fails to acknowledge is that Dr. Furukawa's discussion of Google Street View in his IPR declaration was given in the context of providing his credentials and experience, and describing the background state of the art at the time the Surefield patent applications were filed. D.I. 229, PX-415 ¶ 59. His IPR testimony regarding Google Street View was not used as a basis to assert invalidity of the Surefield patents. *See id*. Thus, there is no suggestion that the PTAB considered Dr. Furukawa's testimony regarding Google Street View in his IPR declaration in issuing the PTAB decisions.

Most importantly, Surefield does not explain how admission of the PTAB decisions would rebut suggestions that the Patent Office did not consider Dr. Furukawa's testimony regarding Google Street View.  The four PTAB decisions are devoid of any discussion of Dr. Furukawa's time at Google or his work on Google Street View, making no reference at all to Google Street View.  The only time the PTAB decisions make any reference to Dr. Furukawa's IPR declaration testimony is with respect to Dr. Furukawa's discussion and opinions regarding his interpretation of claims, and the Cowtan and Bell references prior art references relied upon in the IPR.  D.I. 229, PX-342 at 11 (discussing Dr. Furukawa's interpretation of "parcel outline"); PX-343 at 17 (discussing, Dr. Furukawa's explanation of Cowtan); PX-344 at 8, 11, 28 (discussing Dr. Furukawa's opinion as to the level of ordinary skill in the art, interpretation of "parcel outline", and motivation to combine Cowtan and Bell); PX-345 at 11 (discussing Dr. Furukawa's interpretation of "parcel outline").  There is nothing in the PTAB decisions that would inform the jury that the Patent Office considered testimony regarding Google Street View as those decisions have nothing to do with the Google Street View prior art.  As such, they were properly excluded by the Court.

### D.    Surefield Was Not Prejudiced by Exclusion of the PTAB Decisions

As its final argument, Surefield claims that had it been allowed to introduce the PTAB Decisions and Dr. Furukawa's IPR declaration, the jury would have known that the Patent Office did consider the Google Street View and Matterport prior art and thus, would have found the patents not invalid.  There is no basis for such an inferential leap.

In fact, Surefield did submit evidence to the jury that the Patent Office had considered the Google Street View and Matterport prior art systems and nevertheless granted the Surefield patents.  *See e.g.* Tr. 452:5-15 (testimony regarding disclosure of Matterport patents to the PTO); 453:4-454:3 (testimony regarding disclosure of Matterport prior art system to the PTO); 1653:4-

12 (testimony that Patent Office reviewed Google videos showing tours of the White House or other museums); 1467:9-20 (testimony that Patent Office considered an article about Google Street View); 1468:3-15 (same); 1468:24-1469:7 (testimony regarding Patent Office "considered that Google Street View article about Google Street view going inside").  Even with this evidence, the jury still found the asserted claims invalid.  Thus, there is no reason to believe that submission of duplicative evidence in the form of PTAB decision and Dr. Furukawa's IPR declaration would change that outcome.

Moreover, Surefield's argument is based on a false premise.  It argues that the excluded PTAB decisions and Furukawa IPR declaration "show that the PTO both considered and rejected Dr. Furukawa's testimony regarding Google Street View, Google Art Project, and the Matterport Prior Art combinations[.]"  D.I. 249 at 17.  But, as noted above, the PTAB decisions are silent as to Google Street View (including the Google Art Project) and make no reference to Dr. Furukawa's declaration with respect to his work at Google.  There is no indication that the PTAB rejected or even considered Dr. Furukawa's testimony regarding Google.  Thus, there is no basis to suggest that admission of the PTAB decisions and Dr. Furukawa's declaration would have affected the jury's verdict.

## V.   CONCLUSION

For the foregoing reasons, Redfin respectfully requests the Court to deny Surefield's motion for a new trial, or to alter or amend the judgment.

Dated: October 3, 2022                    Respectfully submitted,


                                          _/s/ Ryan J. Marton_____
                                          Ryan Marton

                                          Ryan Marton (admitted *Pro Hac Vice*)
                                          ryan@martonribera.com
                                          Hector Ribera (admitted *Pro Hac Vice*)
                                          hector@martonribera.com
                                          Carolyn Chang (admitted *Pro Hac Vice*)
                                          carolyn@martonribera.com
                                          Phillip Haack (admitted *Pro Hac Vice*)
                                          phaack@martonribera.com
                                          Marton Ribera Schumann & Chang LLP
                                          548 Market St Suite 36117
                                          San Francisco, CA 94104
                                          Telephone: (415) 360-2515

                                          Darryl J. Adams
                                          Texas State Bar No. 00796101
                                          dadams@sgbfirm.com
                                          SLAYDEN GRUBERT BEARD PLLC
                                          401 Congress Ave., Suite 1650
                                          Austin, Texas 78701
                                          Telephone: (512) 402-3562
                                          Facsimile:  (512) 402-6865

                                          Benjamin J. Byer (admitted *Pro Hac Vice*)
                                          benbyer@dwt.com
                                          DAVIS WRIGHT TREMAINE LLP
                                          920 Fifth Avenue, Suite 3300
                                          Seattle, Washington 98104
                                          Telephone: (206) 757-8105
                                          Facsimile: (206) 757-7105

                                          ***COUNSEL FOR DEFENDANT***
                                          ***REDFIN CORPORATION***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing is being served on the

counsel of record via the CM/ECF system on October 3, 2022.


By:   */s/ Ryan J. Marton*
      Ryan J. Marton