IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| APPLIANCE COMPUTING III, INC. d/b/a SUREFIELD, | § § § § | |
| *Plaintiff*, | § § | CIVIL ACTION NO. 6:20-cv-00376-ADA |
| v. | § § | |
| REDFIN CORPORATION, | § § | |
| *Defendant.* | § | |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR NEW TRIAL
OR TO ALTER OR AMEND THE JUDGMENT**

**TABLE OF CONTENTS**

I. THE COURT SHOULD GRANT A NEW TRIAL ON INFRINGEMENT BECAUSE IT INCORRECTLY DECLINED TO INSTRUCT THE JURY ON INDUCEMENT OF REDFIN CUSTOMERS AND NO ORDERED COMBINATION. ............................ 1

    A. The Inducement Instruction Was Improperly Omitted. ........................................... 1

    B. The No Order Combination Instruction Was Improperly Omitted. ......................... 3

II. THE COURT SHOULD GRANT A NEW TRIAL ON VALIDITY BECAUSE IT INCORRECTLY DECLINED TO INSTRUCT THE JURY ON PRIOR ART SYSTEMS. ................................................................................................................... 3

III. SUREFIELD SHOULD HAVE BEEN ALLOWED TO PRESENT EVIDENCE OF THE PTAB'S PREVIOUS REJECTION OF FURUKAWA'S TESTIMONY REGARDING THE ASSERTED PRIOR ART. .................................................. 5

    A. The PTAB Decisions and Furukawa Declaration Are Relevant. ............................. 5

    B. The Decisions and Declaration Are Not Unfairly Prejudicial or Confusing. ......... 8

    C. Redfin's Counsel and Witnesses Opened the Door. ................................................ 8

    D. Exclusion of the Decisions and Declaration Prejudiced Surefield. ........................ 9

CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Acantha v. DePuy Orthopaedics*,
    No. 15-C-1257, 2018 WL 2431852 (E.D. Wis. May 30, 2018) .......................................... 7

*Andover Healthcare v. 3M*,
    No. CV 13-843-LPS, 2016 WL 6404111 (D. Del. Oct. 27, 2016) .................................... 7

*Apple v. Samsung Electronics*,
    2012 WL 2576136 (N.D. Cal. Jul. 3, 2012) ........................................................................ 4

*Avanos Medica Sales v. Medtronic Sofamor Danek*,
    No. 2:19-cv-2754, 2021 WL 8693677 (W.D. Tenn. Oct 8, 2021) .................................... 6

*Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*,
    631 F.3d 1279 (Fed. Cir. 2011) ..................................................................................... 2, 3

*ESW Holdings, Inc. v. Roku, Inc.*,
    No. 6:19-CV-00044-ADA, Dkt. 103 (W.D. Tex. Feb. 25, 2021) ....................................... 1

*Finjan v. Sophos*,
    No. 14-cv-01197-WHO, 2016 WL 4560071 (N.D. Cal. Aug. 22, 2016) ........................... 7

*Freshub, Inc., et al. v. Amazon.com, Inc., et al.*,
    No. 6:21-CV-00511-ADA, 2021 WL 2587713 (W.D. Tex. June 13, 2021) ...................... 7

*Freshub, Inc., et al. v. Amazon.com, Inc., et al.*,
    No. 6:21-CV-00511-ADA, Dkt. 216 (W.D. Tex. June 8, 2021 ......................................... 7

*Interdigital Commc'ns Inc. v. Nokia*,
    No. 13-10-RGA, 2014 WL 8104167 (D. Del. Sept. 5, 2014 ............................................. 7

*International Bus. Mach. v. Priceline*,
    271 F. Supp.3d 667 (D. Del. 2017) ..................................................................................... 4

*KSR Int'l v. Teleflex*,
    550 U.S. 398 (2007) ............................................................................................................ 6

*Minnesota Min. and Mfg. v. Chemque*,
    303 F.3d 1294 (Fed. Cir. 2002) .......................................................................................... 4

