IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| APPLIANCE COMPUTING III, INC. d/b/a SUREFIELD,　§§§§§<br><br>　　　　Plaintiff,　§§<br><br>v.　§§§<br><br>REDFIN CORPORATION,　§§§<br><br>　　　　Defendant.　§§ | Case No. 6:20-cv-00376-ADA |

### DEFENDANT REDFIN CORPORATION'S OPPOSED MOTION TO SUPPLEMENT BILL OF COSTS AND AMEND TAXATION OF COSTS

Defendant Redfin Corporation ("Defendant" or "Redfin") hereby submits this Motion to Supplement Bill of Costs and Amend Taxation of Costs (the "Motion"). Pursuant to Rule 54(d) and 28 U.S.C. § 1920(6), Redfin, as the prevailing party, seeks to tax on Plaintiff Appliance Computing III, Inc. d/b/a. Surefield ("Plaintiff" or "Surefield") the $35,000 in recoverable costs incurred by Redfin[1] for the technical advisor appointed by the Court to assist on Plaintiff's unsuccessful post-trial motions. Redfin thus respectfully requests that the $102,126.71 in costs, which have already been entered by the Court and included in the judgment (*see* ECF 266), be supplemented to include this additional $35,000, whereby the total costs taxed on Plaintiff will be **$137,126.71**.

### BACKGROUND

On August 15, 2022, the Court entered its Order of Judgment after the jury reached and returned a unanimous verdict in favor of Redfin on May 17, 2022. ECF 234, 245. The Order of

---

[1] Redfin is in the process of promptly paying, and will have paid, $35,000 to the technical advisor in accordance with the Court's March 5, 2025 Order.

1

Judgment states that Redfin is the prevailing party and shall recover its costs from Surefield. *See* ECF 245 ¶ 3. On August 29, 2022, Redfin filed its Bill of Costs. *See* ECF 247. On September 12, 2022, Surefield filed a Renewed Motion for Judgment as a Matter of Law (*see* ECF 248) and a Motion for New Trial or to Alter or Amend the Judgment (*see* ECF 249) (the "Post-Trial Motions").

After reaching agreement on Redfin's Bill of Costs, the parties on October 3, 2022 submitted a Joint Notice of Agreed Bill of Costs and Motion to Stay Enforcement of the Award of Costs until 30 days after a ruling on Plaintiff's Post-Trial Motions. *See* ECF 264. On October 7, 2022, the agreed Bill of Costs was entered, and costs were taxed by the Clerk in the amount of $102,126.71 against Plaintiff and included in the judgment. *See* ECF 266.

Plaintiff's Post-Trial Motions raised over twenty different arguments in an attempt to challenge the verdict. *See generally* ECF 248, 249, 269, 270. On October 7, 2024, the Court appointed Mr. Barry Shelton as a Technical Advisor to assist the Court with Plaintiff's pending Post-Trial Motions. *See* ECF 274. On February 20, 2025, the Court subsequently issued a 64-page Memorandum Opinion and Order denying Surefield's Post-Trial Motions in their entirety. *See* ECF 275. Specifically, the Court took careful consideration of all the arguments raised in the parties' briefing, and ultimately rejected all of Surefield's arguments, finding, *inter alia*, substantial evidence supported the jury's findings of invalidity and non-infringement, and rejecting Surefield's arguments for a new trial on infringement and validity. *See generally id.*

On March 5, 2025, the Court issued an Order to Pay Technical Advisor, ordering Surefield and Redfin to each pay $35,000 promptly to the Technical Advisor, for a total of $70,000, in connection with the Technical Advisor's work on Plaintiff's Post-Trial motions. Redfin—again, the prevailing party—has thus incurred an additional $35,000 in recoverable

costs which should be taxed on Plaintiff. Accordingly, Redfin now moves to supplement its Bill of Costs and amend the Clerk's Taxation of Costs (ECF 266) to add this $35,000 in additional recoverable costs, whereby the total costs taxed on Plaintiff would be $137,126.71 and included as part of the judgment.

