**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| APPLIANCE COMPUTING III, INC. d/b/a SUREFIELD,<br><br>         Plaintiff,<br><br>v.<br><br>REDFIN CORPORATION,<br><br>         Defendant. | §<br>§<br>§<br>§<br>§<br>§  Case No. 6:20-cv-00376-ADA<br>§<br>§<br>§<br>§ |

**PLAINTIFF SUREFIELD'S OPPOSITION TO DEFENDANT REDFIN'S
MOTION TO SUPPLEMENT BILL OF COSTS
<u>AND AMEND TAXATION OF COSTS</u>**

i

Plaintiff Appliance Computing III, Inc. d/b/a Surefield ("Surefield") files this Opposition to Redfin's Motion for to Supplement Bill of Costs and Amend Taxation of Costs (the "Motion").

## I.    SUMMARY OF THE ARGUMENT

The Court has ruled that the expense of the special master should be shared evenly between Plaintiff and Defendant.  The present Motion seeks to undo that Court-ordered allocation.

There is a marked disparity of resources between the parties. Defendant was recently acquired for nearly $2 billion.  There is no compelling reason that the Court should reconsider its ruling and exercise its discretion to foist this cost solely upon Surefield.  Respectfully, the Court should decline to do so under the circumstances and should maintain its current Order.

## II.   APPLICABLE LEGAL STANDARDS

The award of costs is discretionary with the trial court.  The standard for awarding costs in the Fifth Circuit after a trial is governed by Federal Rule of Civil Procedure 54(d)(1). This rule establishes a presumption that costs should be awarded to the prevailing party, but it leaves the decision to the discretion of the district court.  *See Moore v. CITGO Refining and Chemicals Co., L.P.*, 735 F.3d 309 (2013).  The district court has discretion to deny or reduce costs if there is a reasonable basis to do so.  *See Schwarz v. Folloder*, 767 F.2d 125 (5th Cir. 1985); *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125 (2015). The award of costs will be overturned only if there is a clear abuse of discretion.  *See In re Nissan Antitrust Lit. v. Nissan Motor Corp.*, 577 F.2d 910 (5th Cir. 1978) ("[Rule 54(d)] permits the district court to exercise its discretion in awarding costs and, therefore, makes our review very narrow.")

## III.  RESPONSIVE ARGUMENT

   A.    <u>The Court Has Already Ruled on this Issue</u>

1

Under Fed. R. Civ. P. 54(d)(1), a prevailing party can be awarded costs within the discretion of the trial court unless a federal statute, the Rule of Civil Procedure or a court order provides otherwise. *Marx v. General Revenue Corp.*, 568 U.S. 371, 376 (2013); *U.S. v. GSDMIdea City LLC*, 807 F.3d 1125, 128 (5th Cir. 2015). Here, we have such an order from the Court directing how the cost of the special master should be borne. *See* Order to Pay Technical Advisor (Doc. 276), which provides:

> The Court finds the requested amount to be reasonable and necessary. As such, the Court
>
> **ORDERS** payment to be promptly made as follows:
>
> Plaintiff:      $35,000.00
> Defendant:   $35,000.00
>
> **SIGNED** this 5th day of March, 2025.
>
> ALAN D ALBRIGHT
> UNITED STATES DISTRICT JUDGE

*Id*. The present motion is effectively a motion for reconsideration, and there are no compelling intervening facts that should give rise to a different outcome.

  B.  <u>Surefield Should Not be Punished for Perfecting Its Appeal</u>

Redfin takes issue with the complexity of the post-trial motion practice as a putative basis on which the Court should exercise its discretion to reverse its previous order regarding sharing this expense. *See* Motion at 4. But as the Court has noted, this case—in which Surefield overcame every IPR Redfin filed for all claims and lost a hotly contested trial—is a complex one. Order at 1 (Doc. 276). Surefield should not be punished for representing its client zealously, as mandated by the Texas Rules of Disciplinary Conduct. *See* TEX. R. PROF CONDUCT, Preamble ¶¶ 2, 3.

    C.    <u>The Parties Previously Submitted an Agreed Bill of Costs</u>

Finally, the Agreed Bill of Costs represented a negotiated resolution that should be maintained. Redfin filed its original Bill of Costs on August 29, 2022 (Doc. 247). Surefield disputed many of the costs listed by Redfin. Having negotiated for several weeks regarding areas of dispute, the Agreed Bill of Costs, filed on October 4, 2022 (Doc. 264), represents a negotiated outcome for many of those disputes. To disrupt that agreement with an additional and unilateral imposition of expense over two years after the trial would unfairly prejudice Surefield.

## IV.  CONCLUSION

For the foregoing reasons, Surefield respectfully requests that the Court deny Redfin's Motion and confirm its previous Order to Pay Technical Advisor.

Dated: April 1, 2025

Respectfully submitted,

*/s/ Andrew G. DiNovo*
Andrew G. DiNovo
Texas State Bar No. 00790594
adinovo@dinovoprice.com
Daniel L. Schmid
Texas State Bar No. 24093118
dschmid@dinovoprice.com
Christopher V. Goodpastor
Texas State Bar No. 00791991
cgoodpastor@dinovoprice.com
Adam G. Price
Texas State Bar No. 24027750
aprice@dinovoprice.com
Gregory S. Donahue
Texas State Bar No. 24012539
gdonahue@dinovoprice.com
**DINOVO PRICE LLP**
7000 N. MoPac Expressway, Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Facsimile: (512) 727-6691

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing is being served on the counsel of record via the CM/ECF system on April 1, 2025.

*/s/ Andrew G. DiNovo*
Andrew G. DiNovo
