**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| APPLIANCE COMPUTING III, INC. d/b/a SUREFIELD, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:20-cv-00376-ADA |
| REDFIN CORPORATION, | § § | |
| Defendant. | § § § | |

**DEFENDANT REDFIN CORPORATION'S REPLY IN SUPPORT OF MOTION TO
SUPPLEMENT BILL OF COSTS AND AMEND TAXATION OF COSTS**

Defendant Redfin Corporation ("Defendant" or "Redfin") hereby respectfully submits its reply in support of its Motion to Supplement Bill of Costs and Amend Taxation of Costs (ECF 277) ("Motion").

In its Opposition, Plaintiff Appliance Computing III, Inc. d/b/a. Surefield ("Plaintiff" or "Surefield") does not dispute, and thus concedes, not only that Redfin unequivocally remains the prevailing party, but that the Court-appointed technical advisor fees are reasonably and necessarily incurred costs recoverable under Rule 54(d) and 28 U.S.C. § 1920(6). *See generally* Opposition (ECF 280); Motion at 3. Accordingly, there is a "strong presumption" that Redfin be awarded these costs, and Surefield must present "some good reason" to reduce or deny an award of these costs to Redfin as the prevailing party. *See Motion Games, LLC v. Nintendo Co*., No. 612CV00878RWSJDL, 2016 WL 9136171, at *2 (E.D. Tex. Oct. 24, 2016), report and recommendation adopted, No. 6:12-CV-878-RWS-JDL, 2017 WL 2615436 (E.D. Tex. Jan. 4, 2017) ("[T]here is a 'strong presumption' that the prevailing party will be awarded costs, and a denial, therefore, is 'in the nature of a penalty.' Therefore, when a district court reduces or denies

costs to a prevailing party, the district court must articulate 'some good reason for doing so[.]'")
(internal citations omitted); *Blank v. United States*, No. 22-10120, 2023 WL 1299238, at *1 (5th
Cir. Jan. 31, 2023), *cert. denied*, 143 S. Ct. 2674 (2023) ("Federal Rule of Civil Procedure
54(d)(1) establishes 'a strong presumption that the prevailing party will be awarded costs'")
(citing *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006)); *see also Power-One, Inc. v.
Artesyn Techs., Inc*., No. CIV. A. 2:05CV463, 2008 WL 4065871, at *1 (E.D. Tex. Aug. 27,
2008) ("While a district court possesses the discretion to reduce or deny costs, the court's
discretion in awarding costs is limited.")

Surefield presents no good reason here.  First, Surefield argues that the Court should
exercise its discretion to deny an award of these costs because this issue was already decided in
the Court's March 5, 2025 Order (ECF 276) (the "Order"), effectively rendering Redfin's request
a motion for reconsideration.  *See* Opposition at 3.  This argument is frivolous.  The Order,
issued *sua sponte*, merely indicates that the Court had reviewed Mr. Barry Shelton's invoices,
found the requested amount of $70,000.00 "reasonable and necessary," and ordered prompt
payment by the parties in the amount of $35,000.00 each.[1]  The Order reflects no consideration
or determination of such technical advisor fees as recoverable costs under Rule 54(d) and 28
U.S.C. § 1920.  *See generally* Order.  Nor was any briefing or motion ever submitted by any
party for the Court's consideration on this issue.  Surefield's conclusory statement that the
Motion is "effectively a motion for reconsideration" simply has no procedural or substantive
support, is devoid of any supporting facts, law, or analysis, and should be rejected outright.

---

[1] Redfin paid its share of Mr. Shelton's fees on or about March 12, 2025.  *See* Exhibit 1 attached
hereto (redacted transaction confirmation to Shelton Coburn LLP in the amount of $35,000.00).

Second, Surefield's argument that it should not be "punished" for perfecting its appeal or its zealous representation (*see* Opposition at 3) is inapposite and contrary to the applicable legal standards.  As the prevailing party, Redfin is "prima facie entitled to costs" and "entitled to a strong presumption" that it will be awarded costs under Rule 54(d); indeed, a denial of this award would be "in the nature of a penalty" on **Redfin**.  *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (quotations and citations omitted); *see also id.* at 127, 131 (courts cannot act arbitrarily but must be guided by sound legal principles and state reasons if it "exacts such a penalty" by declining to award costs) (quotations citations omitted); *see also Motion Games*, 2016 WL 9136171, at *2 ("The Fifth Circuit has held that there is a 'strong presumption' that the prevailing party will be awarded costs, and a denial, therefore, is 'in the nature of a penalty.'") (citation omitted).  Moreover, to the extent that Surefield asserts the complexity of the case or good faith as reasons to deny Redfin's motion, such reasons have been rejected in the Fifth Circuit.  *See, e.g.*, *id.* at *2-3 (rejecting either "difficulty of case" or "litigation in good faith" as basis to overcome strong presumption to award costs to prevailing party); *Pacheco*, 448 F.3d at 795 (losing party's good faith alone "insufficient to justify the denial of costs to the prevailing party" while noting "[a]ll federal litigants have an obligation to bring suit in good faith").

