UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| APPLIANCE COMPUTING III, INC. d/b/a SUREFIELD,   §§§§ | |
| *Plaintiff*,   § | |
| v.   §§ | CIVIL ACTION NO. 6:20-cv-00376-ADA |
| REDFIN CORPORATION,   §§§ | |
| *Defendant*.   § | |

**UNOPPOSED MOTION FOR INDICATIVE RULING TO VACATE**
**VERDICT AND JUDGMENT OF PATENT INVALIDITY AND BILL OF COSTS**

## **TABLE OF CONTENTS**

I. SUMMARY ................................................................................................................... 2

II. FACTUAL BACKGROUND ........................................................................................ 3

III. ARGUMENT ................................................................................................................. 4

    A. The Court Has Authority to Make the Requested Indicative Ruling. ...................... 4

    B. Vacatur Is Appropriate in This Case. ....................................................................... 5

IV. CONCLUSION .............................................................................................................. 7

# **TABLE OF AUTHORITIES**

**Cases**

*Ameranth, Inc. v. Menusoft Systems Corp., et al.*, No. 2:07-cv-271-DF, Doc. 332 (E.D. Tex. Oct. 31, 2011) ................................................................................................................................ 5

*Ameranth, Inc. v. Menusoft Systems Corp., et al.*, No. 2:07-cv-271-RSP, Doc. 355 (E.D. Tex. Feb. 6, 2012) .................................................................................................. 5

*Callpod, Inc. v. T Technology, Inc., et al.*, No. 2:11-cv-326, Doc. 150 (E.D. Tex. May 19, 2014). 5

*Cisco Sys., Inc. v. Telcordia Techs., Inc.*, 590 F. Supp.2d 828, 830, 831, 832 (E.D. Tex. 2008)................................................................................................................ 5,6,7

*Dana v. ES Originals,* 342 F.3d 1320, 1328 (Fed. Cir. 2003) ........................................................ 5

*Dominguez v. Gulf Coast Marine & Assocs.*, 607 F.3d 1066, 1974 n.5 (5th Cir. 2020) ................. 4

*Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 891 (4th Cir. 1999) ................................................ 4

*Geoffrion v. Nationstar Mortg. LLC*, No. 4:14-CV-00350-ALM, 2016 WL 6678492, at *1   (E.D. Tex. Oct. 26,2016) .................................................................................................... 5

*Intellectual Ventures I LLC v. T Mobile USA, Inc., et al.*, No. 2:17-cv-00577-JRG, Doc. 372 (E.D. Tex. June 24, 2019) ........................................................................................... 5

*Island Intellectual Prop. v. Stonecastle Cash Mgmt.*, No. 19-cv-4792, 2021 WL 1393114, at *1-2 (S.D.N.Y. Apr 13, 2021) ................................................................................................. 7

*Matterport v. Appliance Computing III,* No. 2:22-cv-00669-JHC, Doc. 1, (W.D. Wash. May 17, 2022), Doc. 25 (Aug. 18, 2023) ........................................................................................ 4

*Optis Wireless Technology, LLC, et al. v. Huawei Device USA, Inc., et al.*, No. 2:17- cv-00123-JRG, Doc. 422 (E.D. Tex. Apr. 2, 2020) .......................................................................... 5

*U.S. Bancorp Mortg. v. Bonner Mall P'ship*, 513 U.S. 18, 27-29 (1994) ................................... 5,6

**Statutes**

35 U.S.C. § 102……………………………………………………………..……………..6
35 U.S.C. § 103……………………………………………………………..……………..6

Pursuant to the terms of a confidential settlement agreement, plaintiff Appliance Computing d/b/a Surefield ("Surefield" or "Plaintiff") and defendant Redfin Corporation ("Redfin" or "Defendant") have agreed to the filing of an unopposed motion seeking (1) vacatur of the verdict of patent invalidity, this Court's judgment of patent invalidity, and the bill of costs; upon implementation of the above: (2) dismissal of this case, and all claims, counterclaims and affirmative defenses asserted therein, with prejudice, and an end of all pending motion practice; and (3) an end of all associated appeals and related actions. Pursuant to Federal Rule of Civil Procedure 62.1 and Federal Rule of Appellate Procedure 12.1, Surefield submits the following Unopposed Motion for Indicative Ruling regarding vacatur of the invalidity verdict, invalidity judgment, and the bill of costs.

