# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **APPLIANCE COMPUTING III, INC.** | § | |
| **d/b/a SUREFIELD,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO. 6:20-cv-00376-ADA** |
| **v.** | § | |
| | § | |
| **REDFIN CORPORATION,** | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFF'S UNOPPOSED MOTION  TO VACATE VERDICT AND JUDGMENT OF PATENT INVALIDITY AND BILL OF COSTS AND JOINT MOTION TO DISMISS**

## **TABLE OF CONTENTS**

I.    SUMMARY ........................................................................................................... 2

II.   FACTUAL BACKGROUND ................................................................................ 3

III.  ARGUMENT ........................................................................................................ 4

IV.   CONCLUSION AND RELIEF REQUESTED .................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Ameranth, Inc. v. Menusoft Systems Corp., et al.*,
    No. 2:07-cv-271-DF, Doc. 332   (E.D. Tex. Oct. 31, 2011) ................................................ 5

*Ameranth, Inc. v. Menusoft Systems Corp., et al.*,
    No. 2:07-cv-271-RSP, Doc. 355 (E.D. Tex. Feb. 6, 2012) ................................................ 5

*Callpod, Inc. v. T Technology, Inc., et al.*,
    No. 2:11-cv-326, Doc. 150 (E.D. Tex. May 19, 2014) ........................................................ 5

*Cisco Sys., Inc. v. Telcordia Techs., Inc.*,
    590 F. Supp.2d 828, 830 (E.D. Tex. 2008)……………………………………..…...…..5, 6

*Dana v. ES Originals*,
    342 F.3d 1320, 1328 (Fed. Cir. 2003) .............................................................................. 4

*Geoffrion v. Nationstar Mortg. LLC*,
    No. 4:14-CV-00350-ALM, 2016 WL 6678492,  at *1  (E.D. Tex. Oct. 26,2016) ........... 5

*Intellectual Ventures I LLC v. T Mobile USA, Inc., et al.*,
    No. 2:17-cv-00577-JRG, Doc. 372 (E.D. Tex. June 24, 2019) ........................................ 5

*Matterport v. Appliance Computing III*,
    No. 2:22-cv-00669-JHC, Doc. 1 (W.D. Wash.   May 17, 2022) ...................................... 4

*Optis Wireless Technology, LLC, et al. v. Huawei Device USA,  Inc.,  et al.*,
    No. 2:17- cv-00123-JRG, Doc. 422 (E.D. Tex. Apr. 2, 2020) .......................................... 5

*U.S. Bancorp Mortg. v. Bonner Mall P'ship*,
    513 U.S. 18, 27-29 (1994) ........................................................................................... 4, 5

**Statutes**

35 U.S.C. § 102…………………………………………………………..…………………..6
35 U.S.C. § 103…………………………………………………………..…………………..6

Pursuant to the terms of a confidential settlement agreement, plaintiff Appliance Computing d/b/a Surefield ("Surefield" or "Plaintiff") and defendant Redfin Corporation ("Redfin" or "Defendant") agreed Surefield may file an unopposed motion seeking: (1) vacatur of the verdict of patent invalidity, this Court's judgment of patent invalidity and the bill of costs; upon implementation of the above; (2) . On July 28, 2025, this Court entered its Order indicating that if the Federal Circuit remanded this case to consider an unopposed motion for vacatur of the invalidity verdicts and judgment and bill of costs pursuant to the parties' settlement, the Court would grant such a motion. [Doc. 283]. On August 20, 2025, the Federal Circuit remanded this case to this Court for the limited purpose of resolving Surefield's motion for vacatur consistent with this Court's indicative ruling. (Ex. A) Pursuant to Federal Rules of Civil Procedure 60(b) and 41(a)(2), the Plaintiff now submit Surefield's Unopposed Motion to Vacate the Verdict and Judgment of Patent Invalidity and the Bill of Costs.

## I.  SUMMARY

1.      Surefield, Redfin, and Redfin's supplier, Matterport, Inc. ("Matterport"), have reached agreement on primary terms of settlement of this matter and a related matter filed by Matterport pending in the Western District of Washington, Case No. 2:22-cv-00669-JHC (the "Washington Action").