*Moba, B.V. v. Diamond Automation, Inc.*,
    325 F.3d 1306 (Fed. Cir. 2003) .......................................................................................... 3

*Qualcomm v. Apple*,
    24 F.4th 1367 (Fed. Cir. 2022) ........................................................................................... 6

*Rembrandt Wireless Techs. v. Samsung Elecs.*,
    No. 2:13-CV- 213-JRG-RSP, 2015 WL 627430 (E.D. Tex. Jan. 31, 2015) ....................... 7

*United States v. Clark*,
    578 F.3d 273 (5th Cir. 2009) ............................................................................................. 8

*United States v. Mizell*,
    38 F.3d 570 (5th Cir. 1994) ............................................................................................... 8

*Vaporstream v. Snap*,
    No. 17-cv-220-MLH, 2020 WL 978731 (C.D. Cal. Feb. 28, 2020) .................................. 7

*Wasica Finance v. Schrader Int'l*,
    432 F. Supp.3d 448 (D. Del. 2020) .................................................................................... 6

*Ziilabs v. Samsung Elecs.*,
    No. 2:14-CV-203-JRG-RSP, 2015 WL 13617214 (E.D. Tex. Oct. 28, 2015) ................... 7

## TABLE OF ABBREVIATIONS AND CITATIONS

**Parties**

| | |
|---|---|
| Surefield | Plaintiff Appliance Computer III, Inc. d/b/a Surefield |
| Redfin | Defendant Redfin Corp. |

**Defined Terms**

| | |
|---|---|
| Surefield Patents or Patents-in-Suit | U.S. Patent No. 9,836,885 (the "'885 Patent"); U.S. Patent No. 10,102,673 (the "'673 Patent"); U.S. Patent No. 10,510,111 (the "'111 Patent"); and U.S. Patent No. 10,592,973 (the "'973 Patent"). |
| Asserted Claims | Claims 1, 3, and 9 of the '885 Patent; claims 1, 2, and 10 of the '673 Patent; claims 18 and 22 of the '111 Patent; and claims 4 and 17 of the '973 Patent. |
| Matterport 2013 | Matterport 2013 System |
| Tr. | Trial Transcripts, Dkt. 239–244 |

Unless otherwise noted, all **emphasis** is added.

I. **THE COURT SHOULD GRANT A NEW TRIAL ON INFRINGEMENT BECAUSE IT INCORRECTLY DECLINED TO INSTRUCT THE JURY ON INDUCEMENT OF REDFIN CUSTOMERS AND NO ORDERED COMBINATION.**

A. **The Inducement Instruction Was Improperly Omitted.**

Respectfully, the Court erred in refusing to instruct the jury with respect to inducement by Redfin of its customers' direct infringement. *See* Dkt. 218-3 (requested charge submitted to the Court on May 15, 2022) at 23–24 (Instruction 14), 30–31 (Instruction 19); Dkt. 223 (Final Jury Charge). The Court predicated its ruling on a misapplication of its own prior jurisprudence. ***Redfin makes absolutely no attempt to reconcile the putative basis of the Court's ruling—the two decisions in Roku—and the facts of this case.*** It does not even cite either *Roku* case, much less address them factually.

At the charge conference on May 16, 2022, Surefield proposed an indirect infringement charge whereby the jury was instructed that Redfin induced the infringement of its customers operating 3D models and parcel outlines. Dkt. 218-3 at 24, 30–31. The Court declined to instruct the jury on customer inducement after having previously denied Redfin's pretrial motions precluding that theory. *See* Dkt. 223 at 21, 25–26 (Final Jury Charge not including inducement of Redfin customers); Dkt. 195 at 4 (denying Redfin's MSJ on Non-Infringement (Dkt. 87)).