## ARGUMENT

Section 1920 of Title 28 of The United States Code allows recovery of costs for court-appointed experts, providing, in relevant part, that "[a] judge or clerk of any court of the United States may tax as costs the following: … (6) Compensation of court appointed experts[.]" 28 U.S.C. § 1920(6). In the Fifth Circuit, this includes recovery of costs for court-appointed technical advisors. *See Motion Games, LLC v. Nintendo Co.*, No. 612CV00878RWSJDL, 2016 WL 9136171, at *9 (E.D. Tex. Oct. 24, 2016), report and recommendation adopted, No. 6:12-CV-878-RWS-JDL, 2017 WL 2615436 (E.D. Tex. Jan. 4, 2017), citing *Maurice Mitchell Innovations, L.P. v. Intel Corp.*, 491 F. Supp. 2d 684, 689 (E.D. Tex. 2007) and *Power-One, Inc. v. Artesyn Techs., In*c., No. CIV. A. 2:05CV463, 2008 WL 4065871, at *1, *7 (E.D. Tex. Aug. 27, 2008) (allowing recovery of court-appointed technical advisor fees under Section 1920(6)); *see also McGinley v. Luv N' Care, Ltd.*, No. 3:17-CV-00821, 2024 WL 3861013, at *2 (W.D. La. July 17, 2024) (citing *Gaddis v. United States*, 381 F.3d 444 (5th Cir. 2004) (en banc) and noting inherent authority "to tax and to reallocate the costs of the technical expert to the non-prevailing party"); *Mass Engineered Design, Inc. v. Planar Sys., Inc.*, No. 3:16-CV-1510-SI, 2019 WL 13277799, at *1 (D. Or. Jan. 24, 2019) ("Under Fifth Circuit law, court-appointed advisors are taxable as costs.") (citations omitted).

Redfin unequivocally remains the prevailing party in this case, following not only the unanimous jury verdict in its favor, but also the Court's order denying Plaintiff's Post-Trial

Motions "in their entirety." See ECF 245 (Order of Judgment ¶ 3) ("Pursuant to Federal Rule of Civil Procedure 54(d), Local Rule CV-54, and 28 U.S.C. § 1920, Redfin is the prevailing party in this matter and shall recover its costs from Plaintiff Appliance Computing III, Inc. d/b/a Surefield"); ECF 275 (Memorandum Opinion and Order). Here, Plaintiff solely was responsible for filing all Post-Trial Motions and raising the multitude of arguments therein, all of which were rejected by the Court. Thus, as the Court-appointed technical advisor fees were incurred because of Plaintiff choosing to file its Post-Trial Motions, Plaintiff should be taxed the technical advisor costs as the non-prevailing party. See 28 U.S.C. § 1920(6). Moreover, Redfin could not have previously included the technical advisor fees in its initial Bill of Costs because they were incurred at Plaintiff's election, two years after the original taxation of costs. Accordingly, Redfin moves now to supplement its Bill of Costs to include this additional $35,000, representing Redfin's portion of Mr. Shelton's total fees.

## CONCLUSION

For the reasons stated above, Redfin, as the prevailing party in this case, requests the Court enter the accompanying proposed order taxing an additional $35,000 in costs on Plaintiff, whereby the total costs taxed on Plaintiff and included as part of the final judgment will be **$137,126.71**.

Dated: March 18, 2025         /s/ Ryan J. Marton

Ryan J. Marton (Admitted *Pro Hac Vice*)
ryan@martonribera.com
Hector J. Ribera (Admitted *Pro Hac Vice*)
hector@martonribera.com
Carolyn Chang (Admitted *Pro Hac Vice*)
carolyn@martonribera.com
Phillip Haack (Admitted *Pro Hac Vice*)
phaack@martonribera.com
**MARTON RIBERA SCHUMANN & CHANG LLP**

548 Market St., Suite 36117
San Francisco, CA 94104
Telephone: (415) 360-2515

Darryl Adams
Texas State Bar No. 00796101
dadams@sgbfirm.com
**SLAYDEN GRUBERT BEARD PLLC**
401 Congress Ave., Ste. 1650
Austin, Texas 78701
Telephone: (512) 402-3550
Facsimile: (512) 402-6865

Benjamin J. Byer (Admitted *Pro Hac Vice*)
benbyer@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Telephone: (206) 757-8105
Facsimile: (206) 757-7105

M. Scott Stevens (NC Bar # 37828)
**ALSTON & BIRD LLP**
One South at the Plaza
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280
Tel: 704.444.1000
Fax: 704.444.1111

Deron R. Dacus (Texas Bar No. 00790553)
**THE DACUS LAW FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543

*COUNSEL FOR DEFENDANT REDFIN CORP.*

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Redfin conferred with counsel for Surefield regarding this motion on March 13, 2025, and that Surefield indicated that it opposed the motion.

Dated: March 18, 2025

>                 */s/ Ryan J. Marton*
>                    Ryan J. Marton

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing is being served on the counsel of record via the CM/ECF system on March 18, 2025.

>                 */s/ Ryan J. Marton*
>                    Ryan J. Marton