Third, Surefield claims that an award of the requested costs to Redfin would disrupt the parties' agreed Bill of Costs and unfairly prejudice Surefield.  *See* Opposition at 4.  This argument is meritless.  At the time the parties negotiated and submitted their agreed Bill of Costs on October 3, 2022 (*see* ECF 264), no technical advisor had been appointed by the Court and the parties had no knowledge of such costs or anticipated costs to be incurred in connection with Surefield's post-trial motions.  *See* ECF 274 (order appointing technical advisor on October 7, 2024, over two years later).  Nothing in the parties' Joint Notice or amended Bill of Costs

3

suggests that Redfin agreed to forego its rights as to any newly incurred costs. *See generally* ECF 264. Moreover, "Rule 54(d) sets out no specific time limit for filing a bill of costs[.]" *Power-One*, 2008 WL 4065871, at *2 (citing *White v. New Hampshire Dept. Of Employment Sec.*, 455 U.S. 445, 454 n.17 (1982) and noting that "Rule 54(d) specifies no time barrier for motions for costs"). Indeed, it is Redfin, as the prevailing party both at trial and on Surefield's post-trial motions, who will be unfairly prejudiced without the requested cost award, since they were neither known or foreseen when the parties submitted the agreed Bill of Costs over two and a half years ago and were incurred as a result of the complexity of Plaintiff's post-trial motions.

Finally, Surefield suggests that the comparative wealth of the parties would be sufficient to deny Redfin's requested cost award. *See* Opposition at 1 ("There is marked disparity of resources between the parties."). However, Surefield not only fails to submit any evidentiary support for its bald assertion, but to deny an award of costs to Redfin on this basis would be erroneous and contrary to the very Fifth Circuit law cited in Surefield's Opposition. *See Moore v. CITGO Ref. & Chemicals Co., L.P.*, 735 F.3d 309, 320 (5th Cir. 2013) (reiterating "taxable costs are presumptively awarded to the prevailing party" under the Federal Rules and expressly rejecting comparative wealth of parties as a basis for reducing cost award); *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 129 (5th Cir. 2015) ("[W]e have never held that the 'limited resources' of the losing party provide a basis for denying the prevailing party its costs.") (citation omitted); *see also Motion Games*, 2016 WL 9136171, at *3 ("[T]he Fifth Circuit has held that 'reducing or eliminating a prevailing party's cost award based on its wealth—either relative or absolute—is impermissible as a matter of law.") (citation omitted).

Surefield presents no good reason why the Court should deny the $35,000.00 in court-appointed technical advisor fees which were reasonably and necessarily incurred by Redfin and

recoverable under Rule 54(d) and 28 U.S.C. § 1920(6). Accordingly, Redfin respectfully

requests that its Motion be granted.

Dated: April 8, 2025                    */s/ Ryan J. Marton*

Ryan J. Marton (Admitted *Pro Hac Vice*)
ryan@martonribera.com
Hector J. Ribera (Admitted *Pro Hac Vice*)
hector@martonribera.com
Carolyn Chang (Admitted *Pro Hac Vice*)
carolyn@martonribera.com
Phillip Haack (Admitted *Pro Hac Vice*)
phaack@martonribera.com
**MARTON RIBERA SCHUMANN**
**& CHANG LLP**
548 Market St., Suite 36117
San Francisco, CA 94104
Telephone: (415) 360-2515

Darryl Adams
Texas State Bar No. 00796101
dadams@sgbfirm.com
**SLAYDEN GRUBERT BEARD PLLC**
401 Congress Ave., Ste. 1650
Austin, Texas 78701
Telephone: (512) 402-3550
Facsimile: (512) 402-6865

Benjamin J. Byer (Admitted *Pro Hac Vice*)
benbyer@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Telephone: (206) 757-8105
Facsimile: (206) 757-7105

M. Scott Stevens (NC Bar # 37828)
**ALSTON & BIRD LLP**
One South at the Plaza
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280
Tel: 704.444.1000
Fax: 704.444.1111

Deron R. Dacus (Texas Bar No. 00790553)

**THE DACUS LAW FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543

***COUNSEL FOR DEFENDANT***
***REDFIN CORP.***

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing is being served on the

counsel of record via the CM/ECF system on April 8, 2025.

*/s/ Ryan J. Marton*
Ryan J. Marton