## I.   SUMMARY

Surefield, Redfin, and Redfin's supplier, Matterport, Inc. ("Matterport"), have reached agreement on primary terms of settlement of this matter and a related matter filed by Matterport pending in the Western District of Washington, Case No. 2:22-cv-00669-JHC (the "Washington Action") and are finalizing their settlement agreement.

The lawsuit in this Court was heavily contested and resulted in a jury verdict and judgment of invalidity and noninfringement. That verdict and judgment has been appealed by Surefield. The Court has also entered an agreed bill of costs. In addition, Redfin's supplier, Matterport, seeks a declaration of invalidity and noninfringement of the patents asserted in this case in the Washington Action. As set forth in Surefield's notice of appeal and motions for new trial and judgment as a matter of law, Surefield contends that it has multiple valid grounds for appeal of the verdict and judgment in this case.

Surefield, Redfin, and Matterport have negotiated a settlement in principle of this action and the Washington Action, the terms of which contemplate the filing of this unopposed motion in

this case seeking vacatur of the jury verdict of invalidity, the judgment of invalidity, and the bill of costs. In order to promote final resolution of this action and the Washington Action, and to promote judicial efficiency, Surefield submits this unopposed request to this Court to issue an indicative ruling of vacatur of the verdict and judgment of invalidity of the Asserted Patents and the bill of costs.

**II.     FACTUAL BACKGROUND**

On May 11, 2020, Surefield filed its Complaint against Redfin, asserting claims for infringement of U.S. Patent Nos. 10,592,973 (the "'973 patent"); 10,510,111 (the "'111 patent"); 10,102,673 (the "'673 patent"); 9,836,885 (the "'885 patent") (collectively, "Asserted Patents"). Redfin answered on June 25, 2020 and filed an Amended Answer and Counterclaims on July 15, 2020, asserting, among other things, declaratory judgment actions of invalidity of the Asserted Patents. On May 13, 2021, Redfin filed multiple *inter partes* reviews (IPRs) against the Asserted Patents, all of which were denied institution by the PTAB between November 17 and 23, 2021. This Court held a jury trial on May 9-13 and 16-17, 2022. On May 17, 2022, the jury reached verdicts of noninfringement and invalidity of the ten (10) asserted claims of the total 83 claims of the four Asserted Patents. Doc. 234. On August 14, 2022, the Court entered judgment on the jury verdicts. Doc. 245. The Parties filed an Agreed Bill of Costs and Motion to Stay on October 3, 2022. Doc. 264. On February 20, 2025, the Court entered its order denying Surefield's motions for new trial and judgment as a matter of law on invalidity. Doc. 275. On March 18, 2025, Redfin filed its opposed Motion to Supplement Bill of Costs and Amend Taxation of Costs. Doc. 277. Surefield timely filed its Notice of Appeal on March 24, 2025, appealing the Court's denials of Surefield's motions for new trial and judgment as a matter of law. Surefield also noticed appeal of the Court's entry of the jury verdicts based on various issues including, among other things, the Court's claim constructions, jury instructions, and evidentiary rulings. Docs. 278-79. Surefield's

Opening Brief is due on July 28, 2025.

On May 17, 2022, before the conclusion of the jury trial between Surefield and Redfin, Redfin's supplier, Matterport, filed the Washington Action, asserting declaratory judgment actions of invalidity and noninfringement of the Asserted Patents and U.S. Patent No. 11,062,384 (the "'384 patent") owned by Surefield. *Matterport v. Appliance Computing III,* No. 2:22-cv-00669-JHC, Doc. 1 (W.D. Wash. May 17, 2022). On August 18, 2023, the District Court for the Western District of Washington issued its order staying the Washington Action pending resolution of the action currently before this Court. *Id.*, Doc. 25 (Aug. 18, 2023).