2.      The lawsuit in this Court was heavily contested and resulted in a jury verdict and judgment of invalidity and noninfringement. That verdict and judgment has been appealed by Surefield. The Court has also entered an agreed bill of costs against Surefield. In addition, Redfin's supplier, Matterport, sought a declaration of invalidity and noninfringement of the patents asserted in this case in the Washington Action. As set forth in Surefield's notice of appeal and motions for new trial and judgment as a matter of law, Surefield contends that it has multiple valid grounds for appeal of the verdict and judgment in this case. Redfin disputes that Surefield has valid grounds

for its appeal but has agreed to not oppose this vacatur as part of the settlement agreement.

3.　　　Surefield, Redfin, and Matterport have executed a settlement agreement in this action and the Washington Action, the terms of which contemplate Surefield filing this unopposed motion in this case seeking vacatur of the jury verdict only as it relates to invalidity, the judgment of invalidity and the bill of costs.  On July 28, 2025, this Court entered its Order indicating that if the Federal Circuit remanded this case to consider an unopposed motion for vacatur of the invalidity verdicts and judgment and bill of costs pursuant to the parties' settlement, the Court would grant such a motion. Doc. 283.  On August 20, 2025, the Federal Circuit remanded this case to this Court for the limited purpose of resolving Surefield's motion for vacatur.  (Ex. A.) In order to promote final resolution of this action and the Washington Action, and to promote judicial efficiency, (1) Surefield submits this unopposed motion to vacate the verdict only as to validity and judgment of invalidity of the Asserted Patents and the bill of costs, with each party to bear its own costs, attorneys' fees, and expenses.

## II.　　FACTUAL BACKGROUND

4.　　　On May 11, 2020, Surefield filed its Complaint against Redfin, asserting claims for infringement of U.S. Patent Nos. 10,592,973 (the "'973 patent"); 10,510,111 (the "'111 patent"); 10,102,673 (the "'673 patent"); 9,836,885 (the "'885 patent") (collectively, "Asserted Patents"). Redfin answered on June 25, 2020 and filed an Amended Answer and Counterclaims on July 15, 2020, asserting, among other things, declaratory judgment actions of invalidity of the Asserted Patents.  On May 13, 2021, Redfin filed multiple *inter partes* reviews (IPRs) against the Asserted Patents, all of which were denied institution by the PTAB between November 17 and 23, 2021. This Court held a jury trial on May 9-13 and 16-17, 2022. On May 17, 2022, the jury reached verdicts of noninfringement and invalidity of all of the ten (10) asserted claims but did not address the other 73 unasserted claims of the four Asserted Patents. Doc. 234. On August 14, 2022, the

Court entered judgment on the jury verdicts. Doc. 245. The Parties filed an Agreed Bill of Costs and Motion to Stay on October 3, 2022.  Doc. 264. On February 20, 2025, the Court entered its order denying Surefield's motions for new trial and judgment as a matter of law on invalidity. Doc. 275. On March 18, 2025, Redfin filed its opposed Motion to Supplement Bill of Costs and Amend Taxation of Costs. Doc. 277. Surefield timely filed its Notice of Appeal on March 24, 2025, appealing the Court's denials of Surefield's motions for new trial and judgment as a matter of law. Surefield also noticed appeal of the Court's entry of the jury verdicts based on various issues including, among other things, the Court's claim constructions, jury instructions, and evidentiary rulings. Docs. 278-79.

5.      On May 17, 2022, before the conclusion of the jury trial between Surefield and Redfin, Redfin's supplier, Matterport, filed the Washington Action, asserting declaratory judgment actions of invalidity and noninfringement of the Asserted Patents and U.S. Patent No. 11,062,384 (the "'384 patent") owned by Surefield.  *Matterport v. Appliance Computing III,* No. 2:22-cv-00669-JHC, Doc. 1 (W.D. Wash. May 17, 2022).  On August 18, 2023, the District Court for the Western District of Washington issued its order staying the Washington Action pending resolution of the action currently before this Court. *Id.*, Doc. 25 (Aug. 18, 2023).