The Court made no finding regarding any lack of evidence, which was provided in full at trial. *See* Dkt. 249 at 3. Instead, the Court predicated its ruling on its incorrect recall of prior rulings, namely the *Roku* cases. Those cases dictate the opposite result. In *ESW Holdings, Inc. v. Roku, Inc.*, where no instruction on inducement was given, the Court had previously granted an unopposed motion for summary judgment on no indirect infringement. *See* No. 6:19-CV-00044-ADA, Dkt. 103 (W.D. Tex. Feb. 25, 2021). The present case is ***immediately distinguishable*** as no such summary judgment motion was granted, and the MIL sought by Redfin was denied. *See* Dkt. 159 (Redfin's MIL 3, "Inducement Theory Based on Alleged Direct Infringement by Redfin

1

Customers"); Dkt. 195 at 3 (denying MIL 3).

With no legal or factual support, Redfin nakedly asserts that the instruction would not have changed the outcome of the case. Dkt. 262 at 3. Redfin's own actions belie that late assertion, since it asked the Court at the charge conference not to instruct the jury on this issue, inviting the error. More fundamentally, Redfin has no legal or factual basis to say that inducement of customers was (and is) not a viable theory, particularly since its witness routinely directed the accused conduct—using the Accused System and presenting 3D models and parcel outlines—to code on its users' computers. Tr. 1088:25–1090:5 (Gausebeck admitting processing for rendering occurs on Redfin users' computers), 540:24–541:9 (assets files loaded into Redfin users' browsers), 543:22–544:8 (Showcase javascript software on Redfin users' computers renders models).

Redfin then proceeds to argue that Surefield did not present evidence of direct infringement by Redfin's customers because some elements relate to processing that occurred on "back end servers." Dkt. 262 at 9. <u>This precise argument was considered and rejected by the Federal Circuit as a matter of law over a decade ago</u>. *Centillion* holds that the user—***as a matter of law***—uses a system when putting it into use as a whole, even where there is backend processing that they do not control or have any insight into. *Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*, 631 F.3d 1279, 1284–85 (Fed. Cir. 2011).

> ***The district court erred, however by holding that in order to "use" a system under § 271(a), a party must exercise physical or direct control over each individual element of the system….***
>
> We agree that direct infringement by "use" of a system claim "requires a party ... to use each and every ... element of a claimed [system]." In order to "put the system into service," the end user must be using all portions of the claimed invention. For example, in NTP, the end user was "using" every element of the system by transmitting a message. It did not matter that the user did not have physical control over the relays, the user made them work for their patented purpose, and thus "used" every element of the system by putting every element collectively into

2

>service….
>
>Qwest argues that its customers do not "use" the system because they do not control the back-end processing. It argues that Qwest performs the back-end processing and provides the result—not the processing itself—to the customer….
>
>***We hold that the on-demand operation is a "use" of the system as a matter of law.*** The customer puts the system as a whole into service, i.e., controls the system and obtains benefit from it.

*Id.* (emphasis added).

Thus, all of Redfin's argument—that some steps occur at the back end—can be rejected as a matter of law. Indeed, *Centillion* ruled it to be reversible error for the district court to adopt such argumentation. Because Redfin's customers use the Accused System and put it into use as a whole under *Centillion*, the Court committed error that warrants a new trial.

### B. The No Order Combination Instruction Was Improperly Omitted.

At no time during claim construction did Redfin ever argue that an ordered combination of any method claim was required. Nonetheless, Redfin refused to instruct the jury that ordered combination was not required, and in fact improperly argued that it was required when it is not.

The Court thus improperly and prejudicially omitted Surefield's requested jury instruction regarding no ordered combination, as none of the plain claim language, logic of the claims, nor any claim construction requires such an ordered combination. *See Moba, B.V. v. Diamond Automation, Inc.*, 325 F.3d 1306, 1313–14 (Fed. Cir. 2003); Dkt. 248 at 19–20; Tr. 1656:13–22.

## II. THE COURT SHOULD GRANT A NEW TRIAL ON VALIDITY BECAUSE IT INCORRECTLY DECLINED TO INSTRUCT THE JURY ON PRIOR ART SYSTEMS.