### III.   ARGUMENT

#### A.   The Court Has Authority to Make the Requested Indicative Ruling.

Rule 62.1 of the Federal Rules of Civil Procedure prescribes the procedure in the district court when a party seeks post-judgment relief that the district court lacks authority to grant because it has been deprived of jurisdiction by the filing of a notice of appeal. *Dominguez v. Gulf Coast Marine & Assocs.*, 607 F.3d 1066, 1974 n.5 (5th Cir. 2020). Rule 62.1 provides:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may. . . state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a). Rule 62.1, therefore, allows the district court to indicate whether the motion would be granted. *See id.; see also, e.g., Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 891 (4th Cir. 1999) ("[W]hen a district is inclined to grant a Rule 60(b) motion during the pendency of an appeal . . . the district court [should] indicate its inclination to grant the motion in writing; a litigant, armed with this positive signal from the district court, can then seek a limited remand from the appellate court to permit the district court to grant the Rule 60(b) motion."). If the district court makes an indicative ruling stating that it would grant the post-judgment motion, the moving party must promptly notify the circuit court. The circuit then has discretion to remand for further

proceedings. Fed. R. App. P. 12.1(a); Fed. R. Civ. P. 62.1(b). Upon remand, the district court may then decide the motion. Fed. R. Civ. P. 62.1(b).

### B. Vacatur Is Appropriate in This Case.

Under Rule 60(b) of the Federal Rules of Civil Procedure, a district court may vacate a final judgment, order, or proceeding when "the judgment has been satisfied, released, or discharged," "applying [the judgment] prospectively is no longer equitable" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5) & (6); *U.S. Bancorp Mortg. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994) (district court may vacate judgment under Fed. R. Civ. P. 60(b))[1]; *see, e.g., Optis Wireless Technology, LLC, et al. v. Huawei Device USA, Inc., et al.*, No. 2:17- cv-00123-JRG, Doc. 422 (E.D. Tex. Apr. 2, 2020) (vacating final judgment pursuant to settlement) (Ex. A); *Intellectual Ventures I LLC v. T Mobile USA, Inc., et al.*, No. 2:17-cv-00577-JRG, Doc. 372 (E.D. Tex. June 24, 2019) (vacating final judgment in light of settlement) (Ex. B); *Callpod, Inc. v. T Technology, Inc., et al.*, No. 2:11-cv-326, Doc. 150 (E.D. Tex. May 19, 2014) (vacating final judgment) (Ex. C); *Geoffrion v. Nationstar Mortg. LLC*, No. 4:14-CV-00350-ALM, 2016 WL 6678492, at *1 (E.D. Tex. Oct. 26, 2016) (vacating jury verdict and final judgment pursuant to settlement) (Ex. D); *Ameranth, Inc. v. Menusoft Systems Corp., et al.*, No. 2:07-cv-271-DF, Doc. 332 (E.D. Tex. Oct. 31, 2011) (indicating that, upon remand from Federal Circuit, court would grant motion to vacate verdicts and judgment following settlement) (Ex. E); *Ameranth, Inc. v. Menusoft Systems Corp., et al.*, No. 2:07-cv-271-RSP, Doc. 355 (E.D. Tex. Feb. 6, 2012) (vacating jury verdicts and Court's entry of judgment) (Ex. F).

In assessing a motion to vacate, a court should consider: (1) the public interest in the orderly

---

[1] When considering a request for vacatur of a judgment or verdict on remand from an appellate court, a district court is not constrained by the exceptional circumstances test. *U.S. Bancorp Mortg.*, 513 U.S. at 29; *see also Dana v. ES Originals,* 342 F.3d 1320, 1328 (Fed. Cir. 2003) (Dyk, C.J., concurring) (*U.S. Bancorp Mortg.* does not restrict a district court from vacating judgment upon settlement).

operation of the federal judicial system; (2) the parties' desire to avoid any potential preclusive effect; (3) the courts' resources that will be expended if the case (or presumably, related cases) if the case continues; and (4) the parties' interest in conserving their resources. *See Cisco Sys., Inc. v. Telcordia Techs., Inc.*, 590 F. Supp.2d 828, 830 (E.D. Tex. 2008) (*citing  U.S. Bancorp Mortg.*, 513 U.S. 18, 27–29 (1994)). Here, each factor favors granting the request to vacate.