## III.   ARGUMENT

6.      Under Rule 60(b) of the Federal Rules of Civil Procedure, a district court may vacate a final judgment, order, or proceeding when "the judgment has been satisfied, released, or discharged," "applying [the judgment] prospectively is no longer equitable" or for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(5) & (6); *U.S. Bancorp Mortg. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994) (district court may vacate judgment under Fed. R. Civ. P. 60(b))[1];

---

[1] When considering a request for vacatur of a judgment or verdict on remand from an appellate court, a district court is not constrained by the exceptional circumstances test. *U.S. Bancorp Mortg.*, 513 U.S. at 29; *see also Dana v. ES Originals*, 342 F.3d 1320, 1328 (Fed. Cir. 2003) (Dyk,

4

*see, e.g., Optis Wireless Technology, LLC, et al. v. Huawei Device USA, Inc., et al.*, No. 2:17- cv-00123-JRG, Doc. 422 (E.D. Tex. Apr. 2, 2020) (vacating final judgment pursuant to settlement) (Ex. B); *Intellectual Ventures I LLC v. T Mobile USA, Inc., et al.*, No. 2:17-cv-00577-JRG, Doc. 372 (E.D. Tex. June 24,  2019) (vacating final judgment in light of settlement) (Ex. C); *Callpod, Inc. v. T Technology, Inc., et al.*, No. 2:11-cv-326, Doc. 150 (E.D. Tex. May 19, 2014) (vacating final judgment) (Ex. D); *Geoffrion v. Nationstar Mortg. LLC*, No. 4:14-CV-00350-ALM, 2016 WL 6678492, at *1 (E.D. Tex. Oct. 26,2016) (vacating jury verdict and final judgment pursuant to settlement) (Ex. E); *Ameranth, Inc. v. Menusoft Systems Corp., et al.*, No. 2:07-cv-271-DF, Doc. 332 (E.D. Tex. Oct. 31, 2011) (indicating that, upon remand from Federal Circuit, court would grant motion to vacate verdicts and judgment following settlement) (Ex. F); *Ameranth, Inc. v. Menusoft Systems Corp., et al.*, No. 2:07-cv-271-RSP, Doc. 355 (E.D. Tex. Feb. 6, 2012) (vacating jury verdicts and Court's entry of judgment) (Ex. G).

7.    In assessing a motion to vacate, a court should consider: (1) the public interest in the orderly operation of the federal judicial system; (2) the parties' desire to avoid any potential preclusive effect; (3) the courts' resources that will be expended if the case (or presumably, related cases) if the case continues; and (4) the parties' interest in conserving their resources. *See Cisco Sys., Inc. v. Telcordia Techs., Inc.*, 590 F. Supp.2d 828, 830 (E.D. Tex. 2008) (*citing  U.S. Bancorp Mortg.*, 513 U.S. 18, 27–29 (1994)). Here, each factor favors granting the request to vacate.

8.    *First*, as in *Cisco*, although "[t]here is a general public interest in final decisions that may guide future action," in this case, there is a pending appeal challenging the determination with multiple viable grounds for appeal. *See Cisco Sys.*, 590 F. Supp. 2d at 830. In addition, "courts have reasoned that settlements and non-appealed [] rulings are not final judgments for collateral

C.J., concurring) (*U.S. Bancorp Mortg.* does not restrict a district court from vacating judgment upon settlement).

estoppel purposes." *Id.* at 831. Because "[i]n this case there has been no final determination on the merits," there is "less reason to give [the verdict] precedential value." *Id.* Moreover, because the parties do not seek vacatur of the judgment of noninfringement, that judgment of the Court will be undisturbed.

9.     Plaintiff has multiple grounds for appeal of the jury verdict and Court's rulings. (Doc. 227). The principal grounds are: (1) that Google Street View operated as a nonpublic system that did not qualify as prior art (*id.* at 2); (2) the "Google Street View" collection of references constituted disparate references that do not qualify as a single reference under 35 U.S.C. Section 102 (*id.* at 6) or combinable under 35 U.S.C. Section 103 (*id.* at 8); and (3) no competent proof of multiple elements was offered (*id.* at 9). There thus remain multiple open issues without final determination.