Redfin does not dispute that Surefield presented evidence showing the elements of the alleged Matterport and Google Systems were not used together in an actual system before the

3

effective filing date. Dkt. 262 at 8–9.[1] Instead, Redfin claims Surefield's requested instruction was unnecessary because "the jury's invalidity determination resolved the dispute." *Id.* at 9. This argument makes no sense. If the jury had been instructed that an alleged system does not qualify as prior art unless all of its elements were combined together in an actual system before the effective filing date, it would have concluded the alleged Matterport and Google Systems do not qualify as prior art and found the Patents not invalid. Instead, the jury was completely unaware of this requirement and was not properly guided in its deliberations.

Redfin also does not dispute that Federal Circuit law, supported by several district court decisions, requires the party alleging public use to show that the elements of the alleged prior art system were used together in an actual system before the effective filing date, as stated in Surefield's proposed charge. Dkt. 262 at 10; *see, e.g.*, *Minnesota Min. and Mfg. v. Chemque,* 303 F.3d 1294, 1307 (Fed. Cir. 2002); *International Bus. Mach. v. Priceline*, 271 F. Supp.3d 667, 681 (D. Del. 2017) ("[N]one of Defendants' references show ***actual use of that combination***."); *Apple v. Samsung Electronics*, 2012 WL 2576136, *3 (N.D. Cal. Jul. 3, 2012) ("[T]here is no evidence that the [prior art] software programs and code . . . were combined in a single apparatus."). Instead, Redfin claims, without authority, that the cases cited by Surefield do not apply because Redfin purportedly presented evidence of how the alleged prior art systems were configured and used. Dkt. 262 at 10. Again, Redfin's argument makes no sense. Respectfully, a court is not relieved of its obligation to instruct the jury on the elements of a public use prior art system simply because the parties present conflicting evidence on the issue.

---

[1] Indeed, Redfin fails to identify ***any*** evidence to support its claims that the components of the Matterport 2013 System (2012 source code, 2013 source code, Matterport '436, '060, and '533 Applications) were ever used together in a single system. Redfin also failed to present competent evidence showing the elements of the alleged Google Street View 2013 System were combined together in an actual system before the effective filing date.

Finally, Redfin does not dispute that the failure to provide Surefield's proposed instruction allowed Redfin to circumvent the requirements of 35 U.S.C. §§ 102 or 103 on every asserted prior art ground, which prejudiced Surefield and affected the outcome of the case. Dkt. 249 at 19–20.

### III. SUREFIELD SHOULD HAVE BEEN ALLOWED TO PRESENT EVIDENCE OF THE PTAB'S PREVIOUS REJECTION OF FURUKAWA'S TESTIMONY REGARDING THE ASSERTED PRIOR ART.

#### A. The PTAB Decisions and Furukawa Declaration Are Relevant.

Redfin contends that the PTAB Decisions are not relevant because "Redfin did not rely on any of the prior art combinations asserted in the IPRs." Dkt. 262 at 11. This contention is incorrect. Redfin does not dispute (1) in the litigation it asserted the 2013 3D modeling technology of Matterport is an embodiment of Bell436[2] that renders the Asserted Claims obvious when combined with Cowtan;[3] (2) Dr. Furukawa testified before the PTAB that the 2013 "3D modeling technology of Petitioner Matterport" is described by Bell436 which renders the Asserted Claims obvious when combined with Cowtan; (3) and Redfin's litigation witnesses and Dr. Furukawa's PTAB testimony relied upon *the identical printed publications* to evidence the 2013 3D modeling technology of Matterport. Dkt. 249 at 16–17. Thus, the PTAB Decisions and Furukawa Declaration are relevant because the Matterport obviousness combinations asserted in both the litigation and the PTAB are substantively the same.