*First*, as in *Cisco*, although "[t]here is a general public interest in final decisions that may guide future action," in this case, there is a pending appeal challenging the determination with multiple viable grounds for appeal. *See Cisco Sys.*, 590 F. Supp. 2d at 830. In addition, "courts have reasoned that settlements and non-appealed [] rulings are not final judgments for collateral estoppel purposes." *Id.* at 831. Because "[i]n this case there has been no final determination on the merits," there is "less reason to give [the verdict] precedential value." *Id.*  Moreover, because the parties do not seek vacatur of the judgment of noninfringement, that judgment of the Court will be undisturbed.

Plaintiff has multiple viable grounds for appeal of the jury verdict and Court's rulings, which it is in the process of doing barring settlement.  (Doc. 227).  The principal grounds are: (1) that Google Street View operated as a nonpublic system that did not qualify as prior art (*id*. at 2); (2) the "Google Street View" collection of references constituted disparate references that do not qualify as a single reference under 35 U.S.C. Section 102 (*id*. at 6) or combinable under 35 U.S.C. Section 103 (*id.* at 8); and (3) no competent proof of multiple elements was offered (*id*. at 9). There thus remain multiple open issues without final determination.

*Second*, as in *Cisco*, it is the parties' intent that the judgment of invalidity (Doc. 245) shall have no preclusive effect in any other litigation. "The strong public interest in the settlement of this litigation and the conservation of judicial resources" outweigh the prospective benefit of a nonfinal determination. The factors of public interest and the parties' desire to avoid any preclusive effect

6

favor granting the vacatur." *Cisco Sys.*, 590 F. Supp. 2d at 831.

*Third*, in addition to the motion practice before this Court and the pending appeal of this action, there is the pending Washington Action that will be dismissed in conjunction with an associated vacatur and settlement. Because the courts "will expend significant resources" if this and the related case continue, "this factor weighs in favor of granting the motion to vacate." *Id.* at 832; *accord Island Intellectual Prop. v. Stonecastle Cash Mgmt.*, No. 19-cv-4792, 2021 WL 1393114, at *1-2 (S.D.N.Y. Apr 13, 2021) (granting motion for indicative ruling of vacatur of judgment) ("There is a strong public interest in relieving these three forums of claims that the parties are happy to resolve without judicial intervention.").

*Fourth*, as in *Cisco*, "the parties would necessarily expend time and money if settlement stalls . . . . The parties have expressed their intent to conserve their resources by engaging in and reaching a settlement. This factor favors granting a vacatur." *Cisco Sys.*, 590 F. Supp. 2d at 832.

Surefield, therefore, requests this Court, unopposed by Redfin, to issue an indicative ruling of vacatur of the verdict and judgment of invalidity of the Asserted Patents and the Bill of Costs. A proposed Order accompanies this motion.

### IV. CONCLUSION

For the foregoing reasons, the Court should grant the Motion for Indicative Ruling.

Dated: July 27, 2025									Respectfully submitted,

*/s/ Christopher V. Goodpastor*
Andrew G. DiNovo
Texas State Bar No. 00790594
adinovo@dinovoprice.com
Christopher V. Goodpastor
Texas State Bar No. 00791991
cgoodpastor@dinovoprice.com
Adam G. Price
Texas State Bar No. 24027750
aprice@dinovoprice.com
Gregory S. Donahue
Texas State Bar No. 24012539
gdonahue@dinovoprice.com
**DINOVO PRICE LLP**
7000 N. MoPac Expressway, Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Facsimile: (512) 539-2627

Steven W. Fogg (*pro hac vice*)
sfogg@corrcronin.com
Eric A. Lindberg (*pro hac vice*)
elindberg@corrcronin.com
**CORR CRONIN, LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154
Telephone: (206) 625-8600

Mark P. Walters (*pro hac vice*)
walters@lowegrahamjones.com
**LOWE GRAHAM JONES, PLLC**
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
Telephone: (206) 381-3300

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF CONFERENCE**

Counsel for Plaintiff and Counsel for Defendant conferred *via* email and telephone, June 24, July 10, and July 22, 2025 regarding the relief requested in this Motion. Counsel for Defendant has indicated that Redfin is unopposed to the requested relief.

*/s/ Andrew G. DiNovo*
Andrew G. DiNovo

**CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2025 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Christopher V. Goodpastor*
Christopher V. Goodpastor