10.     *Second*, as in *Cisco*, it is the parties' intent that the judgment of invalidity (Doc. 245) shall have no preclusive effect in any other litigation. "The strong public interest in the settlement of this litigation and the conservation of judicial resources" outweigh the prospective benefit of a determination. "The factors of public interest and the parties' desire to avoid any preclusive effect favor granting the vacatur." *Cisco Sys.*, 590 F. Supp. 2d at 831.

11.     *Third*, as in *Cisco*, "the parties would necessarily expend time and money if settlement stalls . . . . The parties have expressed their intent to conserve their resources by engaging in and reaching a settlement. This factor favors granting a vacatur." *Cisco Sys.*, 590 F. Supp. 2d at 832.

12.     *Fourth*, the settlement and requested vacatur significantly preserves the resources of this Court, the Federal Circuit, and other courts. Settlement and vacatur will resolve the pending appeals and obviates further litigation in this Court, upon remand, if any, and in the Washington Action. *Id.* at 831-32.

13.     Surefield, therefore, requests this Court, unopposed by Redfin, to grant its motion to vacate the verdict only as it relates to invalidity and judgment of invalidity of the Asserted Patents and the Bill of Costs.

IV.    **CONCLUSION AND RELIEF REQUESTED**

NOW, THEREFORE, the parties move as follows:

a.    Plaintiff moves, unopposed by Defendant, that (i) the jury verdict of patent invalidity of the asserted claims of U.S. Patent No. 9,836,885, U.S. Patent No. 10,102,673, U.S. Patent No. 910,510,111, and U.S. Patent No. 10,592,973 (Doc. 234); (ii) the Final Judgment of patent invalidity of the asserted claims of U.S. Patent No. 9,836,885, U.S. Patent No. 10,102,673, U.S. Patent No. 910,510,111, and U.S. Patent No. 10,592,973 (Doc. 245); and (iii) the Bill of Costs (Doc. 266), be hereby vacated;

b.    The parties jointly move that (i) all pending motions be hereby dismissed as moot; and (ii) each party bear its own costs, attorneys' fees, and expenses.

Dated: September 15, 2025                    Respectfully submitted,


                                             */s/  Christopher V. Goodpastor*
                                             Andrew G. DiNovo
                                             Texas State Bar No. 00790594
                                             adinovo@dinovoprice.com
                                             Christopher V. Goodpastor
                                             Texas State Bar No. 00791991
                                             cgoodpastor@dinovoprice.com
                                             Adam G. Price
                                             Texas State Bar No. 24027750
                                             aprice@dinovoprice.com
                                             Gregory S. Donahue
                                             Texas State Bar No. 24012539
                                             gdonahue@dinovoprice.com
                                             **DINOVO PRICE LLP**
                                             7000 N. MoPac Expressway, Suite 350
                                             Austin, Texas 78731
                                             Telephone: (512) 539-2626
                                             Facsimile:  (512) 539-2627


                                             Steven W. Fogg (*pro hac vice*)
                                             sfogg@corrcronin.com
                                             Eric A. Lindberg (*pro hac vice*)
                                             elindberg@corrcronin.com
                                             **CORR CRONIN, LLP**
                                             1001 Fourth Avenue, Suite 3900
                                             Seattle, Washington 98154
                                             Telephone: (206) 625-8600


                                             Mark P. Walters (*pro hac vice*)
                                             walters@lowegrahamjones.com
                                             **LOWE GRAHAM JONES, PLLC**
                                             701 Fifth Avenue, Suite 4800
                                             Seattle, Washington 98104
                                             Telephone: (206) 381-3300


                                             **ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF CONFERENCE**

Counsel for Plaintiff and Counsel for Defendant conferred *via* email and telephone, June 24, July 10, and September 3, 2025 regarding the relief requested in the Motion to Vacate Verdict and Judgment of Patent Invalidity and Bill of Costs.  Counsel for Defendant has indicated that Redfin is unopposed to the requested relief.

*/s/ Andrew G. DiNovo*
Andrew G. DiNovo

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2025 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Andrew G. DiNovo*
Andrew G. DiNovo

9