Likewise, Redfin does not dispute that Dr. Furukawa provided the same testimony at trial regarding Google Street View and Google Art Project that he provided to the PTAB, relying upon the identical printed publications (including YouTube videos). Dkt. 249 at 13–16. Instead, Redfin incorrectly contends the PTAB in its Decisions did not consider Google Street View or Google Art Project because they were addressed in the supporting expert declaration of Dr. Furukawa, not

---

[2] U.S. Pat. App. Pub. 2014/0043436 ("Bell436").
[3] U.S. Pat. App. Pub. 2009/0031246 ("Cowtan").

as a statutory ground of invalidity. Dkt. 262 at 11. As shown in *Qualcomm*, which Redfin makes no attempt to distinguish, the PTAB Decisions were based not only on the asserted Matterport obviousness combination but also on the analysis of Google Street View and Google Art Project provided in Dr. Furukawa's declaration. Dkt. 249 at 7–8 (citing *Qualcomm v. Apple*, 24 F.4th 1367, 1375–76 (Fed. Cir. 2022)). To evaluate (and ultimately reject) the Matterport prior art combination, it was "necessary for the [PTAB] to look to . . . the background knowledge possessed by a person having ordinary skill in the art . . . to determine whether there was an apparent reason to combine the known elements . . . ." *KSR Int'l v. Teleflex*, 550 U.S. 398, 401 (2007).

Redfin also mistakenly contends that Matterport (which identified Redfin as the real party in interest) "could not" assert the Matterport System, Google Street View, or Google Art Project in the *inter partes* reviews because the invalidity grounds asserted in IPRs are restricted to patents and "printed publications." To the contrary, when system art is expressed through printed publications, including YouTube videos, it may be considered by the PTAB as statutory grounds of invalidity under 35 U.S.C. § 311(b). *See, e.g.*, *Avanos Medica Sales v. Medtronic Sofamor Danek*, No. 2:19-cv-2754, 2021 WL 8693677, at *1 (W.D. Tenn. Oct 8, 2021) (system art evidenced by printed publications estopped under 35 U.S.C. §315(e) because "the grounds for asserting invalidity could still have been raised in the IPR"); *Wasica Finance v. Schrader Int'l*, 432 F. Supp.3d 448, 453 (D. Del. 2020) (Stark, C.J.) (system prior art ground could have been raised in IPR because publication disclosed same elements). Redfin's litigation witnesses and Dr. Furukawa's PTAB testimony relied upon **the identical printed publications** to evidence the alleged Matterport and Google Systems. Dkt. 249 at 13–17. Further, Redfin's witnesses claimed that the alleged Matterport System is an embodiment of a published patent application and the elements of the alleged Google Street View System were disclosed by public documents. Tr.

6

1021:10–21, 1022:4–16, 1033:2–6, 1034:8–24, 1326:20–23, 1479:12–17; DX-66; DX-226.

Finally, none of Redfin's cases address litigation involving substantively the same prior art and the same claim constructions reviewed in IPR. The IPR decisions in *Freshub* and *Finjan* did not address the same prior art grounds asserted by the defendant at trial, and the defendant in *Vaporstream* did not assert a prior art defense under sections 102/103 at all.[4] In *Rembrandt,* the PTO proceedings were incomplete and non-final.[5] In *Interdigital*,[6] the court and the PTAB decision applied different claim constructions.[7] The IPR decisions in *Finjan*, *Interdigital*, and the remainder of the cases were governed by the broadest reasonable interpretation claim construction standard, not the *Phillips* standard applicable in district court.[8]

---

[4] *Freshub v. Amazon*, No. 6:21-CV-00511-ADA, 2021 WL 2587713, at *1 (W.D. Tex. June 13, 2021); Dkt. 165-12 (*Freshub*, 6:21-CV-00511-ADA, Dkt. 216 at 56:21–57:16 (W.D. Tex. June 8, 2021) ("So the way those references were used in the IPR petitions . . . was in combination with Calderon as a primary basis for the reference. It was how you modify Calderon. Calderon is no longer in the case pursuant to the narrowing that we already agreed to.")); *Finjan v. Sophos*, No. 14-cv-01197-WHO, 2016 WL 4560071 at *14 (N.D. Cal. Aug. 22, 2016 **("[N]one of the [inter partes] reviews involved the same prior art** at issue [in the district court]."); *Vaporstream v. Snap*, No. 17-cv-220-MLH, 2020 WL 978731, at *7 (C.D. Cal. Feb. 28, 2020). Further, in *Freshub*, this Court stated the decision denying institution is "part of the record of what [the patent office] considered," *Freshub*, Dkt. 216 at 57:3–4.

[5] *Rembrandt Wireless Tech. v. Samsung*, No. 13-cv-213-JRG, 2015 WL 627430, at *5 (E.D. Tex. Jan. 31, 2015); *Rembrandt*, Dkt. 233 at 3 (Samsung Reply MIL #11) (Jan. 27, 2015) ("[A]s of today, every relevant claim in the [Patents-in-Suit] has either been instituted in an IPR or is subject to a pending IPR petition.").

[6] *Interdigital Commc'ns v. Nokia*, No. 13-10-RGA, 2014 WL 8104167 (D. Del. Sept. 19, 2014).

[7] Dkt. 165-13 (*Interdigital Commc'ns v. Nokia*, No. 13-10-RGA, Dkt. 356 at 2 (D. Del. Sept. 5, 2014)).

[8] *Acantha v. DePuy Orthopaedics*, No. 15-C-1257, 2018 WL 2431852, at *3 (E.D. Wis. May 30, 2018) ("The IPR proceeding is subject to different standards . . . ."); *Andover Healthcare v. 3M*, No. CV 13-843-LPS, 2016 WL 6404111, at *2 (D. Del. Oct. 27, 2016) ("The PTAB's decision . . . based on different legal standards . . . ."); *Ziilabs v. Samsung Elecs.*, No. 2:14-CV-203-JRG-RSP, 2015 WL 13617214, at *3 (E.D. Tex. Oct. 28, 2015); *Rembrandt*, 2015 WL 627430, at *5.

### B. The Decisions and Declaration Are Not Unfairly Prejudicial or Confusing.

Rule 403 "is an extraordinary measure because it permits a trial court to exclude concededly probative evidence, and thus it should be used sparingly." *United States v. Clark*, 578 F.3d 273, 287 (5th Cir. 2009). "[T]he balance of Rule 403 tilts in favor of admitting, rather than excluding, relevant evidence." *United States v. Mizell*, 38 F.3d 570 (5th Cir. 1994). Thus, the evidence must be viewed in the light most favorable to the proponent, "maximizing its probative value and minimizing its prejudicial effect." *Id.* Redfin asserts that the Court's explanation for its exclusion of the PTAB Decisions and Declaration justifies its decision. Dkt. 262 at 13–14. Neither Redfin nor the Court's explanation, however, address (1) Redfin's assertion of substantively the same Matterport prior art combination asserted in the IPRs; (2) the Federal Circuit's mandate that a PTO decision "must [be] consider[ed]" when determining whether a defendant has proved invalidity; (3) the Court's instruction to the jury that art considered by the PTO may be weighed less heavily; (4) the minimal risk of prejudice because of the lower burden of proof required to show invalidity before the PTAB than in the district court; or (5) the ability of the Court to remedy any perceived prejudice with a simple instruction to the jury. Dkt. 249 at 9–11. Respectfully, without considering these issues, the Court could not correctly determine whether the probative value of the IPR evidence was "substantially outweighed" by its prejudicial effect. Fed. R. Evid. 403.

### C. Redfin's Counsel and Witnesses Opened the Door.

Redfin incorrectly asserts that its witnesses and counsel did not open the door to the admission of the PTAB Decisions and Declaration because (1) such evidence would not rebut suggestions that the PTAB did not consider Dr. Furukawa's testimony regarding Google Street View; (2) Dr. Furukawa's PTAB testimony did not discuss whether Google Street View disclosed the asserted claims; and (3) the testimony of Dr. Furukawa regarding Google Street View in the

8

IPR and the trial were different. Dkt. 262 at 14–16. First, these arguments ignore the Matterport prior art combination entirely: (1) Redfin asserted the 2013 3D modeling technology of Matterport is an embodiment of Bell436 that renders the Asserted Claims obvious when combined with Cowtan; (2) Dr. Furukawa testified before the PTAB that the 2013 "3D modeling technology of Petitioner Matterport" is described by Bell436 which renders the Asserted Claims obvious when combined with Cowtan, using the same printed publications used by Redfin at trial; (3) Dr. Furukawa denied submitting his IPR Declaration to the PTAB on behalf of Matterport; and (4) Redfin's expert claimed that the patent office never had the testimony of Dr. Furukawa. Dkt. 249 at 12, 16–17. Surefield should have been permitted to use the Decisions and Declaration to impeach these witnesses and show that the PTAB had considered substantively the same Matterport prior art combination asserted by Redfin. Second, all of Redfin's arguments are factually incorrect: (1) the PTAB Decisions refer to Dr. Furukawa's Declaration, which includes testimony regarding Google Street View and Google Art Project, Dkt. 249 at 13–16; Dkt. 229; PX-415 ¶ 59, PX-342 at 2; PX343 at 7; PX-344 at 2; PX-345 at 7; (2) Dr. Furukawa's IPR testimony expressly stated that Google Street View and Google Art Project includes the same "elements recited in the claims of the Challenged Patents," Dkt. 229; PX415 ¶ 59; and (3) Dr. Furukawa's trial and IPR testimony regarding Google Street View and Google Art Project is the same, Dkt. 249 at 13–14.

      **D.**    **Exclusion of the Decisions and Declaration Prejudiced Surefield.**

Redfin's claim that the jury would not have reached a different conclusion if the PTAB Decisions and Declaration had been admitted ignores the Court's charge to the jury, the evidence relied upon by Redfin, and the statements of Redfin's counsel and witnesses. First, the Court instructed the jury that art previously considered by the PTO may be weighed less heavily, and the failure to disclose the Decisions and Declaration therefore prevented the jury from applying the

9

correct burden of proof. Second, Redfin claims the Decisions and Declaration—which relied upon the same Matterport and Google printed publications used by Redfin at trial—would have been "duplicative," but makes no showing that the PTO considered such publications during the prosecution of the Asserted Patents. Dkt 249 at 15–17. Third, admission of the Decisions and Declaration would have impeached the statements of Redfin's witnesses and counsel ("This Patent Office saw none of those videos you saw. None of them, including Google Street View." (Tr. 1745:23-25)), causing the jury to assign very little weight, if any, to their statements. Finally, admission of the Decisions and Declaration would have shown the jury that the PTAB rejected substantively the same Matterport prior art combination asserted by Redfin and had previously considered the same testimony regarding Google Street View and Google Art Project that Dr. Furukawa provided at trial.

## CONCLUSION

For the foregoing reasons, this Court should grant Plaintiff's Motion for New Trial or to Alter or Amend the Judgment.

Dated: October 21, 2022                  Respectfully submitted,

                                                     /s/ Andrew G. DiNovo
Andrew G. DiNovo
Texas State Bar No. 00790594
adinovo@dinovoprice.com
Nicole E. Glauser
Texas State Bar No. 24050694
nglauser@dinovoprice.com
Christopher V. Goodpastor
Texas State Bar No. 00791991
cgoodpastor@dinovoprice.com
Adam G. Price
Texas State Bar No. 24027750
aprice@dinovoprice.com
Gregory S. Donahue
Texas State Bar No. 24012539
gdonahue@dinovoprice.com
Gabriel R. Gervey
Texas State Bar No. 24072112
ggervey@dinovoprice.com
Michael D. French (*Pro Hac Vice*)
mfrench@dinovoprice.com
**DINOVO PRICE LLP**
7000 N. MoPac Expressway, Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Facsimile: (512) 539-2627

Steven W. Fogg (*pro hac vice*)
sfogg@corrcronin.com
Eric A. Lindberg (*pro hac vice*)
elindberg@corrcronin.com
**CORR CRONIN, LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154
Telephone: (206) 625-8600

Mark P. Walters (*pro hac vice)*
walters@lowegrahamjones.com
**LOWE GRAHAM JONES, PLLC**
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
Telephone: (206) 381-3300

                           **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and all counsel of record have been served via email.

/s/ *Andrew G. DiNovo*
Andrew G. DiNovo